IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., et al.,<br><br>Defendants. | Case No. 17-cv-04165-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 65 |

Before the Court is plaintiff Glass Egg Digital Media Limited's ("Glass Egg") "Motion for Preliminary Injunction," filed January 5, 2018, by which Glass Egg seeks an order enjoining defendant Gameloft, Inc. ("Gameloft USA"), pending resolution of the instant action, from further engaging in the conduct Glass Egg alleges constitutes copyright infringement. Gameloft USA has filed opposition, to which Glass Egg has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for March 9, 2018, and rules as follows.

In the instant action, Glass Egg alleges Gameloft USA markets and sells mobile car racing games from the "Asphalt" game series, which games incorporate 3D digital car models for which Glass Egg claims a copyright. Glass Egg further alleges Gameloft

Iberica S.A.U. ("Gameloft Spain"),[1] which creates the Asphalt games, obtained the subject digital car models by outsourcing their production to a third-party entity, which entity outsourced production to a company owned by a Glass Egg employee, who thereafter covertly recruited additional Glass Egg employees to produce the digital car models.

Based thereon, Glass Egg seeks an order preliminarily enjoining Gameloft USA from marketing or selling the digital car models in the Asphalt game series.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." See Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). A plaintiff is entitled to a preliminary injunction only if he demonstrates that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See id. at 20.

With regard to the second element, a plaintiff must "demonstrate that irreparable injury is *likely*"; a preliminary injunction cannot be issued based "only on a possibility of irreparable harm." See id. at 22 (emphasis in original); see also Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1022 (9th Cir. 2016) (holding "[a] plaintiff must do more than merely allege imminent harm . . . ; a plaintiff must *demonstrate* immediate threatened injury") (emphasis in original). As discussed below, Glass Egg has failed to make the requisite showing.[2]

Glass Egg asserts Gameloft USA's marketing and selling of the digital car models, which, according to Glass Egg, are the product of Glass Egg's employees' "clandestine

---

[1] Gameloft Spain and Gameloft USA are both wholly owned subsidiaries of Gameloft SE.

[2] In light of this finding, the Court does not further consider herein whether Glass Egg has established the other three elements set forth in Winter. See Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 865 (9th Cir. 2017) (holding "preliminary injunction may issue only upon a showing that irreparable injury is likely in the absence of an injunction") (internal quotation and citation omitted).

2

1    activit[ies]" (see Reply at 14:1), has created a "narrative about [Glass Egg's] supposed
2    lax security," thereby "smearing" Glass Egg's "overall reputation" and "undermin[ing]" its
3    "negotiating position" (see id. at 13:11-25). In support thereof, Glass Egg provides in its
4    motion a single citation to the record, namely, a declaration in which Phil Tran ("Tran"), its
5    Chief Executive Officer, states Sébastien Auligny ("Auligny"), the "head of Gameloft
6    Vietnam," told Glass Egg's attorney that Glass Egg was "acting like a 'bad loser.'" (See
7    Declaration of Phil Tran in Support of Plaintiff's Motion for Preliminary Injunction ¶¶ 54,
8    61). Whatever Auligny may have meant by such remark, the opinion of a single
9    individual, indeed, one associated with the opposing party, cannot be said to reflect the
10   opinion of the community at large.

11   Although, Glass Egg, in its reply, includes another citation, in this instance to one
12   paragraph of a supplemental declaration submitted by Tran, such citation likewise is
13   unavailing. That paragraph states in its entirety: "In fact, I understand from colleagues
14   attending the D.I.C.E. Summit in Las Vegas last week, a conference for game industry
15   business leaders, that publishers and developers have already begun to express concern
16   and are now hesitant to outsource work to companies like Glass Egg due to potential
17   security and IP ownership risks." (See Supplemental Declaration of Phil Tran in Support
18   of Plaintiff's Motion for Preliminary Injunction ¶ 74.) Tran's "understanding," absent
19   further elaboration, e.g., what was said, lacks factual support and, consequently, is
20   insufficient to demonstrate the requisite likelihood of irreparable harm. See Boardman,
21   822 F.3d at 1022 (holding "[s]peculative injury does not constitute irreparable injury
22   sufficient to warrant granting a preliminary injunction") (internal quotation and citation
23   omitted).

24   Lastly, as Gameloft USA points out in its opposition, and Glass Egg does not
25   address in its reply, Glass Egg has not explained how the requested injunctive relief
26   would serve to avert any anticipated harm to Glass Egg's reputation or negotiating
27   position. See Winter, 555 U.S. at 22 (holding plaintiff must establish it is "likely to suffer
28   irreparable harm in the absence of preliminary relief") (emphasis added).

## CONCLUSION

For the reasons stated above, plaintiff's motion for preliminary injunctive relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 2, 2018

MAXINE M. CHESNEY
United States District Judge