IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>GAMELOFT, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-04165-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>Re: Dkt. No. 105 |

Before the Court is defendants Gameloft Iberica S.A.U. and Vivendi SA's ("Moving Defendants") motion, filed February 28, 2018, by which the Moving Defendants seek entry of a final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in light of the Court's order of February 12, 2018, dismissing the Moving Defendants for lack of personal jurisdiction. Plaintiff Glass Egg Digital Media Limited ("Glass Egg") has filed opposition. The Moving Defendants have not filed a reply. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for April 6, 2018, and rules as follows.

Generally, in the interest of "prevent[ing] piecemeal appeals," only one final judgment may be entered in a case. See Wood v. GCC Bend, LLC, 422 F.3d 873, 879 (9th Cir. 2005) (internal quotation and citation omitted). A district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," see Fed. R. Civ. P. 54(b), the purpose of such exception being "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case," see Gelboim v. Bank

of Am. Corp., 135 S. Ct. 897, 902 (2015) (internal quotation, citation, and alterations omitted).

Here, as the Moving Defendants point out, "personal jurisdiction over each defendant must be analyzed individually" (see Mot. at 6:12-13 (citing Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989)), and, in that regard, can be characterized as a "separate matter." On the other hand, however, personal jurisdiction over the Moving Defendants was based on alleged derivative liability, and thus the jurisdictional issues are, in this instance, intertwined with the merits of the remaining claims.

Moreover, the Moving Defendants' concerns about the course of the case on a hypothetical appeal have been addressed in large part by Glass Egg's subsequent voluntary dismissal of all claims against them (see Dkt. No. 108), and, even in the absence of such dismissal, require too many levels of speculation to warrant the relief sought.

Accordingly, the Moving Defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 29, 2018

MAXINE M. CHESNEY
United States District Judge