UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GLASS EGG DIGITAL MEDIA,
    Plaintiff,
v.
GAMELOFT, INC., *et al.*,
    Defendants.

Case No. 17-cv-04165-MMC (RMI)

**ORDER**

Re: Dkt. Nos. 165, 168

Currently pending before the court are two jointly filed discovery letter briefs: the first (dkt. 165) ("Discovery Motion"), sets forth a discovery dispute between Plaintiff and Defendant Gameloft SE ("GLSE") regarding jurisdictional discovery; the second (dkt. 168) ("Motion to Quash"), sets forth a dispute where both remaining Defendants, Gameloft, Inc. ("GLI") as well as GLSE, move to quash or limit a number of subpoenas served on third parties by Plaintiffs.

As to the Discovery Motion, the Parties appear to have left no stone unturned in seeking out things about which to disagree. The Parties' dispute about the permissible scope of jurisdictional discovery has somehow morphed to include disputes about which judge should decide the matter; and, there is even disagreement about who would be the moving party. *See Discovery Mtn.* (dkt. 165) at 1. The only thing on which the parties seem to agree is the unanimous request for briefing and a hearing. In short, an otherwise simple matter appears to have become unnecessarily convoluted. The matter can be re-simplified by noting two facts. First, on February 6, 2018, Judge Chesney entered an order providing that "all further discovery matters" be referred to the undersigned (dkt. 92). Second, on February 12, 2018, Judge Chesney entered an order stating that because Plaintiff had failed to make a prima facie showing that GLSE's contacts with

California were sufficient to establish specific jurisdiction, the court would grant Plaintiff leave to conduct "jurisdictional discovery pertaining to (a) the size of Gameloft SE's business in California and (b) the identity of the Gameloft entity/entities that operate(s) the website accessible to website users within California." *Order* (dkt. 94) at 2. Thus, Judge Chesney established the scope of jurisdictional discovery, and referred to the undersigned any discovery disputes that may arise. The Discovery Motion presents such a dispute; accordingly, the matter is properly before the undersigned.

The parties are directed as follows: Plaintiff is ORDERED to file a brief, no later than Monday, April 29, 2019, enumerating each item of discovery sought and explaining (and, if need be, evidencing) how that item falls under one of the two categories of permissible jurisdictional discovery established by Judge Chesney's written order. Defendant GLSE is ORDERED to file a responsive brief, no later than Monday, May 6, 2019, explaining (and, if need be, evidencing) why any item of challenged discovery does not fall under either of the categories established by Judge Chesney's written order. No reply or sur-reply briefs will be accepted. Following the parties' submissions, the court will determine if a hearing is warranted.

Further, as to the Motion to Quash Plaintiff's third-party subpoenas, the court will defer ruling on those issues until after the resolution of the issues presented in the Motion for Discovery. In the meantime, compliance with Plaintiff's subpoenas is STAYED.

**IT IS SO ORDERED.**

Dated: April 15, 2019

_____
ROBERT M. ILLMAN
United States Magistrate Judge