UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA,<br>Plaintiff,<br>v.<br>GAMELOFT, INC., et al.,<br>Defendants. | Case No. 17-cv-04165-MMC (RMI)<br><br>**ORDER**<br>Re: Dkt. Nos. 165, 171, 172 |

On February 12, 2018, Judge Chesney entered an order (dkt. 94) granting Plaintiff leave to take limited jurisdictional discovery as to "the size of Gameloft SE's business in California and [] the identity of Gameloft entity/entities that operate(s) the website accessible to website users within California." Recently, the Parties attempted to present a discovery dispute, arising under Judge Chesney's Order, by way of a jointly-submitted letter brief (dkt. 165). Prior to the filing of the letter brief, Plaintiff propounded a large number of discovery requests, and in the course of the Parties' subsequent discussions, differences began to emerge as to what might constitute a reasonable interpretation of some of the terms of Judge Chesney's written order. The Parties appear to have become so engulfed in their interpretive dispute that the specific discovery requests at issue were never enumerated in the letter brief by either party. The portion of the April 4, 2019, letter brief authored by Plaintiff begins with a series of statements that appear to complain, in general terms, about "negative character insinuations" and "misrepresentation of the record" – and, while Plaintiff does eventually get around to mentioning that "[a]fter failed negotiations, this dispute is now ripe," Plaintiff's portion of the letter never enumerates what specific items of discovery, to which Plaintiff can argue that it is entitled, have been objected-to or withheld.

Instead, Plaintiff's portion of the letter – essentially a motion to compel discovery – only argues in general terms about what should have been, or perhaps what should be, the overall scope of jurisdictional discovery under *Mavrix v. Brand Technologies*, 647 F.3d 1218 (9th Cir. 2011) (an appeal that did not involve any issues regarding discovery). In short, without specifying what items of discovery have been requested and rejected, Plaintiff's portion of the letter only communicated general arguments as to why Plaintiff should be entitled to whatever has been requested. *See Joint Letter Br.* (dkt. 165) at 4-6. Then, adding a measure of confusion to the existing lack of clarity, the portion of the letter authored by GLSE provided that "Plaintiff [had] served GLSE with 410 written discovery requests . . . and a Rule 30(b)(6) deposition notice on 25 topics," and that that GLSE had "objected to many of the discovery requests . . . [and] that it had located and would produce certain [other] documents subject to a Stipulated Protective Order." *Id*. at 2. However, it remained unclear which, if any, items remained the subject of this dispute as the remainder of GLSE's portion of the joint letter was focused on addressing various general points raised by Plaintiff – none of which shed any light on exactly what items of discovery are in dispute and for what specific reason.

On April 15, 2019, the court ordered (dkt. 169) the Parties to remedy this defect and to file individual briefs enumerating the specific items in dispute. Plaintiff's brief was almost entirely nonresponsive to the court's order – instead Plaintiff undertook to recast the entire matter as involving three "issues to be decided: (1) What is the proper test for specific jurisdiction and how does this impact the scope of jurisdictional discovery? (2) Guided by the proper test for specific jurisdiction, what is the permissible scope of jurisdictional discovery to establish specific jurisdiction as allowed by Judge Chesney? (3) Can limitations on jurisdictional discovery that overlap with claims and defenses act as a bar to evidence that is also related to claims and defenses?" *Pl.'s Br.* (dkt. 171) at 4. Thereafter, having formulated three questions of its own design, Plaintiff proceeds to argue that these questions should be resolved in its favor and that for those reasons, the voluminous list of propounded discovery requests (filed as a chart constituting a 20-page Appendix) should be categorically allowed by this court. *Id*. at 5-19; *see also App'x* (dkt. 171-19) at 1-20. Nowhere to be found in Plaintiff's brief, however, is any mention of which of the

2

global list of several hundred items found in Plaintiff's Appendix have been resolved, have already been produced, were unable to be located, or (as to requests for admission) have already been admitted or denied. In essence, Plaintiff has filed a several-hundred-item list of discovery requests, expecting the court to ferret out which ones remain the subjects of an active dispute, and then to accept (or reject) Plaintiff's categorical arguments and to render one or more categorical holdings.

Defendant GLSE's brief, while slightly more responsive to the court's order for an enumeration, still appears to have followed a similar path – namely, a thematic rather than consecutive or numeric presentation of the subjects of the discovery dispute, attended by a 695-page attachment, in the middle of which are GLSE's original responses to Plaintiff's several-hundred requested items. *See Def.'s Br.* (dkt. 172), *see also Exh.* (dkt. 172-1) at 104-555. Defendant GLSE's overarching argument is that many of Plaintiff's discovery demands exceed the scope of Judge Chesney's order, such as those falling under topics relating to the size of GLSE's business in California, its sales and revenue, as well as a number of other categorizations. *Def.'s Br.* (dkt. 172) at 6-22. Inserted into the middle of its arguments about why certain categories of Plaintiff's discovery requests fall outside the scope of Judge Chesney's order, Defendant GLSE also notes that "Plaintiff fails to acknowledge that certain discovery requests are moot." *Id*. at 11-12, 13-14 (listing 19 individual requests for production); *see also id.* at 21 (listing 1 individual request for production). GLSE also noted that it had responded to two requests for admission (*id*. at 16, 19), that it had been unable to locate any documents that would be responsive to another 12 individual requests for production (*id*. at 16-18), and that it would produce documents that are responsive to another 3 individual requests for production (*id*. at 20).

Thus, the combination of the briefing filed by Plaintiff and by Defendant GLSE leaves the court with the task of having to parse through thematically-arranged briefs to determine which requests for discovery may no longer be the subject of an active dispute, and then to compare the numerically-arranged discovery demands and responses found in the Parties' attachments and exhibits to briefs that are organized differently in order to fish for each Party's argument as to each item of requested and rejected discovery.

Accordingly, the Parties are ORDERED to meet and confer **in person** forthwith in a good faith effort to resolve, or at least refine, the issues currently in dispute. The Parties are FURTHER ORDERED to jointly file a letter brief, on or before Friday, May 24, 2019. The letter brief shall strictly adhere to the following form. First, Defendant GLSE will produce a numbered list of any requested discovery items that are moot, that were unable to be found, that do not exist, or that have been or will be produced – each item of which shall be coupled with a 1-sentence explanation to that effect. Second, Plaintiff will follow with a numbered list of any *other* requested discovery items coupled with a 1-sentence explanation for why such discovery was encompassed by Judge Chesney's order. Third, Defendant GLSE will follow with a matching numbered list where each rejected item is coupled with a 1-sentence explanation for why the request was not encompassed by Judge Chesney's order.

**IT IS SO ORDERED.**

Dated: May 10, 2019

ROBERT M. ILLMAN
United States Magistrate Judge