IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLASS EGG DIGITAL MEDIA,

    Plaintiff,

    v.

GAMELOFT, INC., et al.,

    Defendants.

Case No. 17-cv-04165-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RELIEF FROM DISCOVERY ORDER; DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DISCOVERY ORDER**

Re: Dkt. Nos. 184, 185

Before the Court are (1) plaintiff Glass Egg Digital Media's ("Glass Egg") "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge" and (2) defendant Gameloft SE's ("GLSE") "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge," both filed July 2, 2019, and by which the parties submit their respective objections to the Discovery Order filed June 17, 2019, by Magistrate Judge Robert Illman. A Response to each said motion has been filed.[1]

As Judge Illman points out, the instant dispute concerns "the scope of permissible jurisdictional discovery under [this Court's] Order of February 12, 2018" ("February 12 Order") (see Disc. Order at 1:23-25), in which Glass Egg was granted leave to conduct discovery "pertaining to (a) the size of Gameloft SE's business in California and (b) the identity of the Gameloft entity/entities that operate(s) the website accessible to website users within California" (see February 12 Order at 2:1-3). In particular, the parties'

---

[1] GLSE's "Administrative Motion," filed July 18, 2019, "for Leave to File Reply" is hereby DENIED, as the factual assertions GLSE seeks to rebut are not relevant to the issue underlying the instant dispute, namely, as set forth below, the meaning of "size" as used in this Court's February 12 Order.

dispute centers on the definition of "size" as used in said order.

Regrettably, the parties did not return to this Court for clarification, thereby imposing on Judge Illman the unenviable burden of having to rule on close to 400 disputed requests for discovery.

Given the considerable time and effort Judge Illman expended in resolving those matters, it is tempting to accept his reasonable determination that the word "size" coupled with the word "business" has a "common understanding." (See Disc. Order at 4:17-18.) In this instance, however, the Court's intention was not to use such phrase in quite as broad a manner as it might otherwise be used, and, consequently, the Court rules as follows.[2]

The February 12 Order was issued following the hearing conducted February 9, 2018, on GLSE's motion to dismiss for lack of personal jurisdiction. During that hearing, the Court granted "limited" jurisdictional discovery (see Hr'g Tr. at 24:11) and Glass Egg proposed the now-disputed term, "the size of [GLSE's] business in California" (see id. 47:1), which the Court accepted, and to which GLSE made no objection. At the time of said ruling, the Court had in mind the test for specific jurisdiction commonly applied to claims sounding in tort, specifically, whether a defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state," see Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015) (internal quotation and citation omitted), the key factor here being whether GLSE, by operating its interactive website containing the allegedly infringing car models, directly targeted California residents.

With that understanding, the Court finds the discovery requests seeking information as to the revenue GLSE received from the use of its website by California

---

[2] Although, ordinarily, a district court may "reconsider [a nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," see 28 U.S.C. § 636(b)(1)(A), given the nature of the dispute presented here, the Court finds such standard inapplicable.

2

residents and from entities who directed their advertisements on GLSE's website to California residents, namely, the discovery requests contained in List Nos. (4) through (8), (14) through (18), (67) through (72),[3] (76), (179), (225), (268), (343), (344), (357), (362), (373), (375), and (383) through (385), fall within the scope of the February 12 Order, and that the remaining disputed requests do not fall within the scope of said order, as they seek information concerning revenue sources and activities that, regardless of their location, are unrelated to the allegedly infringing conduct.

Accordingly, for the reasons stated above:

1. To the extent GLSE seeks modification of the Discovery Order as to the discovery requests contained in List Nos. (12), (19), (73) through (75), (79) through (82), (206) through (222), (227), (228), (239), (241), (243), (244), (267), (269), (270), (276), (278), (347), (349), (353), (355), (367), (370), and (376) through (380), GLSE's Motion for Relief is hereby GRANTED and said discovery requests are DISALLOWED; in all other respects, GLSE's Motion for Relief is hereby DENIED.

2. Glass Egg's Motion for Relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 18, 2019

MAXINE M. CHESNEY
United States District Judge

---

[3] In GLSE's motion, as Glass Egg points out, Judge Illman's rulings as to discovery requests (67) through (72) are not listed as challenged, but are so listed in GLSE's proposed order.

3