# EXHIBIT 1

KYZEN LAW PC
Q. Huy Do (State Bar No. 184462)
1390 Market Street, Suite 200
San Francisco, California 94102
Tel.: 415-991-1881
Fax: 415-406-1881
Email: huy@kyzenlaw.com

Attorneys for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., a Delaware Corporation. GAMELOFT SE, a France Corporation. GAMELOFT IBÉRICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20<br><br>Defendants. | **Case Number: 3:17-cv-04165 MMC [RMI]**<br><br>**GLASS EGG DIGITAL MEDIA LIMITED'S [CORRECTED] FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT GAMELOFT, INC.**<br><br>**[SET ONE]** |

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO.: One

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 AND 36, and Civil Local Rule 36, Plaintiff Glass Egg Digital Media Limited ("Glass Egg") requests that Defendant Gameloft, Inc. ("GLI") respond in writing to the following Requests for Admissions ("RFA") within 30 days of the date of service of this Request.

Pursuant to ND CA Rule 36-1, the RFA must be quoted in full before the response. As required by FRCP 36(a)(3), a response consists of either an objection or an answer to the particular RFA. Defined by FRCP 36(a)(3) and (4), an answer must consist of one of the following: an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter. Further definitions and instructions are noted below.

**DEFINITIONS AND INSTRUCTIONS**

In complying with this Request, Responding Party is to comply with the following definitions and instructions:

1. The terms "GLASS EGG", "GE", "GEDM", and "PLAINTIFF" are interchangeable terms and shall be construed to mean the plaintiff Glass Egg Digital Media Limited, its agents, employees, or other persons acting or purporting to act on its behalf.

2. The terms "GLI", "GAMELOFT, INC.", "DEFENDANT GLI", and "DEFENDANT GAMELOFT, INC." shall be construed to mean the Defendant Gameloft, Inc., its agents, employees, or other persons acting, or purporting to act on its behalf.

3. The terms "GL France" shall be construed to mean the Defendant Gameloft SE, its agents, employees, or other persons acting, or purporting to act on its behalf.

4. The terms "GL Spain" shall be construed to mean Gameloft Iberica

SAU, its agents, employees, or other persons acting, or purporting to act on its behalf.

5. The terms "YOU" and "YOUR" shall be construed to mean the Responding Party, its agents, employees, or other persons acting or purporting to act on its behalf.

6. The term "UNQUALIFIED STUDIOS" shall be construed to mean Alive Interactive Media Vietnam ("AIMV"), Alive Interactive Media Ltd. ("AIML"), Sang Tao Interactive LLC ("Sang Tao"), and/or Hung Thinh 3D ("HT3D").

7. The term "IN-GAME ASSETS" shall be construed to mean the list of 47 Asphalt 3D cars listed in paragraph 220 of the Second Amended Complaint ("SAC").

8. The term "DUE DILIGENCE" shall be construed to mean the process as described in paragraphs 68-72 of the SAC.

9. The use of the singular herein shall be deemed to include the plural.

10. The use of one gender shall be deemed to include both genders and/or the neutral equivalent.

11. As required by FRCP 36(a)(4), where the Responding Party makes an objection, the grounds for objecting to a request must be stated.

12. As required by FRCP 36(a)(4), if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.

13. As required by FRCP 36(a)(4), a denial must fairly respond to the substance of the matter and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

14. As required by FRCP 36(a)(4), where the Responding Party makes a "qualified denial", it must set forth in detail the reasons why it cannot truthfully deny the matter.

15. As required by FRCP 36(a)(4), where the Responding Party claims inability, or lack of sufficient information, to admit or deny the matter, it must also state that it has made "reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

16. This Requests for Admission – Set One is continuing. As required by FRCP 26(e), if after responding, YOU become aware of any further responsive ADMISSIONS, YOU are required to disclose to PLAINTIFF such additional ADMISSIONS.

NOTICE IS HEREBY GIVEN that the propounding party at the time of trial will move the Court for an order excluding from evidence all tangible and intangible items falling within the scope of this Request that were not disclosed or identified in YOUR response thereto.

**REQUESTS FOR ADMISSIONS**

1. Admit that Defendant GL USA is a corporation organized and existing under the laws of the State of Delaware.

2. Admit that since its incorporation, Defendant GL USA has not maintained any operating offices with employees in Delaware.

3. Admit that Defendant GL USA registered as a foreign corporation in California with offices located at 220 Sansome Street, 8th Floor, San Francisco, California, 94104.

4. Admit that Defendant GL USA was incorporated on March 3, 2000.

5. Admit that Defendant GL USA is a wholly owned subsidiary of GL France.

6. Admit that since its incorporation all of Defendant GL USA's shares are owned by GL France.

7. Admit that GL USA uses the same corporate logo as GL France.

8. Admit that GL USA operates www.gameloft.com ("Website").

9. Admit that content on the Website is owned by GL France.

10. Admit that GL France is the publisher of the content on the Website.

11. Admit that GL USA cannot publish content unauthorized by GL France.

12. Admit that GL USA publishes content unauthorized by GL France.

13. Admit that GL France has the authority to require GL USA to remove content from the Website.

14. Admit that GL USA must remove content from the Website requested by GL France.

15. Admit that GL France has the authority to require GL USA to publish content on the Website.

16. Admit that GL France does not have the authority to require GL USA to publish content on the Website.

17. Admit that GL USA must publish content on the Website requested by GL France.

18. Admit that GL France controls what content is published on the Website.

19. Admit that GL USA discusses with GL France regarding the functionalities of the Website.

20. Admit that GL USA cannot enable functionalities unauthorized by GL France.

21. Admit that GL France has the authority to require GL USA to remove

functionalities from the Website.

22. Admit that GL France does not have the authority to require GL USA to remove functionalities from the Website.

23. Admit that GL France has the authority to require GL USA to disable functionalities from the Website.

24. Admit that GL France does not have the authority to require GL USA to disable functionalities from the Website.

25. Admit that GL USA must remove functionalities from the Website requested by GL France.

26. Admit that GL USA must disable functionalities from the Website requested by GL France.

27. Admit that GL France has the authority to require GL USA to enable functionalities on the Website.

28. Admit that GL France does not have the authority to require GL USA to enable functionalities on the Website.

29. Admit that GL USA must enable functionalities on the Website requested by GL France.

30. Admit that GL France controls what functionality is enabled on the Website.

31. Admit that the server for the English language version of the Website is controlled by GL France.

32. Admit that GL France has the authority to access the server for the Website.

33. Admit that GL France does not have the authority to access the server for the Website.

34. Admit that GL France has the authority to shut down the server for

the Website.

35. Admit that GL France does not have the authority to shut down the server for the Website.

36. Admit that GL France has the administrative authority (e.g., designate who can publish or delete content, who can enable, disable or remove functionalities) over the Website.

37. Admit that GL France does not have the administrative authority (e.g., designate who can publish or delete content, who can enable, disable or remove functionalities) over the Website.

38. Admit that the Website's content is ultimately controlled by a GL France employee.

39. Admit that the Website's functionality is ultimately controlled by a GL France employee.

40. Admit that GL USA works with GL France to help grow awareness of Gameloft in the gaming industry.

41. Admit that GL USA works with GL France to help grow awareness of the Asphalt games in the USA.

42. Admit that GL USA works with GL Spain to help grow awareness of the Asphalt games in the USA.

43. Admit that GL USA works with GL France to help grow awareness of Gameloft in the digital advertising industry.

44. Admit that GL USA works with GL Spain to help grow awareness of Gameloft in the digital advertising industry.

45. Admit that GL USA entered into a service agreement with GL France.

46. Admit that, through this service agreement, GL France directs marketing activities for the US.

47. Admit that, through this service agreement, GL France oversees the sales activities for the US.

48. Admit that GL USA is the distributor responsible for the sales and marketing of the Asphalt games for GL France.

49. Admit that GL Spain is the studio responsible for developing the Asphalt games.

50. Admit that mobile game development by GL USA is managed by the Development Department based in France.

51. Admit that mobile game marketing teams by GL USA is managed by the Sales and Marketing department based in France.

52. Admit that GL USA cannot enter into any game distribution agreements without the approval of GL France.

53. Admit that all partnership agreements in the USA are approved by the Sales and Marketing department located in France.

54. Admit that GL France designated GL USA as the subsidiary responsible for marketing the Asphalt games in USA.

55. Admit that GL France designated GL USA as the subsidiary responsible for promoting the Asphalt games in the USA.

56. Admit GL France designated GL USA as the subsidiary responsible for distributing the Asphalt games in the USA.

57. Admit GL France designated GL USA as the subsidiary responsible for selling the Asphalt games in the USA.

58. Admit that the Asphalt games is used to promote other games.

59. Admit that the success of the Asphalt games is used to promote the sale of in-game advertising.

60. Admit that GL France designated Defendant GL USA as the

subsidiary responsible for providing customer support for the Asphalt games in the USA.

61. Admit that UNQUALIFIED STUDIOS were contracted to produce the In-Game Assets.

62. Admit that the In-Game Assets were incorporated into one or more the Asphalt games.

63. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ariel Nomad.

64. Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin DB11.

65. Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin DB9.

66. Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin One 77.

67. Admit that the following digital car model was incorporated into one or more the Asphalt games: BMW Z4 e 89.

68. Admit that the following digital car model was incorporated into one or more the Asphalt games: Cadillac Cien Concept 2002.

69. Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro 2016.

70. Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro LT 2.0L Turbo 2016.

71. Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro z11 50th Edition.

72. Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro Z06.

73. Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Silverado 2500 HD.

74. Admit that the following digital car model was incorporated into one or more the Asphalt games: Citroen DS E-Tense.

75. Admit that the following digital car model was incorporated into one or more the Asphalt games: Dodge Ram 1500 Rebel.

76. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ferrari 488 GTB.

77. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ferrari fxxk 2014.

78. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Fiesta ST GRC.

79. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Mustang 2015.

80. Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Ranger Dakar.

81. Admit that the following digital car model was incorporated into one or more the Asphalt games: Holden Coupe 60.

82. Admit that the following digital car model was incorporated into one or more the Asphalt games: Honda NSX 2017.

83. Admit that the following digital car model was incorporated into one or more the Asphalt games: Jaguar F Type SVR Coupe 2017.

84. Admit that the following digital car model was incorporated into one or more the Asphalt games: Jeep Wrangler Rubicon.

85. Admit that the following digital car model was incorporated into one or more the Asphalt games: Koenigsegg Regera 2016.

86. Admit that the following digital car model was incorporated into one or more the Asphalt games: Koenigsegg Agera R.

87. Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini Aventador lp750-4 Supervolece.

88. Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini Egotista.

89. Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini_Centenaro.

90. Admit that the following digital car model was incorporated into one or more the Asphalt games: Land Rover.

91. Admit that the following digital car model was incorporated into one or more the Asphalt games: Lotus Evora 410 Sport.

92. Admit that the following digital car model was incorporated into one or more the Asphalt games: Man TGX D38.

93. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mazzanti Evantra.

94. Admit that the following digital car model was incorporated into one or more the Asphalt games: McLaren 675LT 2015.

95. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz G500.

96. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz AMG GT 2016.

97. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz AMG S2016.

98. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Unimog U 4023.

99. Admit that the following digital car model was incorporated into one or more the Asphalt games: Mosler GT3.

100. Admit that the following digital car model was incorporated into one or more the Asphalt games: Perlini 105F Red Tiger.

101. Admit that the following digital car model was incorporated into one or more the Asphalt games: Peugeot 208 T16 WRC.

102. Admit that the following digital car model was incorporated into one or more the Asphalt games: Polaris RZR 1000.

103. Admit that the following digital car model was incorporated into one or more the Asphalt games: Polo WRC.

104. Admit that the following digital car model was incorporated into one or more the Asphalt games: Predator X-18 Intimidator.

105. Admit that the following digital car model was incorporated into one or more the Asphalt games: SMG Buggy Dakar.

106. Admit that the following digital car model was incorporated into one or more the Asphalt games: Trion Nemesis.

107. Admit that the following digital car model was incorporated into one or more the Asphalt games: Volkswagen_XL_Sport_Concept_2016.

108. Admit that the following digital car model was incorporated into one or more the Asphalt games: VW Beetle GRC.

109. Admit that the following digital car model was incorporated into one or more the Asphalt games: VW Polo WRC.

110. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ariel Nomad.

111. Admit that players associated with California by residence, presence

or IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin DB11.

112. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin DB9.

113. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin One 77.

114. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): BMW Z4 e 89.

115. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Cadillac Cien Concept 2002.

116. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro 2016.

117. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro LT 2.0L Turbo 2016.

118. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro z11 50th Edition.

119. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro Z06.

120. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Silverado 2500 HD.

121. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Citroen DS E-Tense.

122. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Dodge Ram 1500 Rebel.

123. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ferrari 488 GTB.

124. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ferrari fxxk 2014.

125. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Fiesta ST GRC.

126. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Mustang 2015.

127. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Ranger Dakar.

128. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated

accessories): Holden Coupe 60.

129. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Honda NSX 2017.

130. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Jaguar F Type SVR Coupe 2017.

131. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Jeep Wrangler Rubicon.

132. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Koenigsegg Regera 2016.

133. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Koenigsegg Agera R.

134. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini Aventador lp750-4 Supervolece.

135. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini Egotista.

136. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini_Centenaro.

137. Admit that players associated with California by residence, presence

or IP address, downloaded the following digital car model (and/or associated accessories): Land Rover.

138. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lotus Evora 410 Sport.

139. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Man TGX D38.

140. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mazzanti Evantra.

141. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): McLaren 675LT 2015.

142. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz G500.

143. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz AMG GT 2016.

144. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz AMG S2016.

145. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Unimog U 4023.

146. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mosler GT3.

147. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Perlini 105F Red Tiger.

148. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Peugeot 208 T16 WRC.

149. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Polaris RZR 1000.

150. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Polo WRC.

151. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Predator X-18 Intimidator.

152. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): SMG Buggy Dakar.

153. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Trion Nemesis.

154. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated

accessories): Volkswagen_XL_Sport_Concept_2016.

155. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): VW Beetle GRC.

156. Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): VW Polo WRC.

157. Admit that players associated with California by residence, presence or IP address, paid a fee to download the In-Game Assets.

158. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ariel Nomad.

159. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin DB11.

160. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin DB9.

161. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin One 77.

162. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): BMW Z4 e 89.

163. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car

model (and/or associated accessories): Cadillac Cien Concept 2002.

164. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro 2016.

165. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro LT 2.0L Turbo 2016.

166. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro z11 50th Edition.

167. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro Z06.

168. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Silverado 2500 HD.

169. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Citroen DS E-Tense.

170. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Dodge Ram 1500 Rebel.

171. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ferrari 488 GTB.

172. Admit that players associated with California by residence, presence

or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ferrari fxxk 2014.

173. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Fiesta ST GRC.

174. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Mustang 2015.

175. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Ranger Dakar.

176. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Holden Coupe 60.

177. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Honda NSX 2017.

178. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Jaguar F Type SVR Coupe 2017.

179. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Jeep Wrangler Rubicon.

180. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Koenigsegg Regera 2016.

181. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Koenigsegg Agera R.

182. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini Aventador lp750-4 Supervolece.

183. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini Egotista.

184. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini_Centenaro.

185. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Land Rover.

186. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lotus Evora 410 Sport.

187. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Man TGX D38.

188. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mazzanti Evantra.

189. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car

model (and/or associated accessories): McLaren 675LT 2015.

190. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz G500.

191. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz AMG GT 2016.

192. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz AMG S2016.

193. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Unimog U 4023.

194. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mosler GT3.

195. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Perlini 105F Red Tiger.

196. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Peugeot 208 T16 WRC.

197. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Polaris RZR 1000.

198. Admit that players associated with California by residence, presence

or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Polo WRC.

199. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Predator X-18 Intimidator.

200. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): SMG Buggy Dakar.

201. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Trion Nemesis.

202. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Volkswagen_XL_Sport_Concept_2016.

203. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): VW Beetle GRC.

204. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): VW Polo WRC.

205. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the Asphalt games.

206. Admit that players associated with California by residence, presence or IP address, generated the most revenue in the USA through the purchase of digital assets sold in the Asphalt games.

207. Admit that players associated with California by residence, presence

or IP address, generated the most revenue in the USA through the sale of in-game ads sold in the Asphalt games.

208. Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car models in the aggregate:

Ariel Nomad
Aston Martin DB11
Aston Martin DB9
Aston Martin One 77
BMW Z4 e 89
Cadillac Cien Concept 2002
Chevrolet Camaro 2016
Chevrolet Camaro LT 2.0L Turbo 2016
Chevrolet Camaro z11 50th Edition
Chevrolet Camaro Z06
Chevrolet Silverado 2500 HD
Citroen DS E-Tense
Dodge Ram 1500 Rebel
Ferrari 488 GTB
Ferrari fxxk 2014
Ford Fiesta ST GRC
Ford Mustang 2015
Ford Ranger Dakar
Holden Coupe 60
Honda NSX 2017
Jaguar F Type SVR Coupe 2017
Jeep Wrangler Rubicon
Koenigsegg Regera 2016
Koenigsegg Agera R
Lamborghini Aventador lp750-4 Supervolece
Lamborghini Egotista
Lamborghini_Centenaro
Land Rover
Lotus Evora 410 Sport
Man TGX D38
Mazzanti Evantra
McLaren 675LT 2015
Mercedes Benz G500
Mercedes Benz AMG GT 2016
Mercedes Benz AMG S2016
Mercedes Unimog U 4023
Mosler GT3
Perlini 105F Red Tiger
Peugeot 208 T16 WRC
Polaris RZR 1000
Polo WRC

Predator X-18 Intimidator
SMG Buggy Dakar
Trion Nemesis
Volkswagen_XL_Sport_Concept_2016
VW Beetle GRC
VW Polo WRC

209. Admit that Defendant GL USA markets in-game advertising in the Asphalt games to advertisers.

210. Admit that Defendant GL USA sold advertising space to advertisers for ads to appear in the Asphalt games.

211. Admit that the following company targeted players associated with California by residence, presence or IP address: AirBerlin or the legal entity that owns this brand.

212. Admit that the following company targeted players associated with California by residence, presence or IP address: Alienware or the legal entity that owns this brand.

213. Admit that the following company targeted players associated with California by residence, presence or IP address: Centennial College or the legal entity that owns this brand.

214. Admit that the following company targeted players associated with California by residence, presence or IP address: Chiquita or the legal entity that owns this brand.

215. Admit that the following company targeted players associated with California by residence, presence or IP address: Lego or the legal entity that owns this brand.

216. Admit that the following company targeted players associated with California by residence, presence or IP address: Kellogg or the legal entity that owns this brand.

217. Admit that the following company targeted players associated with California by residence, presence or IP address: Simple Mobile or the legal entity that owns this brand.

218. Admit that the following company targeted players associated with California by residence, presence or IP address: Hasbro or the legal entity that owns this brand.

219. Admit that the following company targeted players associated with California by residence, presence or IP address: Infiniti or the legal entity that owns this brand.

220. Admit that the following company targeted players associated with California by residence, presence or IP address: Warner Bros. or the legal entity that owns this brand.

221. Admit that the following company targeted players associated with California by residence, presence or IP address: Gillette or the legal entity that owns this brand.

222. Admit that the following company targeted players associated with California by residence, presence or IP address: Mercedes Benz or the legal entity that owns this brand.

223. Admit that the following company targeted players associated with California by residence, presence or IP address: Disney or the legal entity that owns this brand.

224. Admit that the following company targeted players associated with California by residence, presence or IP address: Huawei or the legal entity that owns this brand.

225. Admit that the following company targeted players associated with California by residence, presence or IP address: Mondelez International or the legal

entity that owns this brand.

226. Admit that the following company targeted players associated with California by residence, presence or IP address: Twentieth Century Fox or the legal entity that owns this brand.

227. Admit that the following company targeted players associated with California by residence, presence or IP address: LG or the legal entity that owns this brand.

228. Admit that the following company targeted players associated with California by residence, presence or IP address: Close Up or the legal entity that owns this brand.

229. Admit that the following company targeted players associated with California by residence, presence or IP address: Ferrari or the legal entity that owns this brand.

230. Admit that the following company targeted players associated with California by residence, presence or IP address: Turkcell or the legal entity that owns this brand.

231. Admit that the following company targeted players associated with California by residence, presence or IP address: Xbox or the legal entity that owns this brand.

232. Admit that the following company targeted players associated with California by residence, presence or IP address: Coca Cola or the legal entity that owns this brand.

233. Admit that the following company targeted players associated with California by residence, presence or IP address: McDonalds or the legal entity that owns this brand.

234. Admit that the following company targeted players associated with

California by residence, presence or IP address: Netflix or the legal entity that owns this brand.

235. Admit that players associated with California by residence, presence or IP address generated the most purchase of in-game assets from the Asphalt games.

236. Admit that advertisers registered to do business in California generated the most in-game ad revenue from the Asphalt games.

237. Admit that the partnership with the following company generated revenue from California: DoubleClick or the legal entity that owns this brand.

238. Admit that the partnership with the following company generated revenue from California: Sizmek or the legal entity that owns this brand.

239. Admit that the partnership with the following company generated revenue from California: AppsFlyer or the legal entity that owns this brand.

240. Admit that the partnership with the following company generated revenue from California: Kochava or the legal entity that owns this brand.

241. Admit that the partnership with the following company generated revenue from California: AdRiver or the legal entity that owns this brand.

242. Admit that the partnership with the following company generated revenue from California: Adjust or the legal entity that owns this brand.

243. Admit that the partnership with the following company generated revenue from California: Predicta or the legal entity that owns this brand.

244. Admit that the partnership with the following company generated revenue from California: S4M or the legal entity that owns this brand.

245. Admit that the partnership with the following company generated revenue from California: Vindico or the legal entity that owns this brand.

246. Admit that the partnership with the following company generated revenue from California: adMotion or the legal entity that owns this brand.

247. Admit that the partnership with the following company generated revenue from California: Atlas by Facebook or the legal entity that owns this brand.

248. Admit that the partnership with the following company generated revenue: Barometric or the legal entity that owns this brand.

249. Admit that the partnership with the following company generated revenue from California: Innovid or the legal entity that owns this brand.

250. Admit that the partnership with the following company generated revenue from California: Reamp or the legal entity that owns this brand.

251. Admit that the partnership with the following company generated revenue from California: Moat or the legal entity that owns this brand.

252. Admit that the partnership with the following company generated revenue from California: Placed or the legal entity that owns this brand.

253. Admit that the global Sales and Marketing department is based in France.

254. Admit that GL USA sends a weekly account of its sales activity such as new contacts, report of customer meetings, etc. to the global Sales and Marketing department in France.

255. Admit that GL USA sends a weekly account of its marketing activity such as new contacts, report of customer meetings, etc. to the global Sales and Marketing department in France.

256. Admit that the global Finance and Accounting department is based in France.

257. Admit that GL USA sends a monthly income statement to the global Financial and Accounting department based in France.

258. Admit that GL USA sends a monthly cash flow report to the global Financial and Accounting department based in France.

259. Admit that Baudouin Corman was based in the Gameloft San Francisco office from 2014-2016 with the title General Manager Americas.

260. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Disney Pixar.

261. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Mattel.

262. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Hasbro.

263. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: FOX.

264. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Universal.

265. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Marvel.

266. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: DC Comics.

267. Admit GL USA is a signatory to an agreement to license intellectual property with the following brand owner: Sega.

268. Admit that GL USA operates a production studio responsible for producing mobile games for GL France under a service agreement whereby the mobile games become the property of GL France.

269. Admit that GL USA operates as a distributor of the Asphalt games under an agreement with GL France.

270. Admit that GL USA handles marketing and sales activities in the USA via the app stores maintained by Apple, Google Play, Microsoft, Amazon, and Samsung Apps (collectively "App Stores").

271. Admit that revenue generated from the sale of digital assets via the App Stores belong to GL France.

272. Admit that revenue generated from the sale of digital assets via App Stores are collected in one or more bank accounts belonging to GL France.

273. Admit that revenue generated from the sale of digital assets incorporated into the Asphalt games via the App Stores belong to GL France.

274. Admit that revenue generated from the sale of digital assets incorporated into the Asphalt games via App Stores are collected in one or more bank accounts belonging to GL France.

275. Admit that GL USA collaborates with other Gameloft entities outside the USA by exchanging employees, participating in cross-company teams, employee travel, international assignments, or other arrangements to develop the Asphalt games.

276. Admit that GL USA participated in the process of obtaining the license agreements for the use of intellectual property owned by car manufacturers in the Asphalt games.

277. Admit that GL USA had actual knowledge of GL Spain's hiring of Alive Interactive Media Vietnam ("AIMV") to produce digital assets to be incorporated into the Asphalt games.

278. Admit that GL USA had actual knowledge of GL Spain's hiring of Hung Thinh 3D ("HT3D") to produce digital assets to be incorporated into the Asphalt games.

279. Admit that UNQUALIFIED STUDIOS sent the In-Game Assets to GL Spain.

280. Admit that GL USA does not have any written DUE DILIGENCE standards.

281. Admit that GL USA does have written DUE DILIGENCE standards.

282. Admit that GL USA made no effort to verify whether UNQUALIFIED STUDIOS were in fact engaged in the digital art production business.

283. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS were properly licensed.

284. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS were properly insured.

285. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had sufficient office space.

286. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had sufficient equipment.

287. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had qualified employees.

288. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had sufficient internal controls.

289. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had licensed software.

290. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had any indicia of reliability to perform outsourced work.

291. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had any indicia of reliability to protect the intellectual property.

292. Admit that Defendant GL USA made no effort to verify whether UNQUALIFIED STUDIOS had any indicia of reliability to protect confidential information.

293. Admit that Defendant GL USA did not request any of the

UNQUALIFIED STUDIOS to make a test 3D digital car.

294. Admit that Defendant GL USA did not negotiate pricing with any of the UNQUALIFIED STUDIOS.

295. Admit that the Website indicates GL France is the publisher of the Website content.

296. Admit that the Website has links to the App Stores.

297. Admit that the Website provides the option to have a link to download Asphalt games from one or more of the App Stores emailed to the player.

298. Admit that players can purchase with real money three-dimensional digital cars to use in playing the Asphalt games through the App Stores.

299. Admit that GL USA runs promotions via the Website to solicit more players for the Asphalt games.

300. Admit that GL USA collects information from visitors of the Website.

301. Admit that GL USA sends ads to registered members to play the Asphalt games.

302. Admit that the Website interacts with visitors through such activities as selecting the operative language, downloading games by framing the App Stores download pages, collecting contact information for promotions, testing the Gameloft Advertising Solutions ("GLADS") network, providing interactive customer support, constant pops up messages for visitor contact information, and/or uploading resumes for job postings around the world.

303. Admit that any visitor to the Website while physically present in the USA can select the operative language for the Website.

304. Admit that the Asphalt game commonly referred to as A8 has earned over $100 million through early 2017 with over 235 million downloads.

305. Admit that players in the USA make up 15% of all players of A8

worldwide.

306. Admit that players associated with California by presence, residence, or IP address make up the majority of the players of A8 in the USA.

307. Admit that players in China make up the highest percentage of players of A8 worldwide.

308. Admit that players in the USA make the most in-game asset purchases of all global players.

309. Admit that in-game asset purchases of players in the USA contribute 29% of worldwide A8 revenue.

310. Admit that players associated with California by presence, residence, or IP address make the majority of the in-game asset purchases of all global players.

311. Admit that players associated with California by presence, residence, or IP address make the majority of the in-game asset purchases of players in the USA of worldwide A8 revenue.

312. Admit that Asphalt games are free to download and play.

313. Admit that Asphalt games generate revenue through the sale of digital assets and in-game advertising.

314. Admit that the majority of revenue generated by A8 is the sale of digital assets.

315. Admit that A8 generates revenue through the sale of in-game ads.

316. Admit that players download some digital assets more than others.

317. Admit that certain digital assets generate more revenue than other digital assets.

318. Admit that certain digital car models generate more revenue than other digital car models.

319. Admit that revenue is generated from the sale of in-game ads that

appear while players play the Asphalt games, specifically while gamers drive the In-Game Assets.

320. Admit that revenue is generated from the sale of in-game ads that appear while players drive the In-Game Assets.

321. Admit that revenue is generated from the download of the In-Game Assets.

322. Admit the largest number of players for all games in the USA are associated with California by presence, residence, or IP address.

323. Admit the largest number of players for the Asphalt games in the USA are associated with California by presence, residence, or IP address.

324. Admit that the largest number of advertisers for in-game advertising in the USA are located in California.

325. Admit the majority of the revenue from North America is from the USA.

326. Admit the majority of the revenue from the USA is from California.

327. Admit that GL USA does not assume any legal obligations without approval of GL France.

328. Admit that GL USA obtains approval from GL France before signing any agreement.

DATED: April 10, 2018

KYZEN LAW PC

By: /s/

Q. Huy Do
Attorney for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED

## CERTIFICATE OF SERVICE

I, YenNhi Doan, declare that I am a citizen of the United States over the age of eighteen years and not a party to the above titled action. I am an employee of KyZen Law PC, with business address of 1390 Market Street, Suite 200, San Francisco, California 94102. On April 10, 2018, I caused to be served the following document(s):

**GLASS EGG DIGITAL MEDIA LIMITED'S [CORRECTED] THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT, INC.**

**GLASS EGG DIGITAL MEDIA LIMITED'S [CORRECTED] FIRST SET OF REQUESTS FORa ADMISSIONS TO DEFENDANT GAMELOFT, INC.**

■ by transmitting via electronic transmission to the person(s) at the e-mail address(es) set forth below.

**Nixon Peabody LLP**
Robert Ahlefeld Weikert
Matthew J. Frankel
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3600
Email: rweikert@nixonpeabody.com
Email: mfrankel@nixonpeabody.com

**DLA Piper LLP**
Eliot R. Hudson
Gina Durham
Mandy Chan
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Email: eliot.hudson@dlapiper.com
Email: gina.durham@dlapiper.com
Email: mandy.chan@dlapiper.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KyZen Law PC

DATED: April 10, 2018 By: /s/
YenNhi Doan

# EXHIBIT 2

KyZen Law PC
Q. Huy Do (State Bar No. 184462)
1390 Market Street, Suite 200
San Francisco, California 94102
Tel.: 415-991-1881
Fax: 415-406-1881
Email: huy@kyzenlaw.com

Attorneys for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation, GAMELOFT IBÉRICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20<br><br>Defendants. | **Case Number: 3:17-cv-04165 MMC [RMI]**<br><br>**GLASS EGG DIGITAL MEDIA LIMITED'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT, INC.**<br><br>**[SET ONE]** |

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO.: One

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, and Civil Local Rule 34, Plaintiff Glass Egg Digital Media Limited ("Glass Egg") requests that Defendant Gameloft, Inc. ("GLI") respond in writing to the following requests for documents within 30 days of the date of service of this Request and further, produce said documents within one week of the written response at 9:00 a.m. the law firm of KyZen Law (address above) and permit their inspection and copying.

Glass Egg is willing to waive the requirement that original files be produced for inspection so long as legible copies of all nonprivileged documents responsive to the request are delivered to Glass Egg's counsel and GLI agrees to a similar waiver for any request for production of documents it serves.

A privilege log shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See FRCP 26(b)(5). Further definitions and instructions are noted below.

## DEFINITIONS AND INSTRUCTIONS

In complying with this Request, Responding Party is to comply with the following definitions and instructions:

1. The terms "GLASS EGG", "GE", "GEDM", and "PLAINTIFF" are interchangeable terms and shall be construed to mean the plaintiff Glass Egg Digital Media Limited, its agents, employees, or other persons acting or purporting to act on its behalf.

2. The terms "GLSE", "GL FRANCE", "DEFENDANT GLSE", and "DEFENDANT GL FRANCE" shall be construed to mean the Defendant Gameloft SE, its agents, employees, or other persons acting, or purporting to act on its behalf.

3. The terms "YOU" and "YOUR" shall be construed to mean the Responding Party, its agents, employees, or other persons acting or purporting to act on its behalf.

4. The terms "PERSON(S)" means, unless otherwise specified, any natural PERSON, firm, entity, corporation, partnership, association, joint venture, other form of business organization or arrangement, government or government agency of any nature or type.

5. The term "THING(S)" shall be construed to mean any tangible object other than a document and includes objects of every kind and nature including but not limited to prototypes, models, specimens, and the like.

6. The term "DOCUMENT(S)" shall be construed consistent with FRCP 34(a)(1)(A), and the cases interpreting FRCP 34(a)(1)(A), including all forms of tangible expression falling within its scope including but not limited to communications, minutes, memoranda, notations, agreements, contracts, exhibits, computer data, computer-stored data, computer-generated data, computer diskettes, electronic mail, internal electronic mail, external electronic mail, facsimiles, annual reports, disclosure reports, projections, analyses, overviews, marketing plans, business plans, product descriptions, product analyses, product specifications, notes of meetings, notes of telephone conversations, drawings, blueprints, photographs, negatives, videotapes, audiotapes, including without limitation, the original electronic form of any of the preceding, and any and all drafts of the preceding.

7. The term "COMMUNICATION(S)" shall be construed to mean any transmission of information from one person or entity to another, including without limitation, by personal meeting, telephone, facsimile, electronic mail or any other electronic form, handwritten, hand drawn, or the like, and teleconference.

8. The terms "REFER(S) TO", "REFERRING TO", "REFLECT(S)", "REFER, RELATE TO, OR REFLECT ", and "RELATE(S) TO" shall be construed to mean referring to, alluding to, responding to, evidencing, supporting, proving, disproving, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, analyzing, recording, constituting, substantiating, and/or constituting (directly or indirectly).

9. The terms "AND" and "OR" shall be construed to be both disjunctive and conjunctive, as necessary.

10. The use of the singular herein shall be deemed to include the plural.

11. The use of one gender shall be deemed to include both genders and/or the neutral equivalent.

12. Where the Responding Party objects to any request for production, or a subpart thereof, which calls for any documents within its possession, custody, or control on the grounds that the document is covered by the attorney-client privilege, attorney work product doctrine, or other privilege, the Responding Party must identify each such document in a privilege log and provide the following information: authors, actual or intended recipients, date of creation, thorough description of subject matter and content, and the basis for privilege that permits the withholding of such document.

13. This Request seeks documents that are available to the Responding Party, including those that are in its physical custody and/or control, those in the possession of its attorneys or other periods directly or indirectly employed by, or connected with the Responding Party or its attorneys, or anyone acting on its behalf or otherwise subject to its control.

14. All documents should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the

container cannot be produced, please produce copies of all labels or other identifying markings.

15. Documents attached to each other must not be separated.

16. If a DOCUMENT once existed but has been lost, destroyed, or no longer in YOUR possession, identify the DOCUMENT, describe it to the best of YOUR ability and state the details pertaining to the loss or destruction of such DOCUMENT, including the identity of the present custodian of the DOCUMENT or any copy thereof, if known.

17. If YOU contend that a portion of a DOCUMENT contains information which is immune from discovery, then produce the DOCUMENT with the immune portion redacted there from and describe the redacted portion in a "redacted-for-privilege" log pursuant to the instructions in Paragraph 25.

18. YOU must produce all responsive, non-privileged DOCUMENTS regardless of whether in YOUR physical possession, so long as they are within YOUR custody or control, as for example when they are in the possession of YOUR attorneys, investigators, experts, consultants, or other agents.

19. This Requests for Production of DOCUMENTS – Set One is continuing. If after responding, YOU obtain or become aware of any further responsive DOCUMENTS, YOU are required to disclose to PLAINTIFF such additional DOCUMENTS.

NOTICE IS HEREBY GIVEN that the propounding party at the time of trial will move the Court for an order excluding from evidence all tangible and intangible items falling within the scope of this Request that were not disclosed or identified in YOUR response thereto.

## CATEGORIES OF DOCUMENTS REQUESTED

1. Sufficient DOCUMENTS reflecting total sales for each fiscal year from 2013 to present.

2. Sufficient DOCUMENTS reflecting total sales by geography, region, country, city and/or state for each fiscal year from 2013 to present.

3. All DOCUMENTS which REFER, RELATE TO, or REFLECT sales attributed to California for each fiscal year from 2013 to present.

4. Sufficient DOCUMENTS reflecting total revenue for each fiscal year from 2013 to present.

5. Sufficient DOCUMENTS reflecting total revenue by geography, region, country, city and/or state for each fiscal year from 2013 to present.

6. All DOCUMENTS which REFER, RELATE TO, or REFLECT revenue attributed to California for each fiscal year from 2013 to present.

7. Sufficient DOCUMENTS reflecting total profits for each fiscal year from 2013 to present.

8. Sufficient DOCUMENTS reflecting total profits by geography, region, country, city and/or state for each fiscal year from 2013 to present.

9. All DOCUMENTS which REFER, RELATE TO, or REFLECT profits attributed to California for each fiscal year from 2013 to present.

10. Sufficient DOCUMENTS reflecting the total number of users who downloaded games for each fiscal year from 2013 to present.

11. Sufficient DOCUMENTS reflecting the total number of users who downloaded games by geography, region, country, city and/or state for each fiscal year from 2013 to present.

12. All DOCUMENTS which REFER, RELATE TO, or REFLECT the total number of users attributed to California who downloaded games for each fiscal year

from 2013 to present.

13. Sufficient DOCUMENTS reflecting the economic value of digital assets purchased by users by geography, region, country, city and/or state for each fiscal year from 2013 to present.

14. All DOCUMENTS which REFER, RELATE TO, or REFLECT the economic value attributed to California of digital assets purchased by users for each fiscal year from 2013 to present.

15. Sufficient DOCUMENTS reflecting any and all names of any 3D digital car purchased by users from 2013 to present.

16. All DOCUMENTS which REFER, RELATE TO, or REFLECT the names of any and all 3D digital car purchased by users associated with California for each fiscal year from 2013 to present.

17. Sufficient DOCUMENTS reflecting any and all advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

18. Sufficient DOCUMENTS reflecting the revenue generated from advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

19. Sufficient DOCUMENTS reflecting the total number of advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present.

20. Sufficient DOCUMENTS reflecting the revenue generated from advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present

21. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions target specific users of any game.

22. Sufficient DOCUMENTS which explains and/or demonstrates how any of the online advertising solutions collect or obtain demographic information, including user preference, interests and lifestyle, or any other information associated with any of the users of any game.

23. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers target user audiences of any game.

24. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers target user audiences of any game more efficiently.

25. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers boost their key performance indicators ("KPIs").

26. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to collect or obtain a user's specific physical location through either latitude, longitude, and/or IP address.

27. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to target a user based on interests and lifestyle.

28. Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to target a user based on user preferences.

29. Sufficient DOCUMENTS reflecting the number of advertising campaigns targeted at users associated with California.

30. Sufficient DOCUMENTS to explain and/or demonstrate how the online advertising solutions is able to target users in California based on user preferences, and/or interests and lifestyle to reach users in/from California or using a

California IP address.

31. All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertising campaign for advertisers that targeted or targets users associated with California either through location, user preference, interests and lifestyles, and/or any other demographical information.

32. All DOCUMENTS which REFER, RELATE TO, or REFLECT any license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

33. Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

34. Sufficient DOCUMENTS reflecting any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

35. Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

36. Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address for any commercial purpose.

37. Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address for any commercial purpose.

38. Sufficient DOCUMENTS reflecting any monies owed pursuant to any and all agreements between YOU and any company with a California business

address for any commercial purpose.

39. Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell any game.

40. Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell any game.

41. All COMMUNICATIONS between YOU and any company with a California business address and hired or retained to distribute, market, and/or sell games.

42. Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell games in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

43. Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell in-game advertising solution in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

44. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR employees to California since 2013.

45. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR officers to California since 2013.

46. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR board of directors to California since 2013.

47. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' network within California.

48. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' activities within California.

49. Sufficient DOCUMENTS reflecting YOUR contractual arrangement with Smart Recruiter in San Francisco.

50. All COMMUNICATIONS between YOU and Smart Recruiter in San Francisco regarding candidates from California.

51. Sufficient DOCUMENTS reflecting the number of resumes received from candidates associated with California.

52. Sufficient DOCUMENTS reflecting the number of candidates associated with California that YOU hired.

53. Sufficient DOCUMENTS reflecting any legal document RELATING to the Website or any game whereby California and/or the exercise of jurisdiction in California was or is the venue to resolve disputes of any kind.

54. Sufficient DOCUMENTS to indicate the commercial reasons why California was chosen as the venue to resolve disputes RELATING to the Website or any game.

55. Sufficient DOCUMENTS to indicate which other jurisdictions were considered to resolve disputes, but not selected for the Website or any game.

56. Sufficient DOCUMENTS reflecting any legal document whereby California law of any kind (*e.g.*, commercial, privacy, contract, employment,

regulatory) is referenced as controlling or applicable for any purpose RELATING to the Website or any game.

57. Sufficient documents to indicate the commercial reasons why California law was referenced as controlling or applicable law RELATING to the Website or any game.

58. Sufficient documents to indicate all other legal jurisdictions considered to be applicable and/or controlling but not ultimately selected for the Website or any game.

59. All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents through any form social media such as Facebook, Twitter, LinkedIn, or similar social media platforms.

60. All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents on any of the app platforms used to distribute any game.

61. Sufficient DOCUMENTS reflecting the launch of any game in any California either offline or online.

62. All DOCUMENTS which REFER, RELATE TO, or REFLECT development of any game within California.

63. All DOCUMENTS which REFER, RELATE TO, or REFLECT any customer support provided to any user associated with California.

64. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR presence (attendance, sponsorship, or speakership) at any gaming conference in California since 2013.

65. All COMMUNICATIONS between YOU and GLSE regarding sales, marketing, and/or business development since 2013.

66. Sufficient DOCUMENTS reflecting YOUR relationship with the

French American Chamber of Commerce in San Francisco since 2013.

67. All COMMUNICATIONS between YOU and the French American Chamber of Commerce in San Francisco since 2013.

68. All DOCUMENTS in any language which indicates that YOU operate www.gameloft.com ("Website") at any time since 2013 to the present.

69. All DOCUMENTS in any language which indicates who is the publisher of the content on the Website at any time since 2013 to the present.

70. Sufficient DOCUMENTS reflecting who has control and authority to decide what content is published on the Website in any language.

71. All DOCUMENTS which REFER, RELATE TO, or REFLECT any records (*e.g.*, cookies) that indicates a visitor to the Website is associated with California.

72. All DOCUMENTS which REFER, RELATE TO, or REFLECT any geo-tagging that enables YOU to associate a user with California.

73. All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Terms of Use of the Website wherein California is referenced in any way.

74. All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Privacy Policy for the Website wherein California is referenced in any way since 2013.

75. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR business plans for 2013, 2014, 2015, 2016, and/or 2017 as they relate to California.

76. All DOCUMENTS which REFER, RELATE TO, or REFLECT any business development efforts or activities to market or generate new business in or from California users or businesses for YOU or any of YOUR subsidiaries in 2013, 2014, 2015, 2016, and/or 2017.

77. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to open an office in California.

78. Sufficient DOCUMENTS reflecting how YOU decided to open an office in California.

79. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to not close the office in California.

80. Sufficient DOCUMENTS reflecting how YOU decided to close offices in the United States.

81. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertisers based in California.

82. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertising agencies based in California.

DATED: March 19, 2018

KYZEN LAW PC

By: [signature]
Q. Huy Do
Attorney for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED

# EXHIBIT 3

KYZEN LAW PC
Q. Huy Do (State Bar No. 184462)
1390 Market Street, Suite 200
San Francisco, California 94102
Tel.: 415-991-1881
Fax: 415-406-1881
Email: huy@kyzenlaw.com

Attorneys for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED,
a British Virgin Islands Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation, GAMELOFT IBÉRICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20<br><br>Defendants. | **Case Number: 3:17-cv-04165 MMC [RMI]**<br><br>**GLASS EGG DIGITAL MEDIA LIMITED'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT, INC.**<br><br>**[SET TWO]** |

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO.: Two

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, and Civil Local Rule 34, Plaintiff Glass Egg Digital Media Limited ("Glass Egg") requests that Defendant Gameloft, Inc. ("GLI") respond in writing to the following requests for documents within 30 days of the date of service of this Request and further, produce said documents within one week of the written response at 9:00 a.m. the law firm of KyZen Law (address above) and permit their inspection and copying.

Glass Egg is willing to waive the requirement that original files be produced for inspection so long as legible copies of all nonprivileged documents responsive to the request are delivered to Glass Egg's counsel and GLI agrees to a similar waiver for any request for production of documents it serves.

A privilege log shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See FRCP 26(b)(5). Further definitions and instructions are noted below.

## DEFINITIONS AND INSTRUCTIONS

In complying with this Request, Responding Party is to comply with the following definitions and instructions:

1. The terms "GLASS EGG", "GE", "GEDM", and "PLAINTIFF" are interchangeable terms and shall be construed to mean the plaintiff Glass Egg Digital Media Limited, its agents, employees, or other persons acting or purporting to act on its behalf.

2. The terms "GLSE" or "GL FRANCE" shall be construed to mean the Defendant Gameloft SE, its agents, employees, or other persons acting, or purporting to act on its behalf.

3. The terms "GLSAU" or "GL SPAIN" shall be construed to mean the Gameloft Iberica SAU, its agents, employees, or other persons acting, or purporting to act on its behalf.

4. The terms "Vivendi" shall be construed to mean Vivendi SA, its agents, employees, or other persons acting, or purporting to act on its behalf.

5. The terms "GLI", "GL USA", "DEFENDANT GLI", and "DEFENDANT GL USA" shall be construed to mean the Defendant Gameloft, Inc., its agents, employees, or other persons acting, or purporting to act on its behalf.

6. The terms "YOU" and "YOUR" shall be construed to mean the Responding Party, its agents, employees, or other persons acting or purporting to act on its behalf.

7. The term "PERSONAL INFORMATION" means information collected about a PERSON's contact information such as address, phone number, mobile number, email address, fax number; personal preferences; demographic information such as gender, age, ethnicity, marital status; geographical location; and/or lifestyle.

8. The terms "PERSON(S)" means, unless otherwise specified, any natural PERSON, firm, entity, corporation, partnership, association, joint venture, other form of business organization or arrangement, government or government agency of any nature or type.

9. The term "THING(S)" shall be construed to mean any tangible object other than a document and includes objects of every kind and nature including but not limited to prototypes, models, specimens, and the like.

10. The term "DOCUMENT(S)" shall be construed consistent with FRCP 34(a)(1)(A), and the cases interpreting FRCP 34(a)(1)(A), including all forms of tangible expression falling within its scope including but not limited to

communications, minutes, memoranda, notations, agreements, contracts, exhibits, computer data, computer-stored data, computer-generated data, computer diskettes, electronic mail, internal electronic mail, external electronic mail, facsimiles, annual reports, disclosure reports, projections, analyses, overviews, marketing plans, business plans, product descriptions, product analyses, product specifications, notes of meetings, notes of telephone conversations, drawings, blueprints, photographs, negatives, videotapes, audiotapes, including without limitation, the original electronic form of any of the preceding, and any and all drafts of the preceding.

11. The term "COMMUNICATION(S)" shall be construed to mean any transmission of information from one person or entity to another, including without limitation, by personal meeting, telephone, facsimile, electronic mail or any other electronic form, handwritten, hand drawn, or the like, and teleconference.

12. The terms "REFER(S) TO", "REFERRING TO", "REFLECT(S)", "REFER, RELATE TO, OR REFLECT ", and "RELATE(S) TO" shall be construed to mean referring to, alluding to, responding to, evidencing, supporting, proving, disproving, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, analyzing, recording, constituting, substantiating, and/or constituting (directly or indirectly).

13. The terms "AND" and "OR" shall be construed to be both disjunctive and conjunctive, as necessary.

14. The use of the singular herein shall be deemed to include the plural.

15. The use of one gender shall be deemed to include both genders and/or the neutral equivalent.

16. Where the Responding Party objects to any request for production, or a subpart thereof, which calls for any documents within its possession, custody, or control on the grounds that the document is covered by the attorney-client privilege,

attorney work product doctrine, or other privilege, the Responding Party must identify each such document in a privilege log and provide the following information: authors, actual or intended recipients, date of creation, thorough description of subject matter and content, and the basis for privilege that permits the withholding of such document.

17. This Request seeks documents that are available to the Responding Party, including those that are in its physical custody and/or control, those in the possession of its attorneys or other periods directly or indirectly employed by, or connected with the Responding Party or its attorneys, or anyone acting on its behalf or otherwise subject to its control.

18. All documents should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

19. Documents attached to each other must not be separated.

20. If a DOCUMENT once existed but has been lost, destroyed, or no longer in YOUR possession, identify the DOCUMENT, describe it to the best of YOUR ability and state the details pertaining to the loss or destruction of such DOCUMENT, including the identity of the present custodian of the DOCUMENT or any copy thereof, if known.

21. If YOU contend that a portion of a DOCUMENT contains information which is immune from discovery, then produce the DOCUMENT with the immune portion redacted there from and describe the redacted portion in a "redacted-for-privilege" log pursuant to the instructions in Paragraph 12.

22. YOU must produce all responsive, non-privileged DOCUMENTS regardless of whether in YOUR physical possession, so long as they are within YOUR

custody or control, as for example when they are in the possession of YOUR attorneys, investigators, experts, consultants, or other agents.

23. This Requests for Production of DOCUMENTS – Set Two is continuing. If after responding, YOU obtain or become aware of any further responsive DOCUMENTS, YOU are required to disclose to PLAINTIFF such additional DOCUMENTS.

NOTICE IS HEREBY GIVEN that the propounding party at the time of trial will move the Court for an order excluding from evidence all tangible and intangible items falling within the scope of this Request that were not disclosed or identified in YOUR response thereto.

**CATEGORIES OF DOCUMENTS REQUESTED**

1. All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all Asphalt games since 2013.

2. All DOCUMENTS which REFER, RELATE TO, or REFLECT the sale, marketing or distribution of any and all Asphalt games since 2013.

3. All DOCUMENTS which REFER, RELATE TO, or REFLECT the development and/or production of any and all Asphalt games since 2013.

4. All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all licenses for the use of any intellectual property or confidential information in any and all Asphalt games since 2013.

5. All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenues generated by or from any and all Asphalt games since 2013.

6. All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenues generated by or from the Gameloft Advertising Solutions ("GLADS") platform RELATING TO any and all Asphalt games since 2013.

7. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT

the sale, marketing or distribution of any and all Asphalt games since 2013.

8. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the development of any and all Asphalt games since 2013.

9. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any and all licenses for the use of any intellectual property or confidential information in any and all Asphalt games since 2013.

10. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any revenues generated by or from any and all Asphalt games since 2013.

11. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any revenues generated by or from the Gameloft Advertising Solutions ("GLADS") platform RELATING TO any and all Asphalt games since 2013.

12. All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with GLSE.

13. Sufficient DOCUMENTS reflecting any and all contracts between YOU or GLSE and any licensor of intellectual property registered to do business in California for each fiscal year since 2013.

14. All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with GLSAU.

15. All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with Vivendi.

16. All COMMUNICATIONS to, from or involving Gameloft SE which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

17. All COMMUNICATIONS to, from, or involving GLSAU which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

18. All COMMUNICATIONS to, from, or involving Vivendi which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

19. All DOCUMENTS which REFER TO Alive Interactive since 2013.

20. All COMMUNICATIONS to, from or involving Alive Interactive since 2013.

21. All DOCUMENTS which REFER, RELATE TO, or REFLECT how Alive Interactive was selected to provide services.

22. All DOCUMENTS which REFER TO Hung Thinh 3D ("HT3D") since 2013.

23. All COMMUNICATIONS to, from or involving HT3D since 2013.

24. All DOCUMENTS which REFER, RELATE TO, or REFLECT how HT3D was selected to provide services.

25. All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all PERSONS who provided any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

26. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any and all PERSONS who provided any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

27. All DOCUMENTS which REFER, RELATE TO, or REFLECT how any and all PERSONS were selected to provide any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

28. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT how any and all PERSONS were selected to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

29. All DOCUMENTS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who provided any services relating to any and all digital car models incorporated to any and all Asphalt games.

30. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT

any due diligence conducted about any and all PERSONS who provided any services relating to any and all digital car models incorporated to any and all Asphalt games.

31. All DOCUMENTS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who was considered to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

32. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who was considered to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

33. All DOCUMENTS which REFER, RELATE TO, or REFLECT any policies, standards, or procedures to protect confidential information.

34. All DOCUMENTS which REFER, RELATE TO, or REFLECT any IT security policies, standards, or procedures to access, store, copy, and/or transfer any data.

35. All DOCUMENTS which REFER, RELATE TO, or REFLECT any security policies, standards, or procedures regarding the use or access to private email accounts.

36. All DOCUMENTS which REFER, RELATE TO, or REFLECT the creation and/or ownership of intellectual property created at work, or using company resources, or during work hours.

37. All DOCUMENTS which REFER, RELATE TO, or REFLECT the creation and/or ownership of intellectual property created at work, or using company resources, or during work hours.

38. All DOCUMENTS which REFER, RELATE TO, or REFLECT the cost associated with the development and/or production of games since 2010.

39. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the cost associated with the development and/or production of games since 2010.

40. All DOCUMENTS which REFER, RELATE TO, or REFLECT the decision to establish any and all studios in any country in Asia.

41. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the decision to establish any and all studios in any country in Asia.

42. All DOCUMENTS which REFER TO Do Quoc Hung since 2013.

43. All COMMUNICATIONS to, from, or involving Do Quoc Hung since 2013.

44. All DOCUMENTS which REFER TO Vo Duc Hung since 2013.

45. All COMMUNICATIONS to, from, or involving Vo Duc Hung since 2013.

46. All DOCUMENTS which REFER TO Donn Garton since 2013.

47. All COMMUNICATIONS to, from, or involving Donn Garton since 2013.

48. All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with Alive Interactive.

49. All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with HT3D.

50. All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments made to Alive Interactive.

51. All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments to HT3D.

52. All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments made to Alive Interactive.

53. All DOCUMENTS which REFER, RELATE TO, or REFLECT any work

product, including digital car models and/or associated accessories, sent from Alive Interactive.

54. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including digital car models and/or associated accessories, sent from Alive Interactive.

55. All DOCUMENTS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from HT3D.

56. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from HT3D.

57. All DOCUMENTS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

58. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

59. All DOCUMENTS which REFER, RELATE TO, or REFLECT any payment for any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

60. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any payment for any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

61. All DOCUMENTS referenced in YOUR initial disclosures.

62. All DOCUMENTS which REFER, RELATE TO, or REFLECT any board meetings referencing any Asphalt games, including the development, production, sale, marketing, and/or game support of/for any Asphalt games.

63. All DOCUMENTS which REFER, RELATE TO, or REFLECT any

discussions about establishing any office in the USA.

64. All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about closing any office in the USA.

65. All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about establishing or maintaining a presence in California.

66. All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about the market in California, including advertisers, players, and/or brand owners.

67. All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about the market in the USA, including advertisers, players, and/or brand owners.

68. All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about Electronic Arts.

69. All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about any other mobile game publisher or developer.

70. All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about the development of any car racing game.

71. Sufficient DOCUMENTS reflecting the launch of any game in California either offline or online due to the size of the market in California.

72. All DOCUMENTS which REFER, RELATE TO, or REFLECT how players are associated with California for purposes of geo-targeting due to the size of California's population.

73. Sufficient DOCUMENTS to identify what PERSONAL INFORMATION is collected from players of games since 2013.

74. Sufficient DOCUMENTS to identify how PERSONAL INFORMATION is collected from players of games since 2013.

75. Sufficient DOCUMENTS to identify what PERSONAL INFORMATION is collected from visitors to www.gameloft.com ("Website") since 2013.

76. Sufficient DOCUMENTS to identify how PERSONAL INFORMATION is collected from visitors to the Website since 2013.

77. Sufficient DOCUMENTS to identify how advertisers select and use PERSONAL INFORMATION since 2013.

78. Sufficient DOCUMENTS to explain how PERSONAL INFORMATION is incorporated into the Gameloft Advertising Solutions ("GLADS") platform.

79. Sufficient DOCUMENTS to explain what GLADS is, including how it functions, where its servers are located, who controls it, who owns it, who accesses it, how it generates revenues or is used to generate revenues, and how such revenues are accounted in financial documents.

80. All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertiser registered to do business in California with whom YOU or GLSE do business.

81. All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertiser registered to do business in the United States of America ("USA") with whom YOU or GLSE do business.

82. All DOCUMENTS which REFER, RELATE TO, or REFLECT any Website functionality that collects information identifying a visitor as a resident or present in California.

83. Sufficient DOCUMENTS reflecting how languages were selected for use on the Website.

84. All DOCUMENTS which REFER, RELATE TO, or REFLECT how

languages used on the Website leverage California's diverse population.

85. All DOCUMENTS which REFER, RELATE TO, or REFLECT languages used on the Website where California was part of the decision for language choice.

86. All DOCUMENTS which REFER, RELATE TO, or REFLECT the advertising to any PERSONS associated with California, including tracking and effectiveness of such advertisements.

87. All DOCUMENTS which REFER, RELATE TO, or REFLECT the advertising to any PERSONS associated with the USA, including tracking and effectiveness of such advertisements.

88. All DOCUMENTS which REFER, RELATE TO, or REFLECT online and offline advertisements associated with California.

89. All DOCUMENTS which REFER, RELATE TO, or REFLECT online and offline advertisements associated with each state within the USA.

90. All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenue generated from any services YOU provide associated with California.

91. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Google Adwords to increase views and/or sales of games or advertising space to PERSONS associated with California.

92. Sufficient DOCUMENTS reflecting all social media ads targeting any PERSONS associated with California.

93. Sufficient DOCUMENTS reflecting any contractual terms with Air Berlin or the company that owns this brand.

94. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Air Berlin or the company that owns this brand.

95. Sufficient DOCUMENTS reflecting any contractual terms with

Alienware or the company that owns this brand.

96. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Alienware or the company that owns this brand.

97. Sufficient DOCUMENTS reflecting any contractual terms with Centennial College or the company that owns this brand.

98. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Centennial College or the company that owns this brand.

99. Sufficient DOCUMENTS reflecting any contractual terms with Chiquita or the company that owns this brand.

100. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Chiquita or the company that owns this brand.

101. Sufficient DOCUMENTS reflecting any contractual terms with Close Up or the company that owns this brand.

102. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Close Up or the company that owns this brand.

103. Sufficient DOCUMENTS reflecting any contractual terms with Coca Cola or the company that owns this brand.

104. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Coca Cola or the company that owns this brand.

105. Sufficient DOCUMENTS reflecting any contractual terms with Disney or the company that owns this brand.

106. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Disney or the company that owns this brand.

107. Sufficient DOCUMENTS reflecting any contractual terms with Ferrari or the company that owns this brand.

108. Sufficient DOCUMENTS reflecting the amount of any and all revenue

received from Ferrari or the company that owns this brand.

109. Sufficient DOCUMENTS reflecting any contractual terms with Gillette or the company that owns this brand.

110. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Gillette or the company that owns this brand.

111. Sufficient DOCUMENTS reflecting any contractual terms with Hasbro or the company that owns this brand.

112. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Hasbro or the company that owns this brand.

113. Sufficient DOCUMENTS reflecting any contractual terms with Huawei or the company that owns this brand.

114. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Huawei or the company that owns this brand.

115. Sufficient DOCUMENTS reflecting any contractual terms with Infiniti or the company that owns this brand.

116. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Infiniti or the company that owns this brand.

117. Sufficient DOCUMENTS reflecting any contractual terms with Kellogg's or the company that owns this brand.

118. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Kellogg's or the company that owns this brand.

119. Sufficient DOCUMENTS reflecting any contractual terms with Lego or the company that owns this brand.

120. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Lego or the company that owns this brand.

121. Sufficient DOCUMENTS reflecting any contractual terms with LG or

the company that owns this brand.

122. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from LG or the company that owns this brand.

123. Sufficient DOCUMENTS reflecting any contractual terms with McDonald's or the company that owns this brand.

124. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from McDonald's or the company that owns this brand.

125. Sufficient DOCUMENTS reflecting any contractual terms with Mercedes-Benz or the company that owns this brand.

126. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Mercedes-Benz or the company that owns this brand.

127. Sufficient DOCUMENTS reflecting any contractual terms with Mondelez International or the company that owns this brand.

128. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Mondelez International or the company that owns this brand.

129. Sufficient DOCUMENTS reflecting any contractual terms with Netflix or the company that owns this brand.

130. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Netflix or the company that owns this brand.

131. Sufficient DOCUMENTS reflecting any contractual terms with Simple Mobile or the company that owns this brand.

132. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Simple Mobile or the company that owns this brand.

133. Sufficient DOCUMENTS reflecting any contractual terms with Turkcell or the company that owns this brand.

134. Sufficient DOCUMENTS reflecting the amount of any and all revenue

received from Turkcell or the company that owns this brand.

135. Sufficient DOCUMENTS reflecting any contractual terms with Twentieth Century Fox or the company that owns this brand.

136. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Twentieth Century Fox or the company that owns this brand.

137. Sufficient DOCUMENTS reflecting any contractual terms with Warner Bros. or the company that owns this brand.

138. Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Warner Bros. or the company that owns this brand.

139. Sufficient DOCUMENTS reflecting any contractual terms with XBox or the company that owns this brand.

140. Sufficient DOCUMENTS reflecting any and all revenue received from XBox or the company that owns this brand.

141. Sufficient DOCUMENTS reflecting any contractual terms with Adjust or the company that owns this brand.

142. Sufficient DOCUMENTS reflecting any contractual terms with adMotion or the company that owns this brand.

143. Sufficient DOCUMENTS reflecting any contractual terms with AdRiver or the company that owns this brand.

144. Sufficient DOCUMENTS reflecting any contractual terms with AppsFlyer or the company that owns this brand.

145. Sufficient DOCUMENTS reflecting any contractual terms of with Atlas by Facebook or the company that owns this brand.

146. Sufficient DOCUMENTS reflecting any contractual terms with Barometric or the company that owns this brand.

147. Sufficient DOCUMENTS reflecting any contractual terms with

DoubleClick or the company that owns this brand.

148. Sufficient DOCUMENTS reflecting any contractual terms with Innovid or the company that owns this brand.

149. Sufficient DOCUMENTS reflecting any contractual terms with Kochava or the company that owns this brand.

150. Sufficient DOCUMENTS reflecting any contractual terms with Moat or the company that owns this brand.

151. Sufficient DOCUMENTS reflecting any contractual terms with Placed or the company that owns this brand.

152. Sufficient DOCUMENTS reflecting any contractual terms with Predicta or the company that owns this brand.

153. Sufficient DOCUMENTS reflecting any contractual terms with Reamp or the company that owns this brand.

154. Sufficient DOCUMENTS reflecting any contractual terms with Sizmek or the company that owns this brand.

155. Sufficient DOCUMENTS reflecting any contractual terms with S4M or the company that owns this brand.

156. Sufficient DOCUMENTS reflecting any contractual terms with Vindico or the company that owns this brand.

157. Sufficient DOCUMENTS reflecting the number of players associated with California by presence, address, or IP address for each fiscal year since 2013.

///

///

///

///

///

158. Sufficient DOCUMENTS reflecting the number of downloads by players associated with California by presence, address, or IP address for each fiscal year since 2013.

DATED: April 4, 2018

KYZEN LAW PC

By: [signature]

Q. Huy Do
Attorney for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED

**CERTIFICATE OF SERVICE**

I, YenNhi Doan, declare that I am a citizen of the United States over the age of eighteen years and not a party to the above titled action. I am an employee of KyZen Law PC, with business address of 1390 Market Street, Suite 200, San Francisco, California 94102. On April 4, 2018, I caused to be served the following document(s):

**GLASS EGG DIGITAL MEDIA LIMITED'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT, INC.**

■ by transmitting via electronic transmission to the person(s) at the e-mail address(es) set forth below.

**Nixon Peabody LLP**
Robert Ahlefeld Weikert
Matthew J. Frankel
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3600
Email: rweikert@nixonpeabody.com
Email: mfrankel@nixonpeabody.com

**DLA Piper LLP**
Eliot R. Hudson
Gina Durham
Mandy Chan
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Email: eliot.hudson@dlapiper.com
Email: gina.durham@dlapiper.com
Email: mandy.chan@dlapiper.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

KyZen Law PC

DATED: April 4, 2018 By: /s/
YenNhi Doan

# EXHIBIT 4

KYZEN LAW PC
Q. Huy Do (State Bar No. 184462)
1390 Market Street, Suite 200
San Francisco, California 94102
Tel.: 415-991-1881
Fax: 415-406-1881
Email: huy@kyzenlaw.com

Attorneys for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation, GAMELOFT IBÉRICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20<br><br>Defendants. | **Case Number: 3:17-cv-04165 MMC [RMI]**<br><br>**GLASS EGG DIGITAL MEDIA LIMITED'S [CORRECTED] THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT, INC.**<br><br>**[SET THREE]** |

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO.: THREE

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, and Civil Local Rule 34, Plaintiff Glass Egg Digital Media Limited ("Glass Egg") requests that Defendant Gameloft, Inc. ("GLI") respond in writing to the following requests for documents within 30 days of the date of service of this Request and further, produce said documents within one week of the written response at 9:00 a.m. the law firm of KyZen Law (address above) and permit their inspection and copying.

Glass Egg is willing to waive the requirement that original files be produced for inspection so long as legible copies of all nonprivileged documents responsive to the request are delivered to Glass Egg's counsel and GLI agrees to a similar waiver for any request for production of documents it serves.

A privilege log shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See FRCP 26(b)(5). Further definitions and instructions are noted below.

## DEFINITIONS AND INSTRUCTIONS

In complying with this Request, Responding Party is to comply with the following definitions and instructions:

1. The terms "GLASS EGG", "GE", "GEDM", and "PLAINTIFF" are interchangeable terms and shall be construed to mean the plaintiff Glass Egg Digital Media Limited, its agents, employees, or other persons acting or purporting to act on its behalf.

2. The terms "GL USA" shall be construed to mean the Defendant Gameloft, Inc., its agents, employees, or other persons acting, or purporting to act on its behalf.

3. The terms "GLSE", "GL FRANCE", "DEFENDANT GLSE", and "DEFENDANT GL FRANCE" shall be construed to mean the Defendant Gameloft SE, its agents, employees, or other persons acting, or purporting to act on its behalf.

4. The terms "YOU" and "YOUR" shall be construed to mean the Responding Party, its agents, employees, or other persons acting or purporting to act on its behalf.

5. The terms "PERSON(S)" means, unless otherwise specified, any natural PERSON, firm, entity, corporation, partnership, association, joint venture, other form of business organization or arrangement, government or government agency of any nature or type.

6. The term "THING(S)" shall be construed to mean any tangible object other than a document and includes objects of every kind and nature including but not limited to prototypes, models, specimens, and the like.

7. The term "DOCUMENT(S)" shall be construed consistent with FRCP 34(a)(1)(A), and the cases interpreting FRCP 34(a)(1)(A), including all forms of tangible expression falling within its scope including but not limited to communications, minutes, memoranda, notations, agreements, contracts, exhibits, computer data, computer-stored data, computer-generated data, computer diskettes, electronic mail, internal electronic mail, external electronic mail, facsimiles, annual reports, disclosure reports, projections, analyses, overviews, marketing plans, business plans, product descriptions, product analyses, product specifications, notes of meetings, notes of telephone conversations, drawings, blueprints, photographs, negatives, videotapes, audiotapes, including without limitation, the original electronic form of any of the preceding, and any and all drafts of the preceding.

8. The term "COMMUNICATION(S)" shall be construed to mean any transmission of information from one person or entity to another, including without

limitation, by personal meeting, telephone, facsimile, electronic mail or any other electronic form, handwritten, hand drawn, or the like, and teleconference.

9. The terms "REFER(S) TO", "REFERRING TO", "REFLECT(S)", "REFER, RELATE TO, OR REFLECT", and "RELATE(S) TO" shall be construed to mean referring to, alluding to, responding to, evidencing, supporting, proving, disproving, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, analyzing, recording, constituting, substantiating, and/or constituting (directly or indirectly).

10. The terms "AND" and "OR" shall be construed to be both disjunctive and conjunctive, as necessary.

11. The use of the singular herein shall be deemed to include the plural.

12. The use of one gender shall be deemed to include both genders and/or the neutral equivalent.

13. Where the Responding Party objects to any request for production, or a subpart thereof, which calls for any documents within its possession, custody, or control on the grounds that the document is covered by the attorney-client privilege, attorney work product doctrine, or other privilege, the Responding Party must identify each such document in a privilege log and provide the following information: authors, actual or intended recipients, date of creation, thorough description of subject matter and content, and the basis for privilege that permits the withholding of such document.

14. This Request seeks documents that are available to the Responding Party, including those that are in its physical custody and/or control, those in the possession of its attorneys or other periods directly or indirectly employed by, or connected with the Responding Party or its attorneys, or anyone acting on its behalf or otherwise subject to its control.

15. All documents should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

16. Documents attached to each other must not be separated.

17. If a DOCUMENT once existed but has been lost, destroyed, or no longer in YOUR possession, identify the DOCUMENT, describe it to the best of YOUR ability and state the details pertaining to the loss or destruction of such DOCUMENT, including the identity of the present custodian of the DOCUMENT or any copy thereof, if known.

18. If YOU contend that a portion of a DOCUMENT contains information which is immune from discovery, then produce the DOCUMENT with the immune portion redacted there from and describe the redacted portion in a "redacted-for-privilege" log pursuant to the instructions in Paragraph 25.

19. YOU must produce all responsive, non-privileged DOCUMENTS regardless of whether in YOUR physical possession, so long as they are within YOUR custody or control, as for example when they are in the possession of YOUR attorneys, investigators, experts, consultants, or other agents.

20. This Requests for Production of DOCUMENTS – Set One is continuing. If after responding, YOU obtain or become aware of any further responsive DOCUMENTS, YOU are required to disclose to PLAINTIFF such additional DOCUMENTS.

NOTICE IS HEREBY GIVEN that the propounding party at the time of trial will move the Court for an order excluding from evidence all tangible and intangible items falling within the scope of this Request that were not disclosed or identified in YOUR response thereto.

CATEGORIES OF DOCUMENTS REQUESTED

1. Sufficient DOCUMENTS reflecting the number of offices occupied by GL USA in the United States of America ("USA") since the fiscal year 2013.

2. Sufficient DOCUMENTS reflecting the reasons for the opening of any of the offices located in the USA since the fiscal year 2013.

3. Sufficient DOCUMENTS reflecting the names of the directors of GL USA since fiscal year 2013.

4. Sufficient DOCUMENTS reflecting the names of the officers of GL USA since fiscal year 2013.

5. Sufficient DOCUMENTS describing the role or responsibility of any office located in the USA since fiscal year 2012.

6. Sufficient DOCUMENTS reflecting the revenues generated by GL USA since fiscal year 2012.

7. All DOCUMENTS which REFER, RELATE TO, or REFLECT any board meeting minutes since fiscal year 2013.

8. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any board meeting minutes since fiscal year 2013.

9. All DOCUMENTS which support YOUR response to the [CORRECTED] Requests for Admissions served on April 10, 2018.

10. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Asphalt games since fiscal year 2012.

11. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the Asphalt games since fiscal year 2012.

12. All DOCUMENTS which REFER, RELATE TO, or REFLECT in-game advertising or the Gameloft Advertising Solutions platform.

13. All COMMUNICATIONS which REFER, RELATE TO, or REFLECT

in-game advertising or the Gameloft Advertising Solutions platform.

14. All DOCUMENTS which REFER, RELATE TO, or REFLECT GL USA's business plans since fiscal year 2012.

15. All DOCUMENTS which REFER, RELATE TO, or REFLECT the use of any third party PERSON to produce any digital asset incorporated into any games YOU developed.

16. All DOCUMENTS which REFER, RELATE TO, or REFLECT any practice or policy to verify whether a third party supplier is reliable, licensed to conduct business, used security protocols to safeguard intellectual property or confidential information, and/or properly used licensed software.

DATED: April 10, 2018

KYZEN LAW PC

By: [signature]

Q. Huy Do
Attorney for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED

# EXHIBIT 5

KYZEN LAW PC
Q. Huy Do (State Bar No. 184462)
1390 Market Street, Suite 200
San Francisco, California 94102
Tel.: 415-991-1881
Fax: 415-406-1881
Email: huy@kyzenlaw.com

Attorneys for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,

Plaintiff,

v.

GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation, GAMELOFT IBÉRICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20

Defendants.

**Case Number: 3:17-cv-04165 MMC [RMI]**

**GLASS EGG DIGITAL MEDIA LIMITED'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GAMELOFT SE**

**[SET ONE]**

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft SE

SET NO.: One

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 34, and Civil Local Rule 34, Plaintiff Glass Egg Digital Media Limited ("Glass Egg") requests that Defendant Gameloft SE ("GLSE") respond in writing to the following requests for documents within 30 days of the date of service of this Request and further, produce said documents within one week of the written response at 9:00 a.m. the law firm of KyZen Law (address above) and permit their inspection and copying.

Glass Egg is willing to waive the requirement that original files be produced for inspection so long as legible copies of all nonprivileged documents responsive to the request are delivered to Glass Egg's counsel and GLSE agrees to a similar waiver for any request for production of documents it serves.

A privilege log shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. See FRCP 26(b)(5). Further definitions and instructions are noted below.

## DEFINITIONS AND INSTRUCTIONS

In complying with this Request, Responding Party is to comply with the following definitions and instructions:

1. The terms "GLASS EGG", "GE", "GEDM", and "PLAINTIFF" are interchangeable terms and shall be construed to mean the plaintiff Glass Egg Digital Media Limited, its agents, employees, or other persons acting or purporting to act on its behalf.

2. The terms "GLSE", "GL FRANCE", "DEFENDANT GLSE", and "DEFENDANT GL FRANCE" shall be construed to mean the Defendant Gameloft SE, its agents, employees, or other persons acting, or purporting to act on its behalf.

3. The terms "YOU" and "YOUR" shall be construed to mean the Responding Party, its agents, employees, or other persons acting or purporting to act on its behalf.

4. The terms "PERSON(S)" means, unless otherwise specified, any natural PERSON, firm, entity, corporation, partnership, association, joint venture, other form of business organization or arrangement, government or government agency of any nature or type.

5. The term "THING(S)" shall be construed to mean any tangible object other than a document and includes objects of every kind and nature including but not limited to prototypes, models, specimens, and the like.

6. The term "DOCUMENT(S)" shall be construed consistent with FRCP 34(a)(1)(A), and the cases interpreting FRCP 34(a)(1)(A), including all forms of tangible expression falling within its scope including but not limited to communications, minutes, memoranda, notations, agreements, contracts, exhibits, computer data, computer-stored data, computer-generated data, computer diskettes, electronic mail, internal electronic mail, external electronic mail, facsimiles, annual reports, disclosure reports, projections, analyses, overviews, marketing plans, business plans, product descriptions, product analyses, product specifications, notes of meetings, notes of telephone conversations, drawings, blueprints, photographs, negatives, videotapes, audiotapes, including without limitation, the original electronic form of any of the preceding, and any and all drafts of the preceding.

7. The term "COMMUNICATION(S)" shall be construed to mean any transmission of information from one person or entity to another, including without limitation, by personal meeting, telephone, facsimile, electronic mail or any other electronic form, handwritten, hand drawn, or the like, and teleconference.

8. The terms "REFER(S) TO", "REFERRING TO", "REFLECT(S)", "REFER, RELATE TO, OR REFLECT ", and "RELATE(S) TO" shall be construed to mean referring to, alluding to, responding to, evidencing, supporting, proving, disproving, concerning, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, analyzing, recording, constituting, substantiating, and/or constituting (directly or indirectly).

9. The terms "AND" and "OR" shall be construed to be both disjunctive and conjunctive, as necessary.

10. The use of the singular herein shall be deemed to include the plural.

11. The use of one gender shall be deemed to include both genders and/or the neutral equivalent.

12. Where the Responding Party objects to any request for production, or a subpart thereof, which calls for any documents within its possession, custody, or control on the grounds that the document is covered by the attorney-client privilege, attorney work product doctrine, or other privilege, the Responding Party must identify each such document in a privilege log and provide the following information: authors, actual or intended recipients, date of creation, thorough description of subject matter and content, and the basis for privilege that permits the withholding of such document.

13. This Request seeks documents that are available to the Responding Party, including those that are in its physical custody and/or control, those in the possession of its attorneys or other periods directly or indirectly employed by, or connected with the Responding Party or its attorneys, or anyone acting on its behalf or otherwise subject to its control.

14. All documents should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the

container cannot be produced, please produce copies of all labels or other identifying markings.

15. Documents attached to each other must not be separated.

16. If a DOCUMENT once existed but has been lost, destroyed, or no longer in YOUR possession, identify the DOCUMENT, describe it to the best of YOUR ability and state the details pertaining to the loss or destruction of such DOCUMENT, including the identity of the present custodian of the DOCUMENT or any copy thereof, if known.

17. If YOU contend that a portion of a DOCUMENT contains information which is immune from discovery, then produce the DOCUMENT with the immune portion redacted there from and describe the redacted portion in a "redacted-for-privilege" log pursuant to the instructions in Paragraph 25.

18. YOU must produce all responsive, non-privileged DOCUMENTS regardless of whether in YOUR physical possession, so long as they are within YOUR custody or control, as for example when they are in the possession of YOUR attorneys, investigators, experts, consultants, or other agents.

19. This Requests for Production of DOCUMENTS – Set One is continuing. If after responding, YOU obtain or become aware of any further responsive DOCUMENTS, YOU are required to disclose to PLAINTIFF such additional DOCUMENTS.

NOTICE IS HEREBY GIVEN that the propounding party at the time of trial will move the Court for an order excluding from evidence all tangible and intangible items falling within the scope of this Request that were not disclosed or identified in YOUR response thereto.

**CATEGORIES OF DOCUMENTS REQUESTED**

1. Sufficient DOCUMENTS reflecting total sales for each fiscal year from 2013 to present.

2. Sufficient DOCUMENTS reflecting total sales by geography, region, country, city and/or state for each fiscal year from 2013 to present.

3. All DOCUMENTS which REFER, RELATE TO, or REFLECT sales attributed to California for each fiscal year from 2013 to present.

4. Sufficient DOCUMENTS reflecting total revenue for each fiscal year from 2013 to present.

5. Sufficient DOCUMENTS reflecting total revenue by geography, region, country, city and/or state for each fiscal year from 2013 to present.

6. All DOCUMENTS which REFER, RELATE TO, or REFLECT revenue attributed to California for each fiscal year from 2013 to present.

7. Sufficient DOCUMENTS reflecting total profits for each fiscal year from 2013 to present.

8. Sufficient DOCUMENTS reflecting total profits by geography, region, country, city and/or state for each fiscal year from 2013 to present.

9. All DOCUMENTS which REFER, RELATE TO, or REFLECT profits attributed to California for each fiscal year from 2013 to present.

10. Sufficient DOCUMENTS reflecting the total number of users who downloaded YOUR games for each fiscal year from 2013 to present.

11. Sufficient DOCUMENTS reflecting the total number of users who downloaded YOUR games by geography, region, country, city and/or state for each fiscal year from 2013 to present.

12. All DOCUMENTS which REFER, RELATE TO, or REFLECT the total number of users attributed to California who downloaded YOUR games for each

fiscal year from 2013 to present.

13. Sufficient DOCUMENTS reflecting the economic value of digital assets purchased by users by geography, region, country, city and/or state for each fiscal year from 2013 to present.

14. All DOCUMENTS which REFER, RELATE TO, or REFLECT the economic value attributed to California of digital assets purchased by users for each fiscal year from 2013 to present.

15. Sufficient DOCUMENTS reflecting any and all names of any 3D digital car purchased by users from 2013 to present.

16. All DOCUMENTS which REFER, RELATE TO, or REFLECT the names of any and all 3D digital car purchased by users associated with California for each fiscal year from 2013 to present.

17. Sufficient DOCUMENTS reflecting any and all advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

18. Sufficient DOCUMENTS reflecting the revenue generated from advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

19. Sufficient DOCUMENTS reflecting the total number of advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present.

20. Sufficient DOCUMENTS reflecting the revenue generated from advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present

21. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions target specific users of YOUR games.

22. Sufficient DOCUMENTS which explains and/or demonstrates how any of YOUR online advertising solutions collect or obtain demographic information, including user preference, interests and lifestyle, or any other information associated with any of the users of YOUR games.

23. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to help advertisers target user audiences of YOUR games.

24. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to help advertisers target user audiences of YOUR games more efficiently.

25. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to help advertisers boost their key performance indicators ("KPIs").

26. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to collect or obtain a user's specific physical location through either latitude, longitude, and/or IP address.

27. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to target a user based on interests and lifestyle.

28. Sufficient DOCUMENTS to explain and/or demonstrate how any of YOUR online advertising solutions is able to target a user based on user preferences.

29. Sufficient DOCUMENTS reflecting the number of advertising campaigns targeted at users associated with California.

30. Sufficient DOCUMENTS to explain and/or demonstrate how YOUR online advertising solutions is able to target users in California based on user preferences, and/or interests and lifestyle to reach users in/from California or using a

California IP address.

31. All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertising campaign for advertisers that targeted or targets users associated with California either through location, user preference, interests and lifestyles, and/or any other demographical information.

32. All DOCUMENTS which REFER, RELATE TO, or REFLECT any license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

33. Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

34. Sufficient DOCUMENTS reflecting any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

35. Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

36. Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address for any commercial purpose.

37. Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address for any commercial purpose.

38. Sufficient DOCUMENTS reflecting any monies owed pursuant to any and all agreements between YOU and any company with a California business

address for any commercial purpose.

39. Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell YOUR games.

40. Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell YOUR games.

41. All COMMUNICATIONS between YOU and any company with a California business address and hired or retained to distribute, market, and/or sell YOUR games.

42. Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell YOUR games in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

43. Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell YOUR in-game advertising solution in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

44. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR employees to California since 2013.

45. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR officers to California since 2013.

46. Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR board of directors to California since 2013.

47. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' network within California.

48. All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' activities within California.

49. Sufficient DOCUMENTS reflecting YOUR contractual arrangement with Smart Recruiter in San Francisco.

50. All COMMUNICATIONS between YOU and Smart Recruiter in San Francisco regarding candidates from California.

51. Sufficient DOCUMENTS reflecting the number of resumes received from candidates associated with California.

52. Sufficient DOCUMENTS reflecting the number of candidates associated with California that YOU hired.

53. Sufficient DOCUMENTS reflecting any legal document RELATING to the Website or any game whereby California and/or the exercise of jurisdiction in California was or is the venue to resolve disputes of any kind.

54. Sufficient DOCUMENTS to indicate the commercial reasons why California was chosen as the venue to resolve disputes RELATING to the Website or any game.

55. Sufficient DOCUMENTS to indicate which other jurisdictions were considered to resolve disputes, but not selected for the Website or any game.

56. Sufficient DOCUMENTS reflecting any legal document whereby California law of any kind (*e.g.*, commercial, privacy, contract, employment,

regulatory) is referenced as controlling or applicable for any purpose RELATING to the Website or any game.

57. Sufficient documents to indicate the commercial reasons why California law was referenced as controlling or applicable law RELATING to the Website or any game.

58. Sufficient documents to indicate all other legal jurisdictions considered to be applicable and/or controlling but not ultimately selected for the Website or any game.

59. All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents through any form social media such as Facebook, Twitter, LinkedIn, or similar social media platforms.

60. All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents on any of the app platforms used to distribute YOUR games.

61. Sufficient DOCUMENTS reflecting the launch of any game in any California either offline or online.

62. All DOCUMENTS which REFER, RELATE TO, or REFLECT development of any game within California.

63. All DOCUMENTS which REFER, RELATE TO, or REFLECT any customer support provided to any user associated with California.

64. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR presence (attendance, sponsorship, or speakership) at any gaming conference in California since 2013.

65. All COMMUNICATIONS between YOU and Gameloft, Inc. regarding sales, marketing, and/or business development since 2013.

66. Sufficient DOCUMENTS reflecting YOUR relationship with the

French American Chamber of Commerce in San Francisco since 2013.

67. All COMMUNICATIONS between YOU and the French American Chamber of Commerce in San Francisco since 2013.

68. All DOCUMENTS in any language which indicates that YOU operate www.gameloft.com ("Website") at any time since 2013 to the present.

69. All DOCUMENTS in any language which indicates that YOU publish the content on the Website at any time since 2013 to the present.

70. Sufficient DOCUMENTS reflecting that YOU have control and authority to decide what content is published on the Website in any language.

71. All DOCUMENTS which REFER, RELATE TO, or REFLECT any records (*e.g.*, cookies) that indicates a visitor to the Website is associated with California.

72. All DOCUMENTS which REFER, RELATE TO, or REFLECT any geo-tagging that enables YOU to associate a user with California.

73. All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Terms of Use of the Website wherein California is referenced in any way.

74. All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Privacy Policy for the Website wherein California is referenced in any way since 2013.

75. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR business plans for 2013, 2014, 2015, 2016, and/or 2017 as they relate to California.

76. All DOCUMENTS which REFER, RELATE TO, or REFLECT any business development efforts or activities to market or generate new business in or from California users or businesses for YOU or any of YOUR subsidiaries in 2013, 2014, 2015, 2016, and/or 2017.

77. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to open an office in California or YOUR decision to allow Gameloft, Inc. to open an office in California.

78. Sufficient DOCUMENTS reflecting how YOU decided to open an office in California or allow Gameloft, Inc. to open an office in California.

79. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to not close the office in California.

80. Sufficient DOCUMENTS reflecting how YOU decided to close offices in the United States.

81. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertisers based in California.

82. All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertising agencies based in California.

DATED: March 19, 2018

KYZEN LAW PC

By: [signature]

Q. Huy Do
Attorney for Plaintiff GLASS EGG DIGITAL MEDIA LIMITED

# EXHIBIT A

ROBERT A. WEIKERT (SBN 121146)
rweikert@nixonpeabody.com
SETH NEULIGHT (SBN 184440)
sneulight@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

MATTHEW FRANKEL (SBN 256633)
mfrankel@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

*Attorneys for Defendant*
GAMELOFT, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GLASS EGG DIGITAL MEDIA, a British Virgin Islands Corporation,

Plaintiff,

v.

GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation; GAMELOFT IBERICA S.A.U., a Spain Corporation; VIVENDI SA, a France Corporation; and DOES 1-20, inclusive,

Defendants.

Case No. 3:17-cv-4165-MMC

**DEFENDANT GAMELOFT, INC.'S OBJECTIONS AND RESPONSES TO FIRST SET OF PLAINTIFF'S REQUESTS FOR PRODUCTION [SET ONE]**

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO: ONE

Defendant Gameloft, Inc. ("Gameloft USA") through its counsel, Nixon Peabody LLP, responds and objects to the First Set of Requests for Production (the "Requests") propounded by Plaintiff Glass Egg Digital Media Limited ("Glass Egg" or "Plaintiff") as follows:

**PREFATORY STATEMENT**

Gameloft USA objects to responding to Plaintiff's Requests *in toto* at this time. On April 6, 2018, Gameloft USA filed a Motion to Dismiss All Claims Against Gameloft, Inc. in the Second Amended Complaint, with prejudice (the "Motion"). That Motion is set to be heard on May 11, 2018, and challenges all of the current claims asserted against Gameloft USA. If Gameloft USA fully prevails on that Motion, Gameloft USA will have no obligation to respond in any fashion to the Requests; if it partially prevails, the scope of permissible discovery will be affected. Thus, the decision on the Motion will bear directly on the discoverability of the matters implicated by the Requests. In light of this procedural posture, the Requests are premature and will remain so until the pleadings are settled. It would be unfair and prejudicial if Gameloft USA were required to respond to almost 250 document requests when its Motion, which could be dispositive of all claims, is pending.

For these reasons, it is well-settled in this Circuit that discovery should be stayed while dispositive motions are pending. *See, e,g., Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of a summary judgment motion)); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (finding that the trial court did not commit error by staying discovery pending a ruling on summary judgment motion); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (magistrate court committed clear error

when it did not stay discovery pending the determination of the defendant's summary adjudication motion). A stay is warranted where it furthers the goal of efficiency for the court and litigants. *See, e.g., City of Seattle,* 863 F.2d at 685.

Accordingly, Gameloft USA provides the following responses only to preclude any argument by Glass Egg that Gameloft USA's objections to the Requests have not been preserved. Gameloft USA reserves all rights to assess anew the appropriateness and scope of the Requests following the Court's ruling on Gameloft USA's Motion and, if necessary, to seek additional time to supplement or amend these responses, and to identify and produce responsive, discoverable documents, if any.

**RESERVATION OF RIGHTS**

1. To the extent that Gameloft USA produces documents in response to the Requests, it does so without conceding the materiality, admissibility, or relevance of any such documents, or of any other substantive responses to the Requests. Nothing in these responses and objections shall be deemed an admission regarding the existence of any information or documents or the truth or accuracy of any statement or characterization contained in any request.

2. Gameloft USA reserves all objections to the use of these responses and of any documents it produces. All such objections may be interposed by Gameloft USA at the time of trial or as otherwise required by the rules or order of the Court.

3. Gameloft USA reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4. The specific responses set forth below are based upon information now available to Gameloft USA. Discovery has only begun and Gameloft USA reserves the right at any time to revise, supplement, amend, withdraw or correct these responses as further discovery, and the development of evidence, may warrant.

5. Any inadvertent production of any information or document shall not be deemed or construed a waiver of any privilege or right of Gameloft USA with respect to such information or document or of any work product doctrine or immunity which may attach thereto, and

Gameloft USA reserves its right to demand that Glass Egg return to it any such document and all copies thereof.

6. Gameloft USA will produce documents at a time and place agreed to by the parties subsequent to the entering by the Court of an appropriate Confidentiality Stipulation and Protective Order that includes, among other things, protection for sensitive business and trade secret information.

## GENERAL OBJECTIONS

Gameloft USA makes the objections that are described below to each of the Requests. Unless otherwise stated, each general objection is asserted in response to each Request.

1. Gameloft USA objects to each definition, instruction, and request to the extent that it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Northern District of California ("Local Rules"), the Court's standing orders, and any other applicable statutes, rules, or standing orders.

2. Gameloft USA objects to the Requests as premature insofar as they are served before the pleadings in this matter are set, before it has been established whether Plaintiff has stated a claim upon which relief may be granted or whether any of its claims are subject to dismissal, in whole or in part.

3. Gameloft USA objects to the Requests insofar as they seek to circumvent the Court's prior orders and instructions relative to the permissible scope, timing, and manner of jurisdictional discovery vis-à-vis Gameloft SE. The Requests herein are virtually identical to and duplicative of document requests served on Gameloft SE, and much, if not all, of the subject matter of the Requests bears on jurisdictional issues involving Gameloft SE. Gameloft USA objects to Glass Egg's attempt to use discovery requests propounded to Gameloft USA as a conduit for obtaining information Glass Egg should seek directly from Gameloft SE, or that is otherwise outside the scope of permissible jurisdictional discovery.

4. Gameloft USA objects to the Requests to the extent that they are overbroad, unduly burdensome, and improper. The Requests are burdensome in their number and content.

5. Gameloft USA objects to the Requests to the extent they seek documents that are already in Glass Egg's possession.

6. Gameloft USA objects to the Requests to the extent they seek information or documents neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1).

7. Gameloft USA objects to the Requests to the extent they purport to call for information or documents in the public domain and not in the exclusive possession, custody, or control of Gameloft USA. Such requests are beyond the scope of permissible discovery, would impose an undue burden on Gameloft USA, and are an attempt to require Gameloft USA to prepare Glass Egg's case. Such information and documents are as equally available to Glass Egg as they are to Gameloft USA.

8. Gameloft USA objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, any common interest privilege, joint defense privilege, subject to the work product doctrine, or otherwise immune from discovery as outlined in the Federal Rules of Civil procedure and other applicable law. Plaintiff hereby asserts all applicable privileges, immunities, and/or exemptions.

9. Gameloft USA objects to the Requests to the extent they purport to call for information or documents not presently in the possession, custody, or control of Gameloft USA, and/or is not ascertainable by means of a reasonably diligent search, including without limitation, information and documents that were never in Gameloft USA's possession, are no longer in Gameloft USA's possession, or are in the possession of third parties or separate legal entities. Gameloft USA has no obligation to produce any such information.

10. Gameloft USA objects to the Requests to the extent the purport to compel production of information protected by federal or state privacy laws.

11. Gameloft USA objects to each Request to the extent that it calls for the disclosure or production of confidential information or trade secrets belonging to Gameloft USA or other parties. Gameloft USA further objects to producing documents constituting the confidential information of a third party, or in violation of a legal or contractual obligation of nondisclosure to a third party, without either the consent of the relevant third party or a Court Order compelling production. Gameloft USA further objects to producing any documents or information that Gameloft USA is required by law or applicable regulations to keep confidential. Gameloft USA objects to the production of any such confidential information or trade secrets, if at all, before a suitable stipulated protective order has been entered by the Court in this matter.

12. Gameloft USA objects to each Request to the extent that it is vague and ambiguous or contains a term or phrase that is vague and ambiguous.

13. Gameloft USA objects to the Requests in their entirety to the extent they purport to compel production of irrelevant material merely because some portion of a particular document or documents may be relevant and subject to production. Gameloft USA is entitled to redact irrelevant material and thereby limit their production to material that is relevant to the issues presented by the pleadings.

14. Gameloft USA objects to the Requests to the extent that they contain individual requests that are redundant or duplicative of other individual requests.

15. The specific responses set forth below are based upon information now available to Gameloft USA and Gameloft USA reserves the right at any time to revise, correct, add to, supplement or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that Gameloft USA may interpose as to future supplemental responses.

16. Gameloft USA's responses to the Requests are made expressly without in any way waiving or intending to waive, but rather preserving and intending to preserve, all objections as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the

documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation.

17. A response or objection to an individual request does not mean necessarily that any documents exist or are in the possession, custody, or control of Gameloft USA that are responsive to any specific individual request.

18. Gameloft USA objects to Glass Egg's Definition and Instructions, Number 13, insofar as it indicates that Glass Egg is seeking documents in the possession of the Responding Party's "attorneys or other periods [sic] directly or indirectly employed by, or connected with the Responding Party or its attorneys, or anyone acting on its behalf or otherwise subject to its control," and consequently is nonsensical, vague, and overly broad.

19. Gameloft USA reserves the right to make additional objections at any time and to move for an appropriate protective order.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Sufficient DOCUMENTS reflecting total sales for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient" and "total sales" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or

control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Sufficient DOCUMENTS reflecting total sales by geography, region, country, city and/or state for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "total sales," "geography," and "region" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT sales attributed to California for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sales" and "attributed to" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Sufficient DOCUMENTS reflecting total revenue for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "total revenue" and "sufficient" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Sufficient DOCUMENTS reflecting total revenue by geography, region, country, city and/or state for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "total revenue," "reflecting," "geography," and "region" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT revenue attributed to California for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "revenue" and "attributed to" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad

as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Sufficient DOCUMENTS reflecting total profits for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient" and "total profits" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties.

Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Sufficient DOCUMENTS reflecting total profits by geography, region, country, city and/or state for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "total profits," "attributed to," "geography," and "region" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT profits attributed to California for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "profits" and "attributed to" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

Sufficient DOCUMENTS reflecting the total number of users who downloaded games for each fiscal year from 2013 to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “users,” “downloaded,” and “games” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

Sufficient DOCUMENTS reflecting the total number of users who downloaded games by geography, region, country, city and/or state for each fiscal year from 2013 to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "users," "downloaded," "games," "geography," and "region" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the total number of users attributed to California who downloaded games for each fiscal year from 2013 to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "users," "attributed to," "downloaded," and "games" are vague and ambiguous. Gameloft USA objects to this Request on

the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Sufficient DOCUMENTS reflecting the economic value of digital assets purchased by users by geography, region, country, city and/or state for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "economic value," "digital assets," "purchased," "users," "geography," and "region" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to

the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the economic value attributed to California of digital assets purchased by users for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "economic value," "attributed to," "digital assets," "purchased," and "users" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but,

rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Sufficient DOCUMENTS reflecting any and all names of any 3D digital car purchased by users from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "3D digital car," "purchased," and "users" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the names of any and all 3D digital car purchased by users associated with California for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "3D digital car," "purchased," "users," and "associated with" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Sufficient DOCUMENTS reflecting any and all advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "advertisers," "target," "users," and "physical or IP address" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Sufficient DOCUMENTS reflecting the revenue generated from advertisers who target users with a California physical or IP address for each fiscal year from 2013 to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "revenue generated," "advertisers," "target," "users," and "physical or IP address" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

Sufficient DOCUMENTS reflecting the total number of advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "advertisers," "did

business," "in/from California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Sufficient DOCUMENTS reflecting the revenue generated from advertisers with a physical business address in California or with whom YOU did business in/from California for each fiscal year from 2013 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "revenue generated," "advertisers," "did business" and "in/from California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions target specific users of any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "target," "specific users," and "any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or

trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Sufficient DOCUMENTS which explains and/or demonstrates how any of the online advertising solutions collect or obtain demographic information, including user preference, interests and lifestyle, or any other information associated with any of the users of any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explains and/or demonstrates," "online advertising solutions," "collect or obtain," "demographic information," "user preference, interests and lifestyle," "any other information associated with any of the users," and "any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of

documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers target user audiences of any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "advertisers," "target," "user audiences" and "any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft

USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers target user audiences of any game more efficiently.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "online advertising solutions," "advertisers," "target," "user audiences," "any game," and "efficiently" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to help advertisers boost their key performance indicators ("KPIs").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," and "key performance indicators" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to collect or obtain a user's specific physical location through either latitude, longitude, and/or IP address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "collect or obtain," "a user," and "latitude, longitude and/or IP address" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to target a user based on interests and lifestyle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "target," "user" and "interests and lifestyle" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Sufficient DOCUMENTS to explain and/or demonstrate how any of the online advertising solutions is able to target a user based on user preferences.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "target," and "user preferences" are vague and

ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Sufficient DOCUMENTS reflecting the number of advertising campaigns targeted at users associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "advertising campaigns," "targeted," and "users associated with California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Sufficient DOCUMENTS to explain and/or demonstrate how the online advertising solutions is able to target users in California based on user preferences, and/or interests and lifestyle to reach users in/from California or using a California IP address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain and/or demonstrate," "online advertising solutions," "target," "users," "user preferences," "interests and lifestyle," "reach," "in/from California," and "California IP address" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret

information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertising campaign for advertisers that targeted or targets users associated with California either through location, user preference, interests and lifestyles, and/or any other demographical information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any advertising campaign for advertisers," "targeted or targets," "associated with California," "user preference, interests and lifestyles" and "any other demographical information" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or

control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "license agreements," "business address," and "royalty and/or license fee" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or

control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any company with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "economic value," "derived from," "license agreements," "business address," and "royalty and/or license fee," are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft

USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Sufficient DOCUMENTS reflecting any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "license agreements," "car manufacturer," "business address," and "royalty and/or license fee" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Sufficient DOCUMENTS reflecting the economic value derived from any and all license agreements between YOU and any car manufacturer with a California business address requiring YOU to pay a royalty and/or license fee of any kind.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "economic value," "derived from," "license agreements," "car manufacturer," "business address," and "royalty and/or license fee" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address for any commercial purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "agreements," "business address," and "commercial purpose" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address for any commercial purpose.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 37</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "economic value," "derived from," "agreements," "business address," and "commercial purpose" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 38</u>:**

Sufficient DOCUMENTS reflecting any monies owed pursuant to any and all agreements between YOU and any company with a California business address for any commercial purpose.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "monies owed," "agreements," "business address," and "commercial purpose" are vague and ambiguous.

Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Sufficient DOCUMENTS reflecting any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "agreements," "business address," "distribute, market, and/or sell," and "any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Sufficient DOCUMENTS reflecting the economic value derived from any and all agreements between YOU and any company with a California business address to distribute, market, and/or sell any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "economic value," "derived from," "agreements," "business address," "distribute, market, and/or sell," and "any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties.

Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS between YOU and any company with a California business address and hired or retained to distribute, market, and/or sell games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "business address," "hired or retained," and "distribute, market, and/or sell" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell games in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "marketing, advertising, or sponsorship," "promote or sell," "games," "offline or online advertising outlet or media," and "main audience, members, readership, and/or viewership," and "California users" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of

confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Sufficient DOCUMENTS reflecting any and all marketing, advertising, or sponsorship activities by YOU to promote or sell in-game advertising solution in any offline or online advertising outlet or media, including newspapers, advertising agency, publicists, magazines, sponsorships of events in California, sponsorships of organizations based in California, TV commercials, TV shows, amusement parks, websites, blogs, game review websites, among others, and whose main audience, members, readership, and/or viewership are California users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "marketing, advertising, or sponsorship activities," "promote or sell," "in-game advertising solution," "offline or online advertising outlet or media," and "sponsorships of events," "sponsorships of organizations," "main audience, members, readership, and/or viewership," and "California users" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's

possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR employees to California since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “purpose,” and “business trips” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR officers to California since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "purpose," "business trips," and "officers" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Sufficient DOCUMENTS reflecting the number and purpose of business trips taken by any of YOUR board of directors to California since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "purpose," "business trips," and "any of YOUR board of directors" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' network within California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "network" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the Gameloft Advertising Solutions' activities within California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "activities" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably

calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Sufficient DOCUMENTS reflecting YOUR contractual arrangement with Smart Recruiter in San Francisco.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient" and "contractual arrangement" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third

parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS between YOU and Smart Recruiter in San Francisco regarding candidates from California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "candidates" and "from California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft

USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Sufficient DOCUMENTS reflecting the number of resumes received from candidates associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "candidates," and "associated with" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 52</u>:**

Sufficient DOCUMENTS reflecting the number of candidates associated with California that YOU hired.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 52</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "candidates," "associated with" and "hired" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 53</u>:**

Sufficient DOCUMENTS reflecting any legal document RELATING to the Website or any game whereby California and/or the exercise of jurisdiction in California was or is the venue to resolve disputes of any kind.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 53</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "legal document," "the Website," "any game," "the exercise of jurisdiction," "venue," "resolve," and "disputes of any kind" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 54</u>:**

Sufficient DOCUMENTS to indicate the commercial reasons why California was chosen as the venue to resolve disputes RELATING to the Website or any game.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 54</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "commercial reasons," "venue," "resolve," "disputes," and "the Website or any game" are vague and ambiguous.

Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

Sufficient DOCUMENTS to indicate which other jurisdictions were considered to resolve disputes, but not selected for the Website or any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "indicate," "jurisdictions," "were considered," "resolve," "disputes," and "the Website or any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent

that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

Sufficient DOCUMENTS reflecting any legal document whereby California law of any kind (e.g., commercial, privacy, contract, employment, regulatory) is referenced as controlling or applicable for any purpose RELATING to the Website or any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "legal document," "law of any kind," "referenced as controlling or applicable for any purpose" and "the Website or any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third

parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Sufficient documents to indicate the commercial reasons why California law was referenced as controlling or applicable law RELATING to the Website or any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "indicate," "commercial reasons," "referenced as controlling or applicable law," "the Website or any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Sufficient documents to indicate all other legal jurisdictions considered to be applicable and/or controlling but not ultimately selected for the Website or any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "indicate," "legal jurisdictions," "considered to be applicable and/or controlling but not ultimately selected," and "for the Website or any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents through any form social media such as Facebook, Twitter, LinkedIn, or similar social media platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "outreach" and "similar social media platforms" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any outreach to California residents on any of the app platforms used to distribute any game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "outreach," "any of the app platforms used to distributed any game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Sufficient DOCUMENTS reflecting the launch of any game in any California either offline or online.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 61</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "launch," "any game," and "offline or online" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 62</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT development of any game within California.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 62</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "development," "any game" and "within California" are vague and ambiguous. Gameloft USA objects to this Request on the

grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any customer support provided to any user associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "customer support," "user," and "associated with" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of

information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR presence (attendance, sponsorship, or speakership) at any gaming conference in California since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "presence" and "gaming conference" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft

USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All COMMUNICATIONS between YOU and GLSE regarding sales, marketing, and/or business development since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "sales, marketing, and/or business development" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 66</u>:**

Sufficient DOCUMENTS reflecting YOUR relationship with the French American Chamber of Commerce in San Francisco since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 66</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," and "relationship" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 67</u>:**

All COMMUNICATIONS between YOU and the French American Chamber of Commerce in San Francisco since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS in any language which indicates that YOU operate www.gameloft.com ("Website") at any time since 2013 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "indicates" and "operate" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the

needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS in any language which indicates who is the publisher of the content on the Website at any time since 2013 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "indicates," "publisher," "content," and "the Website" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of

documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

Sufficient DOCUMENTS reflecting who has control and authority to decide what content is published on the Website in any language.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "control and authority," "decide," "content," "published," and "the Website" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production

of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any records (e.g., cookies) that indicates a visitor to the Website is associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "records," "cookies," "visitor," "the Website," and "associated with" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any geo-tagging that enables YOU to associate a user with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "geo-tagging," "enables," "associate," and "user" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Terms of Use of the Website wherein California is referenced in any way.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "version," "Terms of Use of the Website," and "referenced in any way" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS in any language which REFER, RELATE TO, or REFLECT any version of the Privacy Policy for the Website wherein California is referenced in any way since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 74</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "version," "Privacy Policy for the Website," and "referenced in any way" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 75</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR business plans for 2013, 2014, 2015, 2016, and/or 2017 as they relate to California.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 75</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "reflect," "business plans" and "as they relate to California" are vague and ambiguous. Gameloft USA objects to this Request on the

grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any business development efforts or activities to market or generate new business in or from California users or businesses for YOU or any of YOUR subsidiaries in 2013, 2014, 2015, 2016, and/or 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "business development efforts or activities," "market or generate new business," and "in or from California users or businesses" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent

that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to open an office in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "decision" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft

USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Sufficient DOCUMENTS reflecting how YOU decided to open an office in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," and "decided" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to not close the office in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "decision to not close" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 80</u>:**

Sufficient DOCUMENTS reflecting how YOU decided to close offices in the United States.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 80</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “reflecting how,” and “close offices in the United States” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 81</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertisers based in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "decision to work with," "selection," "advertisers" and "based in California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT YOUR decision to work with or selection of advertising agencies based in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "decision to work with," "selection," "advertising agencies," and "based in California" are vague and ambiguous. Gameloft USA

objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any, that may be responsive to this Request.

DATED: April 18, 2018

NIXON PEABODY LLP

By: */s/ Robert A. Weikert*
ROBERT A. WEIKERT (SBN 121146)
SETH NEULIGHT (SBN 184440)
MATTHEW FRANKEL (SBN 256633)

Attorneys for Defendant
GAMELOFT, INC.

4835-3271-3570.1

**CERTIFICATE OF SERVICE**

I, Kerry Kappler, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, California 94111. On April 18, 2018, I served a copy of the within document(s):

**DEFENDANT GAMELOFT, INC.'S OBJECTIONS AND RESPONSES TO FIRST SET OF PLAINTIFF'S REQUESTS FOR PRODUCTION [SET ONE]**

☒: **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

☒: **By Electronic Mail** — By transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐: **By Federal Express** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee as set forth below on the next business day.

☐: **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressed as set forth below.

Q. Huy Do, Esq.
**KyZen Law PC**
1390 Market Street, Suite 200
San Francisco, CA 94102
Tel: (415) 991-1881
Fax: (415) 406-1881
Email: huy@kyzenlaw.com

Eliot R. Hudson, Esq.
Gina Durham, Esq.
Mandy Chan, Esq.
**DLA Piper LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501
Email: eliot.hudson@dlapiper.com
Email: gina.durham@dlapiper.com
Email: mandy.chan@dlapiper.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 18, 2018, at San Francisco, California.

Kerry Kappler



4823-5471-9074.1

# EXHIBIT B

ROBERT A. WEIKERT (SBN 121146)
rweikert@nixonpeabody.com
SETH NEULIGHT (SBN 184440)
sneulight@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

MATTHEW FRANKEL (SBN 256633)
mfrankel@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,

Plaintiff,

vs.

GAMELOFT, INC., a Delaware Corporation; GAMELOFT SF a France Corporation, GAMELOFT IBERICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation and DOES 1-20,

Defendants.

Case No. 3:17-cv-4165-MMC

**DEFENDANT GAMELOFT, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS [SET TWO]**

PROPOUNDING PARTY: PLAINTIFF GLASS EGG DIGITAL MEDIA LIMITED

RESPONDING PARTY: DEFENDANT GAMELOFT, INC.

SET NO.: TWO

Defendant Gameloft, Inc. ("Gameloft USA") through its counsel, Nixon Peabody LLP, responds and objects to the First Set of Requests for Production (the "Requests") propounded by Plaintiff Glass Egg Digital Media Limited ("Glass Egg" or "Plaintiff") as follows:

**PREFATORY STATEMENT**

Gameloft USA objects to responding to Plaintiff's Requests *in toto* at this time. On April 6, 2018, Gameloft USA filed a Motion to Dismiss All Claims Against Gameloft, Inc. in the Second Amended Complaint, with prejudice (the "Motion"). That Motion is set to be heard on May 11, 2018, and challenges all of the current claims asserted against Gameloft USA. If Gameloft USA fully prevails on that Motion, Gameloft USA will have no obligation to respond in any fashion to the Requests; if it partially prevails, the scope of permissible discovery will be affected. Thus, the decision on the Motion will bear directly on the discoverability of the matters implicated by the Requests. In light of this procedural posture, the Requests are premature and will remain so until the pleadings are settled. It would be unfair and prejudicial if Gameloft USA were required to respond to more than 250 document requests when its Motion, which could be dispositive of all claims, is pending.

For these reasons, it is well-settled in this Circuit that discovery should be stayed while dispositive motions are pending. *See, e,g., Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of a summary judgment motion)); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (finding that the trial court did not commit error by staying discovery pending a ruling on summary judgment motion); *GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 287 (S.D. Cal. 2000) (magistrate court committed clear error when it did not stay discovery pending the determination of the defendant's summary adjudication motion). A stay is warranted where it furthers the goal of efficiency for the court and litigants. *See, e.g., City of Seattle,*863 F. 2d at 685.

Accordingly, Gameloft USA provides the following responses only to preclude any argument by Glass Egg that its objections to the Requests have not been preserved. Gameloft USAs reserves all rights to assess anew the appropriateness and scope of the Requests following the Court's ruling on Gameloft USA's Motion and, if necessary, to seek additional time to supplement or amend these responses, and to identify and produce responsive, discoverable documents, if any.

**RESERVATION OF RIGHTS**

1. To the extent that Gameloft USA produces documents in response to the Requests, it does so without conceding the materiality, admissibility, or relevance of any such documents, or of any other substantive responses to the Requests. Nothing in these responses and objections shall be deemed an admission regarding the existence of any information or documents or the truth or accuracy of any statement or characterization contained in any request.

2. Gameloft USA reserves all objections to the use of these responses and of any documents it produces. All such objections may be interposed by Gameloft USA at the time of trial or as otherwise required by the rules or order of the Court.

3. Gameloft USA reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4. The specific responses set forth below are based upon information now available to Gameloft USA. Discovery has only begun and Gameloft USA reserves the right at any time to revise, supplement, amend, withdraw or correct these responses as further discovery, and the development of evidence, may warrant.

5. Any inadvertent production of any information or document shall not be deemed or construed a waiver of any privilege or right of Gameloft USA with respect to such information or document or of any work product doctrine or immunity which may attach thereto, and Gameloft USA reserves its right to demand that Glass Egg return to it any such document and all copies thereof.

6. Gameloft USA will produce documents at a time and place agreed to by the parties subsequent to the entering by the Court of an appropriate Confidentiality Stipulation and Protective

Order that includes, among other things, protection for sensitive business and trade secret information.

**GENERAL OBJECTIONS**

Gameloft USA makes the objections that are described below to each of the Requests. Unless otherwise stated, each general objection is asserted in response to each Request.

1. Gameloft USA objects to each definition, instruction, and request to the extent that it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Northern District of California ("Local Rules"), the Court's standing orders, and any other applicable statutes, rules, or standing orders.

2. Gameloft USA objects to the Requests as premature insofar as they are served before the pleadings in this matter are set, before it has been established whether Plaintiff has stated a claim upon which relief may be granted or whether any of its claims are subject to dismissal, in whole or in part.

3. Gameloft USA objects to the Requests insofar as they seek to circumvent the Court's prior orders and instructions relative to the permissible scope, timing, and manner of jurisdictional discovery vis-à-vis Gameloft USA Gameloft SE. The Requests herein are virtually identical to and duplicative of document requests served on Gameloft SE, and much, if not all, of the subject matter of the Requests bears on jurisdictional issues involving Gameloft SE. Gameloft USA objects to Glass Egg's attempt to use discovery requests propounded to Gameloft USA as a conduit for obtaining information Glass Egg should seek directly from Gameloft SE, or that is otherwise outside the scope of permissible jurisdictional discovery.

4. Gameloft USA objects to the Requests to the extent that they are overbroad, unduly burdensome, and improper. The Requests are burdensome in their number and content.

5. Gameloft USA objects to the Requests to the extent they seek documents that are already in Glass Egg's possession.

6. Gameloft USA objects to the Requests to the extent they seek information or documents neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1).

7. Gameloft USA objects to the Requests to the extent they purport to call for information or documents in the public domain and not in the exclusive possession, custody, or control of Gameloft USA. Such requests are beyond the scope of permissible discovery, would impose an undue burden on Gameloft USA, and are an attempt to require Gameloft USA to prepare Glass Egg's case. Such information and documents are as equally available to Glass Egg as they are to Gameloft USA.

8. Gameloft USA objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, any common interest privilege, joint defense privilege, subject to the work product doctrine, or otherwise immune from discovery as outlined in the Federal Rules of Civil procedure and other applicable law. Plaintiff hereby asserts all applicable privileges, immunities, and/or exemptions.

9. Gameloft USA objects to the Requests to the extent they purport to call for information or documents not presently in the possession, custody, or control of Gameloft USA, and/or is not ascertainable by means of a reasonably diligent search, including without limitation, information and documents that were never in Gameloft USA's possession, are no longer in Gameloft USA's possession, or are in the possession of third parties or separate legal entities. Gameloft USA has no obligation to produce any such information.

10. Gameloft USA objects to the Requests to the extent the purport to compel production of information protected by federal or state privacy laws.

11. Gameloft USA objects to each Request to the extent that it calls for the disclosure or production of confidential information or trade secrets belonging to Gameloft USA or other parties. Gameloft USA further objects to producing documents constituting the confidential information of a third party, or in violation of a legal or contractual obligation of nondisclosure to

a third party, without either the consent of the relevant third party or a Court Order compelling production. Gameloft USA further objects to producing any documents or information that Gameloft USA is required by law or applicable regulations to keep confidential. Gameloft USA objects to the production of any such confidential information or trade secrets, if at all, before a suitable stipulated protective order has been entered by the Court in this matter.

12. Gameloft USA objects to each Request to the extent that it is vague and ambiguous or contains a term or phrase that is vague and ambiguous.

13. Gameloft USA objects to the Requests in their entirety to the extent they purport to compel production of irrelevant material merely because some portion of a particular document or documents may be relevant and subject to production. Gameloft USA is entitled to redact irrelevant material and thereby limit their production to material that is relevant to the issues presented by the pleadings.

14. Gameloft USA objects to the terms "GLI", "GL USA", and "DEFENDANT GLI", and to the definitions of "YOU" and "YOURS" to the extent that those terms or definitions purport to include separate legal entities, including, but not limited to, parents, subsidiaries, and affiliates.

15. Gameloft USA objects to any requests seeking information before 2014 as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Second Amended Complaint alleges facts showing that no alleged infringement, misappropriation or other unlawful use of the alleged copyright or information could have occurred before 2014.

16. Gameloft USA objects to any requests seeking information that is not related to Gameloft USA's actions directed to the sale of mobile car games in California as a market**,** as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17. Gameloft USA objects to the Requests to the extent that they contain individual requests that are redundant or duplicative of other individual requests.

18. The specific responses set forth below are based upon information now available to Gameloft USA and Gameloft USA reserves the right at any time to revise, correct, add to, supplement or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that Gameloft USA may interpose as to future supplemental responses.

19. Gameloft USA's responses to the Requests are made expressly without in any way waiving or intending to waive, but rather preserving and intending to preserve, all objections as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation.

20. A response or objection to an individual request does not mean necessarily that any documents exist or are in the possession, custody, or control of Gameloft USA that are responsive to any specific individual request.

21. Gameloft USA objects to each and every Request to the extent that it does not specify a time period and to the extent that it seeks documents that are outside of a period properly limited in time.

22. Gameloft USA objects to each and every Request to the extent that it seeks to have Gameloft USA create documents that do not already exist.

23. Gameloft USA objects to each and every Request to the extent that it requests the production of documents in a form or manner in which they are not kept or maintained in the ordinary course of business.

24. Gameloft USA reserves the right to make additional objections at any time and to move for an appropriate protective order.

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Asphalt games" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the sale, marketing or distribution of any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "marketing," and "distribution" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the development and/or production of any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "development and/or production" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's

claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all licenses for the use of any intellectual property or confidential information in any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "use of," "intellectual property or confidential information," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the

production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenues generated by or from any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "generated by or from" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree

to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenues generated by or from the Gameloft Advertising Solutions ("CLADS") platform RELATING TO any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "generated by or from," and "Gameloft Advertising Solutions ('CLADS') platform," are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the sale, marketing or distribution of any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," and "sale, marketing or distribution" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the development of any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Asphalt games" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any and all licenses for the use of any intellectual property or confidential information in any and all Asphalt games since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "licenses for the use of any intellectual property or confidential information" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any revenues generated by or from any and all Asphalt games since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," and "generated by or from" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is

overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any revenues generated by or from the Gameloft Advertising Solutions ("CLADS") platform RELATING TO any and all Asphalt games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," "generated by or from," and "Gameloft Advertising Solutions ('CLADS') platform," are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts

not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with GLSE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "any agreement" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft

USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Sufficient DOCUMENTS reflecting any and all contracts between YOU or GLSE and any licensor of intellectual property registered to do business in California for each fiscal year since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "[s]ufficient," "any and all contracts," "any licensor of intellectual property" and "registered to do business" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with GLSAU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "any agreement" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 15</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with Vivendi.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term “any agreement” is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 16</u>:**

All COMMUNICATIONS to, from or involving Gameloft SE which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Asphalt game" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS to, from, or involving GLSAU which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "any and all Asphalt game" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor

reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS to, from, or involving Vivendi which REFER, RELATE TO, or REFLECT any and all Asphalt game since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Asphalt game" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent

that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS which REFER TO Alive Interactive since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Alive Interactive" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS to, from or involving Alive Interactive since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Alive Interactive" and "involving" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT how Alive Interactive was selected to provide services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Alive Interactive," "selected," and "provide services" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS which REFER TO Hung Thinh 3D ("HT3D") since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "Hung Thinh 3D" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs

of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS to, from or involving HT3D since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "involving" and "HT3D" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft

USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT how HT3D was selected to provide services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "HT3D" and "provide services" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any and all PERSONS who provided any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "provided any services," "relating to," "digital assets," "incorporated into," "made available for sale," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 26</u>:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any and all PERSONS who provided any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "provided any services," "relating to," "digital assets," "incorporated into," "made available," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 27</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT how any and all PERSONS were selected to provide any services relating to any and all digital assets incorporated into and made available for sale in any and all Asphalt games.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “selected,” “provide any services” “relating to,” “any and all digital assets,” “incorporated into,” “made available for sale” and “Asphalt games” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 28</u>:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT how any and all PERSONS were selected to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 28</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "selected," and "provide any services," "relating to," "digital car models," "incorporated to," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who provided any services relating to any and all digital car models incorporated to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any due diligence," "provided any services," "relating to," "digital car models," "incorporated to" and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who provided any services relating to any and all digital car models incorporated to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any due diligence," "provided any services," "relating to," "digital car models," "incorporated to" and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 31</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who was considered to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any due diligence," "considered to," "provided any services," "relating to," "digital car models," "incorporated to" and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any due diligence conducted about any and all PERSONS who was considered to provide any services relating to any and all digital car models incorporated to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any due diligence," "was considered," "provide any services," "relating to," "digital car models," "incorporated to" and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any policies, standards, or procedures to protect confidential information.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "policies, standards or procedures," "protect" and "confidential information" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any IT security policies, standards, or procedures to access, store, copy, and/or transfer any data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "IT security policies, standards, or procedures," "access, store, copy, and/or transfer" and "any data" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any security policies, standards, or procedures regarding the use or access to private email accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any security policies, standards, or procedures," "regarding the use or access" and "private email accounts" are vague and ambiguous.

Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the creation and/or ownership of intellectual property created at work, or using company resources, or during work hours.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "creation and/or ownership," and "intellectual property," "created at work," "using company resources" and "during work hours" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the

needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the creation and/or ownership of intellectual property created at work, or using company resources, or during work hours.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "creation and/or ownership," and "intellectual property," "created at work," "using company resources" and "during work hours" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade

secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the cost associated with the development and/or production of games since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "cost associated with," "development and/or production" and "games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA

will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the cost associated with the development and/or production of games since 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "cost associated with," "development and/or production" and "games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 40</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the decision to establish any and all studios in any country in Asia.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "the decision," "to establish" and "all studios" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the decision to establish any and all studios in any country in Asia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "decision to establish" and "all studios" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS which REFER TO Do Quoc Hung since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on

or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All COMMUNICATIONS to, from, or involving Do Quoc Hung since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any

such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS which REFER TO Vo Duc Hung since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All COMMUNICATIONS to, from, or involving Vo Duc Hung since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "involving" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 46</u>:**

All DOCUMENTS which REFER TO Donn Garton since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 46</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on

or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS to, from, or involving Donn Garton since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the term "involving" is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information

belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with Alive Interactive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any agreement" and "Alive Interactive" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any agreement with HT3D.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any agreement" and "HT3D" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments made to Alive Interactive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "payments" and "Alive Interactive" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments to HT3D.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any payments" and "HT3D" are vague

and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any payments made to Alive Interactive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "payments" and "Alive Interactive" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this

Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any work product, including digital car models and/or associated accessories, sent from Alive Interactive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital car models," "associated accessories" and "Alive Interactive" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the

extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including digital car models and/or associated accessories, sent from Alive Interactive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “work product,” “digital car models,” “associated accessories” and “Alive Interactive” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from HT3D.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital asset," "sent" and "HT3D" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from HT3D.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital asset," "sent" and "HT3D" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital asset," "sent," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital asset," "sent," "relating to," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither

relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any payment for any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "work product," "digital asset," "sent" "relating to" and "Asphalt games." Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including

confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any payment for any work product, including any digital asset, sent from any PERSON relating to any and all Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any payment," "work product," "digital asset," "sent," "relating to," and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this

Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS referenced in YOUR initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any board meetings referencing any Asphalt games, including the development, production, sale, marketing, and/or game support of/for any Asphalt games.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "board meetings," "referencing," "Asphalt games," "development, production, sale, marketing and/or game support of/for" and "Asphalt games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any discussions about establishing any office in the USA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions," and "establishing" and "office" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about closing any office in the USA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions" and "closing" and "any office" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims

or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about establishing or maintaining a presence in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions" and "establishing or maintaining" and "presence" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties.

Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about the market in California, including advertisers, players, and/or brand owners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions," "the market," and "advertisers, players, and/or brand owners" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA;

Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT and discussions about the market in the USA, including advertisers, players, and/or brand owners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions," "the market," and "advertisers, players, and/or brand owners" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about Electronic Arts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions" and "Electronic Arts" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about any other mobile game publisher or developer.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 69</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions" and "mobile game publisher or developer" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 70</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT discussions about the development of any car racing game.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 70</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "discussions," "development" and "car racing game" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's

claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

Sufficient DOCUMENTS reflecting the launch of any game in California either offline or online due to the size of the market in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "launch," "offline or online," "game," "in California," and "due to the size of the market" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade

secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT how players are associated with California for purposes of geo-targeting due to the size of California's population.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "players," "associated with California," and "geo-targeting" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA

will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 73:**

Sufficient DOCUMENTS to identify what PERSONAL INFORMATION is collected from players of games since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "identify," "collected" and "players of games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 74</u>:**

Sufficient DOCUMENTS to identify how PERSONAL INFORMATION is collected from players of games since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 74</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "identify," "collected from" and "players of games" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 75</u>:**

Sufficient DOCUMENTS to identify what PERSONAL INFORMATION is collected from visitors to <u>www.gameloft.com</u> ("Website") since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "identify," "collected" and "visitors" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

Sufficient DOCUMENTS to identify how PERSONAL INFORMATION is collected from visitors to the Website since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "identify," "collected from" and "visitors" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to

any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Sufficient DOCUMENTS to identify how advertisers select and use PERSONAL INFORMATION since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "identify" and "advertisers" and "select and use" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third

parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Sufficient DOCUMENTS to explain how PERSONAL INFORMATION is incorporated into the Gameloft Advertising Solutions ("GLADS") platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "explain how" and "incorporated into" and "Gameloft Advertising Solutions ('GLADS') platform" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any

such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

Sufficient DOCUMENTS to explain what GLADS is, including how it functions, where its servers are located, who controls it, who owns it, who accesses it, how it generates revenues or is used to generate revenues, and how such revenues are accounted in financial documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “explain what,” “GLADS,” “how it functions,” “where its servers are located,” “who controls it,” “who owns it,” “who accesses it,” “how it generates revenues,” “used to generate revenues”, and “how such revenues are accounted in financial documents platform” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertiser registered to do business in California with whom YOU or GLSE do business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "advertiser" and "registered to do business" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 81</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any advertiser registered to do business in the United States of America ("USA") with whom YOU or GLSE do business.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 81</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "advertiser," "registered to do business" and "incorporated into" and "Gameloft Advertising Solutions ('GLADS') platform" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 82</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any Website functionality that collects information identifying a visitor as a resident or present in California.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 82</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Website functionality," "collects information" and "identifying" and "a visitor" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 83</u>:**

Sufficient DOCUMENTS reflecting how languages were selected for use on the Website.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 83</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting" and "for use" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the

needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT how languages used on the Website leverage California's diverse population.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "used on," "leverage" and "diverse population" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft

USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT languages used on the Website where California was part of the decision for language choice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "where California was part of the decision for language choice" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the advertising to any PERSONS associated with California, including tracking and effectiveness of such advertisements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "associated with California," "tracking and effectiveness" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the advertising to any PERSONS associated with the USA, including tracking and effectiveness of such advertisements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "associated with the USA," and "effectiveness" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT online and offline advertisements associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "online and offline advertisements associated" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT online and offline advertisements associated with each state within the USA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "online and offline advertisements," and "associated with each state" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant

to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any revenue generated from any services YOU provide associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any services," and "associated with California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA

further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the Google Adwords to increase views and/or sales of games or advertising space to PERSONS associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Google Adwords," "views and/or sales" and "games or advertising space" and "associated with California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information

belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 92:**

Sufficient DOCUMENTS reflecting all social media ads targeting any PERSONS associated with California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "social media ads" and "associated with California" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

Sufficient DOCUMENTS reflecting any contractual terms with Air Berlin or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting" and "contractual terms," "Air Berlin," and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 94</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Air Berlin or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 94</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "Air Berlin," or "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 95</u>:**

Sufficient DOCUMENTS reflecting any contractual terms with Alienware or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 95</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms" and "Alienware" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 96</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Alienware or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 96</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "Alienware" and "the company that owns this brand" are vague and ambiguous. Gameloft USA

objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 97:**

Sufficient DOCUMENTS reflecting any contractual terms with Centennial College or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Centennial College" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 98:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Centennial College or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue" "Centennial College" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but,

rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 99:**

Sufficient DOCUMENTS reflecting any contractual terms with Chiquita or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Chiquita" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 100:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Chiquita or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "any and all revenue," "Chiquita" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 101:**

Sufficient DOCUMENTS reflecting any contractual terms with Close Up or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Close Up" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 102:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Close Up or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "Close Up" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 103:**

Sufficient DOCUMENTS reflecting any contractual terms with Coca Cola or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 103</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Coca Cola" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 104</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Coca Cola or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 104</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "Coca Cola" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 105:**

Sufficient DOCUMENTS reflecting any contractual terms with Disney or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Disney" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 106:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Disney or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Disney" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this

Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 107:**

Sufficient DOCUMENTS reflecting any contractual terms with Ferrari or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Ferrari" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 108:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Ferrari or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "Ferrari" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 109:**

Sufficient DOCUMENTS reflecting any contractual terms with Gillette or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Gillette" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 110:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Gillette or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 110</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Gillette" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 111</u>:**

Sufficient DOCUMENTS reflecting any contractual terms with Hasbro or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 111</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Hasbro" and "the company that owns this brand" are vague and ambiguous. Gameloft USA

objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 112:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Hasbro or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Hasbro" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 113:**

Sufficient DOCUMENTS reflecting any contractual terms with Huawei or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Huawei" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but,

rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 114:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Huawei or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “any and all revenue received,” “Huawei” and “the company that owns this brand” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 115:**

Sufficient DOCUMENTS reflecting any contractual terms with Infiniti or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “contractual terms,” “Infiniti” and “the company that owns this brand” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 116:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Infiniti or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms “sufficient,” “any and all revenue received,” “Infiniti” and “the company that owns this brand” are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party’s claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA’s possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 117</u>:**

Sufficient DOCUMENTS reflecting any contractual terms with Kellogg's or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 117</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Kellogg's" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 118</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Kellogg's or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Kellogg's" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 119:**

Sufficient DOCUMENTS reflecting any contractual terms with Lego or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Lego" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects

to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 120:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Lego or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Lego" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 121:**

Sufficient DOCUMENTS reflecting any contractual terms with LG or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "LG" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is

seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 122:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from LG or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "LG" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 123:**

Sufficient DOCUMENTS reflecting any contractual terms with McDonald's or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "McDonald's" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 124:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from McDonald's or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue," "McDonald's" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 125:**

Sufficient DOCUMENTS reflecting any contractual terms with Mercedes-Benz or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 125</u>:**

. Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Mercedes-Benz" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 126</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Mercedes-Benz or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 126</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Mercedes-Benz" and "the company that owns this brand" are vague and ambiguous.

Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 127:**

Sufficient DOCUMENTS reflecting any contractual terms with Mondelez International or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Mondelez International" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts

not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 128:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Mondelez International or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Mondelez International" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession,

custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 129:**

Sufficient DOCUMENTS reflecting any contractual terms with Netflix or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Netflix" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 130:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Netflix or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Netflix" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 131:**

Sufficient DOCUMENTS reflecting any contractual terms with Simple Mobile or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Simple Mobile" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 132:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Simple Mobile or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Simple Mobile" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 133:**

Sufficient DOCUMENTS reflecting any contractual terms with Turkcell or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 133</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Turkcell" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 134</u>:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Turkcell or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 134</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Turkcell" and "the company that owns this brand" are vague and ambiguous. Gameloft USA

objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 135:**

Sufficient DOCUMENTS reflecting any contractual terms with Twentieth Century Fox or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Twentieth Century Fox" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts

not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 136:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Twentieth Century Fox or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Twentieth Century Fox" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession,

custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 137:**

Sufficient DOCUMENTS reflecting any contractual terms with Warner Bros. or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Warner Bros." and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 138:**

Sufficient DOCUMENTS reflecting the amount of any and all revenue received from Warner Bros. or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "Warner Bros." and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 139:**

Sufficient DOCUMENTS reflecting any contractual terms with XBox or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "XBox" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 140:**

Sufficient DOCUMENTS reflecting any and all revenue received from XBox or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "any and all revenue received," "XBox" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 141:**

Sufficient DOCUMENTS reflecting any contractual terms with Adjust or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Adjust" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 142:**

Sufficient DOCUMENTS reflecting any contractual terms with adMotion or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "adMotion" and "the company that owns this brand" are vague and ambiguous. Gameloft USA

objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 143:**

Sufficient DOCUMENTS reflecting any contractual terms with AdRiver or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "AdRiver" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 144:**

Sufficient DOCUMENTS reflecting any contractual terms with AppsFlyer or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "AppsFlyer" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but,

rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 145:**

Sufficient DOCUMENTS reflecting any contractual terms of with Atlas by Facebook or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Atlas by Facebook" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such

information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 146:**

Sufficient DOCUMENTS reflecting any contractual terms with Barometric or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Barometric" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 147:**

147. Sufficient DOCUMENTS reflecting any contractual terms with 17 DoubleClick or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "17 DoubleClick" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 148:**

Sufficient DOCUMENTS reflecting any contractual terms with Innovid or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Innovid" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 149:**

Sufficient DOCUMENTS reflecting any contractual terms with Kochava or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 149</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Kochava" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 150</u>:**

Sufficient DOCUMENTS reflecting any contractual terms with Moat or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 150</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Moat" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects

to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 151:**

Sufficient DOCUMENTS reflecting any contractual terms with Placed or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Placed" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 152:**

Sufficient DOCUMENTS reflecting any contractual terms with Predicta or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Predicta" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this

Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 153:**

Sufficient DOCUMENTS reflecting any contractual terms with Reamp or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Reamp" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 154:**

Sufficient DOCUMENTS reflecting any contractual terms with Sizmek or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Sizmek" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 155:**

Sufficient DOCUMENTS reflecting any contractual terms with 54M or the company that owns this brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "54M" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 156:**

Sufficient DOCUMENTS reflecting any contractual terms with Vindico or the company that owns this brand.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 156</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "contractual terms," "Vindico" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 157</u>:**

Sufficient DOCUMENTS reflecting the number of players associated with California by presence, address, or IP address for each fiscal year since 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 157</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "associated with California," and "presence" are vague and ambiguous. Gameloft USA objects to this Request on

the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 158:**

Sufficient DOCUMENTS reflecting the number of downloads by players associated with California by presence, address, or IP address for each fiscal year since 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "players," "associated with California" and "the company that owns this brand" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

DATED: May 4, 2018

NIXON PEABODY LLP

By: */s/ Robert A. Weikert*
ROBERT A. WEIKERT (SBN 121146)
SETH NEULIGHT (SBN 184440)
MATTHEW FRANKEL (SBN 256633)

Attorneys for Defendant
GAMELOFT, INC.

**CERTIFICATE OF SERVICE**

I, Kerry Kappler, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, California 94111. On May 4, 2018, I served a copy of the within document(s):

**DEFENDANT GAMELOFT, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS [SET TWO]**

☒: **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

☒: **By Electronic Mail** — By transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐: **By Federal Express** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee as set forth below on the next business day.

☐: **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressed as set forth below.

Q. Huy Do
**KyZen Law PC**
1390 Market Street, Suite 200
San Francisco, CA 94102
Tel: (415) 991-1881
Fax: (415) 406-1881
**Email**: huy@kyzenlaw.com

Eliot R. Hudson, Esq.
Gina Durham, Esq.
Mandy Chan, Esq.
**DLA Piper LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501
Email: eliot.hudson@dlapiper.com
Email: gina.durham@dlapiper.com
Email: mandy.chan@dlapiper.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 4, 2018, at San Francisco, California.

Kerry Kappler

Kerry Kappler

# EXHIBIT C

ROBERT A. WEIKERT (SBN 121146)
rweikert@nixonpeabody.com
SETH NEULIGHT (SBN 184440)
sneulight@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

MATTHEW FRANKEL (SBN 256633)
mfrankel@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,

Plaintiff,

vs.

GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation; GAMELOFT IBERICA S.A.U., a Spain Corporation, VIVENDI SA, a France Corporation, and DOES 1-20,

Defendants.

Case No. 3:17-cv-04165 MMC [RMI]

**GAMELOFT INC.'S RESPONSES TO [CORRECTED] THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS [SET THREE]**

PROPOUNDING PARTY: PLAINTIFF GLASS EGG DIGITAL MEDIA LIMITED

RESPONDING PARTY: DEFENDANT GAMELOFT, INC.

SET NO.: THREE (3)

Defendant Gameloft, Inc. ("Gameloft USA") through its counsel, Nixon Peabody LLP, responds and objects to the Corrected Third Set of Requests for Production (the "Requests") propounded by Plaintiff Glass Egg Digital Media Limited ("Glass Egg" or "Plaintiff") as follows:

**PREFATORY STATEMENT**

Gameloft USA objects to responding to Plaintiff's Requests *in toto* at this time. On April 6, 2018, Gameloft USA filed a Motion to Dismiss All Claims Against Gameloft, Inc. in the Second Amended Complaint, with prejudice (the "Motion"). That Motion is set to be heard on May 11, 2018, and challenges all of the current claims asserted against Gameloft USA. If Gameloft USA fully prevails on that Motion, Gameloft USA will have no obligation to respond in any fashion to the Requests; if it partially prevails, the scope of permissible discovery will be affected. Thus, the decision on the Motion will bear directly on the discoverability of the matters implicated by the Requests. In light of this procedural posture, the Requests are premature and will remain so until the pleadings are settled. It would be unfair and prejudicial if Gameloft USA were required to respond to more than 250 document requests when its Motion, which could be dispositive of all claims, is pending.

For these reasons, it is well-settled in this Circuit that discovery should be stayed while dispositive motions are pending. *See, e,g., Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of a summary judgment motion)); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (finding that the trial court did not commit error by staying discovery pending a ruling on summary judgment motion); *GTE Wireless, Inc. v. Qualcomm, Inc.,* 192 F.R.D. 284, 287 (S.D. Cal. 2000) (magistrate court committed clear error when it did not stay discovery pending the determination of the defendant's summary adjudication motion). A stay is warranted where it furthers the goal of efficiency for the court and litigants. *See, e.g., City of Seattle,*863 F. 2d at 685.

Accordingly, Gameloft USA provides the following responses only to preclude any argument by Glass Egg that its objections to the Requests have not been preserved. Gameloft USAs reserves all rights to assess anew the appropriateness and scope of the Requests following the Court's ruling on Gameloft USA's Motion and, if necessary, to seek additional time to supplement or amend these responses, and to identify and produce responsive, discoverable documents, if any.

**RESERVATION OF RIGHTS**

1. To the extent that Gameloft USA produces documents in response to the Requests, it does so without conceding the materiality, admissibility, or relevance of any such documents, or of any other substantive responses to the Requests. Nothing in these responses and objections shall be deemed an admission regarding the existence of any information or documents or the truth or accuracy of any statement or characterization contained in any request.

2. Gameloft USA reserves all objections to the use of these responses and of any documents it produces. All such objections may be interposed by Gameloft USA at the time of trial or as otherwise required by the rules or order of the Court.

3. Gameloft USA reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4. The specific responses set forth below are based upon information now available to Gameloft USA. Discovery has only begun and Gameloft USA reserves the right at any time to revise, supplement, amend, withdraw or correct these responses as further discovery, and the development of evidence, may warrant.

5. Any inadvertent production of any information or document shall not be deemed or construed a waiver of any privilege or right of Gameloft USA with respect to such information or document or of any work product doctrine or immunity which may attach thereto, and Gameloft USA reserves its right to demand that Glass Egg return to it any such document and all copies thereof.

6. Gameloft USA will produce documents at a time and place agreed to by the parties subsequent to the entering by the Court of an appropriate Confidentiality Stipulation and Protective

Order that includes, among other things, protection for sensitive business and trade secret information.

**GENERAL OBJECTIONS**

Gameloft USA makes the objections that are described below to each of the Requests. Unless otherwise stated, each general objection is asserted in response to each Request.

1. Gameloft USA objects to each definition, instruction, and request to the extent that it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Northern District of California ("Local Rules"), the Court's standing orders, and any other applicable statutes, rules, or standing orders.

2. Gameloft USA objects to the Requests as premature insofar as they are served before the pleadings in this matter are set, before it has been established whether Plaintiff has stated a claim upon which relief may be granted or whether any of its claims are subject to dismissal, in whole or in part.

3. Gameloft USA objects to the Requests insofar as they seek to circumvent the Court's prior orders and instructions relative to the permissible scope, timing, and manner of jurisdictional discovery vis-à-vis Gameloft USA Gameloft SE. The Requests herein are virtually identical to and duplicative of document requests served on Gameloft SE, and much, if not all, of the subject matter of the Requests bears on jurisdictional issues involving Gameloft SE. Gameloft USA objects to Glass Egg's attempt to use discovery requests propounded to Gameloft USA as a conduit for obtaining information Glass Egg should seek directly from Gameloft SE, or that is otherwise outside the scope of permissible jurisdictional discovery.

4. Gameloft USA objects to the Requests to the extent that they are overbroad, unduly burdensome, and improper. The Requests are burdensome in their number and content.

5. Gameloft USA objects to the Requests to the extent they seek documents that are already in Glass Egg's possession.

6. Gameloft USA objects to the Requests to the extent they seek information or documents neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1).

7. Gameloft USA objects to the Requests to the extent they purport to call for information or documents in the public domain and not in the exclusive possession, custody, or control of Gameloft USA. Such requests are beyond the scope of permissible discovery, would impose an undue burden on Gameloft USA, and are an attempt to require Gameloft USA to prepare Glass Egg's case. Such information and documents are as equally available to Glass Egg as they are to Gameloft USA.

8. Gameloft USA objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, any common interest privilege, joint defense privilege, subject to the work product doctrine, or otherwise immune from discovery as outlined in the Federal Rules of Civil procedure and other applicable law. Plaintiff hereby asserts all applicable privileges, immunities, and/or exemptions.

9. Gameloft USA objects to the Requests to the extent they purport to call for information or documents not presently in the possession, custody, or control of Gameloft USA, and/or is not ascertainable by means of a reasonably diligent search, including without limitation, information and documents that were never in Gameloft USA's possession, are no longer in Gameloft USA's possession, or are in the possession of third parties or separate legal entities. Gameloft USA has no obligation to produce any such information.

10. Gameloft USA objects to the Requests to the extent the purport to compel production of information protected by federal or state privacy laws.

11. Gameloft USA objects to each Request to the extent that it calls for the disclosure or production of confidential information or trade secrets belonging to Gameloft USA or other parties. Gameloft USA further objects to producing documents constituting the confidential information of a third party, or in violation of a legal or contractual obligation of nondisclosure to

a third party, without either the consent of the relevant third party or a Court Order compelling production. Gameloft USA further objects to producing any documents or information that Gameloft USA is required by law or applicable regulations to keep confidential. Gameloft USA objects to the production of any such confidential information or trade secrets, if at all, before a suitable stipulated protective order has been entered by the Court in this matter.

12. Gameloft USA objects to each Request to the extent that it is vague and ambiguous or contains a term or phrase that is vague and ambiguous.

13. Gameloft USA objects to the Requests in their entirety to the extent they purport to compel production of irrelevant material merely because some portion of a particular document or documents may be relevant and subject to production. Gameloft USA is entitled to redact irrelevant material and thereby limit their production to material that is relevant to the issues presented by the pleadings.

14. Gameloft USA objects to the terms "GLI", "GL USA", and "DEFENDANT GLI", and to the definitions of "YOU" and "YOURS" to the extent that those terms or definitions purport to include separate legal entities, including, but not limited to, parents, subsidiaries, and affiliates.

15. Gameloft USA objects to any requests seeking information before 2014 as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Second Amended Complaint alleges facts showing that no alleged infringement, misappropriation or other unlawful use of the alleged copyright or information could have occurred before 2014.

16. Gameloft USA objects to any requests seeking information that is not related to Gameloft USA's actions directed to the sale of mobile car games in California as a market**,** as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17. Gameloft USA objects to the Requests to the extent that they contain individual requests that are redundant or duplicative of other individual requests.

18. The specific responses set forth below are based upon information now available to Gameloft USA and Gameloft USA reserves the right at any time to revise, correct, add to, supplement or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that Gameloft USA may interpose as to future supplemental responses.

19. Gameloft USA's responses to the Requests are made expressly without in any way waiving or intending to waive, but rather preserving and intending to preserve, all objections as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation.

20. A response or objection to an individual request does not mean necessarily that any documents exist or are in the possession, custody, or control of Gameloft USA that are responsive to any specific individual request.

21. Gameloft USA objects to each and every Request to the extent that it does not specify a time period and to the extent that it seeks documents that are outside of a period properly limited in time.

22. Gameloft USA objects to each and every Request to the extent that it seeks to have Gameloft USA create documents that do not already exist.

23. Gameloft USA objects to each and every Request to the extent that it requests the production of documents in a form or manner in which they are not kept or maintained in the ordinary course of business.

24. Gameloft USA reserves the right to make additional objections at any time and to move for an appropriate protective order.

**SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Sufficient DOCUMENTS reflecting the number of offices occupied by GL USA in the United States of America ("USA") since the fiscal year 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "reflecting," "occupied," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Sufficient DOCUMENTS reflecting the reasons for the opening of any of the offices located in the USA since the fiscal year 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "reflecting," "reasons," "opening" and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

Sufficient DOCUMENTS reflecting the names of the directors of GL USA since fiscal year 2013.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "directors," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's

claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Sufficient DOCUMENTS reflecting the names of the officers of GL USA since fiscal year 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "reflecting," "officers" and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA

further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Sufficient DOCUMENTS describing the role or responsibility of any office located in the USA since fiscal year 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "describing," "role or responsibility," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA

will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Sufficient DOCUMENTS reflecting the revenues generated by GL USA since fiscal year 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "sufficient," "revenues generated," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any board meeting minutes since fiscal year 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any board meeting," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT any board meeting minutes since fiscal year 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any board meeting," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which support YOUR response to the [CORRECTED] Requests for Admissions served on April 10, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the

needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the Asphalt games since fiscal year 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession,

custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT the Asphalt games since fiscal year 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "Asphalt games," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT in-game advertising or the Gameloft Advertising Solutions platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "in-game advertising," and "Gameloft Advertising Solutions platform" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

All COMMUNICATIONS which REFER, RELATE TO, or REFLECT in-game advertising or the Gameloft Advertising Solutions platform.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "in-game advertising," and "Gameloft Advertising Solutions platform" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT GL USA's business plans since fiscal year 2012.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "business plans," and "fiscal year" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 15</u>:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT the use of any third party PERSON to produce any digital asset incorporated into any games YOU developed.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "any third party PERSON," "produce," "digital asset" and "incorporated" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant

to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS which REFER, RELATE TO, or REFLECT any practice or policy to verify whether a third party supplies is reliable, licensed to conduct business, used security protocols to safeguard intellectual property or confidential information, and/or properly used licensed software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the terms "practice or policy," "third party supplies," "reliable," "licensed to conduct business," "used security protocols," "safeguard," "intellectual property" "confidential information," and "properly used licensed software" are vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs

of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for the production of information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA further objects to this Request to the extent that it seeks production of documents not in Gameloft USA's possession, custody, or control, but, rather, in the possession, custody, or control of another entity. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the production of any such information or documents, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time identify or produce discoverable documents, if any exist, that may be responsive to this Request.

DATED: May 10, 2018

NIXON PEABODY LLP

By: */s/ Robert A. Weikert*

ROBERT A. WEIKERT (SBN 121146)
SETH NEULIGHT (SBN 184440)
MATTHEW FRANKEL (SBN 256633)

*Attorneys for Defendant*
GAMELOFT, INC.

# CERTIFICATE OF SERVICE

I, Kerry Kappler, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, California 94111. On May 10, 2018, I served a copy of the within document(s):

**GAMELOFT, INC.'S RESPONSES TO [CORRECTED] THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS [SET THREE]**

☒: **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

☒: **By Electronic Mail** — By transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐: **By Federal Express** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee as set forth below on the next business day.

☐: **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressed as set forth below.

Q. Huy Do
**KyZen Law PC**
1390 Market Street, Suite 200
San Francisco, CA 94102
Tel: (415) 991-1881
Fax: (415) 406-1881
**Email**: huy@kyzenlaw.com

Eliot R. Hudson, Esq.
Gina Durham, Esq.
Mandy Chan, Esq.
**DLA Piper LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501
**Email**: eliot.hudson@dlapiper.com
gina.durham@dlapiper.com
mandy.chan@dlapiper.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 10, 2018, at San Francisco, California.

Kerry Kappler
Kerry Kappler

# EXHIBIT D

ROBERT A. WEIKERT (SBN 121146)
rweikert@nixonpeabody.com
SETH NEULIGHT (SBN 184440)
sneulight@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

MATTHEW FRANKEL (SBN 256633)
mfrankel@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Telephone: (617) 345-1000
Facsimile: (617) 345-1300

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA LIMITED, a British Virgin Islands Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GAMELOFT, INC., a Delaware Corporation; GAMELOFT SE, a France Corporation; GAMELOFT IBERICA S.A.U., a Spain Corporation; VIVENDI SA, a France Corporation, and DOES 1-20,<br><br>Defendants. | Case No. 3:17-cv-04165 MMC [RMI]<br><br>**GAMELOFT, INC.'S RESPONSES TO [CORRECTED] FIRST SET OF REQUESTS FOR ADMISSIONS [SET ONE]** |

PROPOUNDING PARTY: Plaintiff Glass Egg Digital Media Limited

RESPONDING PARTY: Defendant Gameloft, Inc.

SET NO.: ONE (1)

**PREFATORY STATEMENT**

Gameloft USA objects to responding to Plaintiff's Requests *in toto* at this time. On April 6, 2018, Gameloft USA filed a Motion to Dismiss All Claims Against Gameloft, Inc. in the Second Amended Complaint, with prejudice (the "Motion"). That Motion is set to be heard on May 11, 2018, and challenges all of the current claims asserted against Gameloft USA. If Gameloft USA fully prevails on that Motion, Gameloft USA will have no obligation to respond in any fashion to the Requests; if it partially prevails, the scope of permissible discovery will be affected. Thus, the decision on the Motion will bear directly on the discoverability of the matters implicated by the Requests. In light of this procedural posture, the Requests are premature and will remain so until the pleadings are settled. It would be unfair and prejudicial if Gameloft USA were required to respond to more than 328 requests for admission when its Motion, which could be dispositive of all claims, is pending.

For these reasons, it is well-settled in this Circuit that discovery should be stayed while dispositive motions are pending. *See, e,g.*, *Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of a motion to dismiss for failure to state a claim); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of a summary judgment motion)); *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (finding that the trial court did not commit error by staying discovery pending a ruling on summary judgment motion); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (magistrate court committed clear error when it did not stay discovery pending the determination of the defendant's summary adjudication motion). A stay is warranted where it furthers the goal of efficiency for the court and litigants. *See, e.g., City of Seattle,*863 F. 2d at 685.

Accordingly, Gameloft USA provides the following responses only to preclude any argument by Glass Egg that its objections to the Requests have not been preserved. Gameloft USAs reserves all rights to assess anew the appropriateness and scope of the Requests following the

Court's ruling on Gameloft USA's Motion and, if necessary, to seek additional time to supplement or amend these responses.

**RESERVATION OF RIGHTS**

1. To the extent that Gameloft USA responds to these Requests, it does so without conceding the materiality, admissibility, or relevance of any such Request, or of any other substantive responses to the Requests. Nothing in these responses and objections shall be deemed an admission regarding the existence of any information or documents or the truth or accuracy of any statement or characterization contained in any request.

2. Gameloft USA reserves all objections to the use of these responses. All such objections may be interposed by Gameloft USA at the time of trial or as otherwise required by the rules or order of the Court.

3. Gameloft USA reserves the right to amend, supplement, or withdraw its responses and objections to the Requests.

4. The specific responses set forth below are based upon information now available to Gameloft USA. Discovery has only begun and Gameloft USA reserves the right at any time to revise, supplement, amend, withdraw or correct these responses as further discovery, and the development of evidence, may warrant. No objection, or lack thereof, made in Gameloft USA's General Objections shall be deemed either an admission by Gameloft USA or a waiver of its right to raise further objections to these Requests.

**GENERAL OBJECTIONS**

Gameloft USA makes the objections that are described below to each of the Requests. Unless otherwise stated, each general objection is asserted in response to each Request.

1. Gameloft USA objects to each definition, instruction, and request to the extent that it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Courts for the Northern District of

California ("Local Rules"), the Court's standing orders, and any other applicable statutes, rules, or standing orders.

2. Gameloft USA objects to the Requests as premature insofar as they are served before the pleadings in this matter are set, before it has been established whether Plaintiff has stated a claim upon which relief may be granted or whether any of its claims are subject to dismissal, in whole or in part.

3. Gameloft USA objects to the Requests insofar as they seek to circumvent the Court's prior orders and instructions relative to the permissible scope, timing, and manner of jurisdictional discovery vis-à-vis Gameloft SE. The Requests herein are virtually identical to and duplicative of document requests served on Gameloft SE, and much, if not all, of the subject matter of the Requests bears on jurisdictional issues involving Gameloft SE. Gameloft USA objects to Glass Egg's attempt to use discovery requests propounded to Gameloft USA as a conduit for obtaining information Glass Egg should seek directly from Gameloft SE, or that is otherwise outside the scope of permissible jurisdictional discovery.

4. Gameloft USA objects to the Requests because they are burdensome in their number and content.

5. Gameloft USA objects to the Requests to the extent they seek information or documents neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, in violation of Fed. R. Civ. P. 26(b)(1).

6. Gameloft USA objects to the Requests to the extent they seek information or documents that are protected from disclosure by the attorney-client privilege, any common interest privilege, joint defense privilege, subject to the work product doctrine, or otherwise immune from discovery as outlined in the Federal Rules of Civil procedure and other applicable law. Plaintiff hereby asserts all applicable privileges, immunities, and/or exemptions.

7. Gameloft USA objects to the Requests to the extent they purport to compel production of information protected by federal or state privacy laws.

8. Gameloft USA objects to each Request to the extent that it calls for the disclosure or production of confidential information or trade secrets belonging to Gameloft USA or other parties. Gameloft USA further objects to responding to a request in such a matter as would constitute revealing confidential information of a third party, or would violate legal or contractual obligation of nondisclosure to a third party, without either the consent of the relevant third party.

9. Gameloft USA objects to each Request to the extent that it is vague and ambiguous or contains a term or phrase that is vague and ambiguous.

10. Gameloft USA objects to the terms "GLI", "GL USA", and "DEFENDANT GLI", and to the definitions of "YOU" and "YOURS" to the extent that those terms or definitions purport to include separate legal entities, including, but not limited to, parents, subsidiaries, and affiliates.

11. Gameloft USA objects to any requests seeking information before 2014 as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Second Amended Complaint alleges facts showing that no alleged infringement, misappropriation or other unlawful use of the alleged copyright or information could have occurred before 2014.

12. Gameloft USA objects to the Requests to the extent that they contain individual requests that are redundant or duplicative of other individual requests.

13. The specific responses set forth below are based upon information now available to Gameloft USA and Gameloft USA reserves the right at any time to revise, correct, add to, supplement or clarify the objections or responses set forth herein. Failure to object herein shall not constitute a waiver of any objection that Gameloft USA may interpose as to future supplemental responses.

14. Gameloft USA's responses to the Requests are made expressly without in any way waiving or intending to waive, but rather preserving and intending to preserve, all objections as to

the competence, relevance, materiality, and admissibility as evidence for any purpose of the response, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation.

15. Gameloft USA objects to each and every Request to the extent it seeks information already in Glass Egg's possession, or information that is in the public domain or otherwise equally available to Glass Egg.

16. Gameloft USA objects to the definition of the term "MARKET" as vague, ambiguous and overly broad.

17. Gameloft USA objects to any requests seeking information that is not related to Gameloft USA's actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18. Gameloft USA objects to each and every Request to the extent that it does not specify a time period and to the extent that it seeks information outside of a period properly limited in time.

19. Gameloft USA reserves the right to make additional objections at any time and to move for an appropriate protective order.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant GL USA is a corporation organized and existing under the laws of the State of Delaware.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that since its incorporation, Defendant GL USA has not maintained any operating offices with employees in Delaware.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Defendant GL USA registered as a foreign corporation in California with offices located at 220 Sansome Street, 8th Floor, San Francisco, California, 94104.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Defendant GL USA was incorporated on March 3, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft

USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Defendant GL USA is a wholly owned subsidiary of GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that since its incorporation all of Defendant GL USA's shares are owned by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that is seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that GL USA uses the same corporate logo as GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that GL USA operates www.gameloft.com ("Website").

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft

USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that content on the Website is owned by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that GL France is the publisher of the content on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking

information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that GL USA cannot publish content unauthorized by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that GL USA publishes content unauthorized by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that GL France has the authority to require GL USA to remove content from the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that GL USA must remove content from the Website requested by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit that GL France has the authority to require GL USA to publish content on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 16:**

Admit that GL France does not have the authority to require GL USA to publish content on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that GL USA must publish content on the Website requested by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that GL France controls what content is published on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production

of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that GL USA discusses with GL France regarding the functionalities of the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that GL USA cannot enable functionalities unauthorized by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that GL France has the authority to require GL USA to remove functionalities from the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that GL France does not have the authority to require GL USA to remove functionalities from the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that GL France has the authority to require GL USA to disable functionalities from the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that GL France does not have the authority to require GL USA to disable functionalities from the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that GL USA must remove functionalities from the Website requested by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that GL USA must disable functionalities from the Website requested by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that GL France has the authority to require GL USA to enable functionalities on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that GL France does not have the authority to require GL USA to enable functionalities on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that GL USA must enable functionalities on the Website requested by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that GL France controls what functionality is enabled on the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the server for the English language version of the Website is controlled by GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that GL France has the authority to access the server for the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that GL France does not have the authority to access the server for the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that GL France has the authority to shut down the server for the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that GL France does not have the authority to shut down the server for the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft

USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that GL France has the administrative authority (e.g., designate who can publish or delete content, who can enable, disable or remove functionalities) over the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that GL France does not have the administrative authority (e.g., designate who can publish or delete content, who can enable, disable or remove functionalities) over the Website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the Website's content is ultimately controlled by a GL France employee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production

of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the Website's functionality is ultimately controlled by a GL France employee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that GL USA works with GL France to help grow awareness of Gameloft in the gaming industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that GL USA works with GL France to help grow awareness of the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that GL USA works with GL Spain to help grow awareness of the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that GL USA works with GL France to help grow awareness of Gameloft in the digital advertising industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that GL USA works with GL Spain to help grow awareness of Gameloft in the digital advertising industry.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that GL USA entered into a service agreement with GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 46:**

Admit that, through this service agreement, GL France directs marketing activities for the US.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 47:**

Admit that, through this service agreement, GL France oversees the sales activities for the US.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that GL USA is the distributor responsible for the sales and marketing of the Asphalt games for GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that GL Spain is the studio responsible for developing the Asphalt games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that mobile game development by GL USA is managed by the Development Department based in France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 51:**

Admit that mobile game marketing teams by GL USA is managed by the Sales and Marketing department based in France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that GL USA cannot enter into any game distribution agreements without the approval of GL France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that all partnership agreements in the USA are approved by the Sales and Marketing department located in France.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that GL France designated GL USA as the subsidiary responsible for marketing the Asphalt games in USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that GL France designated GL USA as the subsidiary responsible for promoting the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 56:**

Admit GL France designated GL USA as the subsidiary responsible for distributing the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 57:**

Admit GL France designated GL USA as the subsidiary responsible for selling the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the Asphalt games is used to promote other games.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 58</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the success of the Asphalt games is used to promote the sale of in-game advertising.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 60:**

Admit that GL France designated Defendant GL USA as the subsidiary responsible for providing customer support for the Asphalt games in the USA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 61:**

Admit that UNQUALIFIED STUDIOS were contracted to produce the In-Game Assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the In-Game Assets were incorporated into one or more the Asphalt games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production

of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ariel Nomad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin DB11.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 65:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin DB9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Aston Martin One 77.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 67:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: BMW Z4 e 89.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 68:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Cadillac Cien Concept 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 69:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 70</u>:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro LT 2.0L Turbo 2016.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 70</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro z11 50th Edition.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 72:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Camaro Z06.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 73:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Chevrolet Silverado 2500 HD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 74:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Citroen DS E-Tense.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Dodge Ram 1500 Rebel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 76:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ferrari 488 GTB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 77:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ferrari fxxk 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Fiesta ST GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 79:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Mustang 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Ford Ranger Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 81</u>:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Holden Coupe 60.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 81</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 82:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Honda NSX 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 83:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Jaguar F Type SVR Coupe 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 84:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Jeep Wrangler Rubicon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 85:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Koenigsegg Regera 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 86:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Koenigsegg Agera R.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini Aventador 1p750-4 Supervolece.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini Egotista.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Lamborghini_Centenaro.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 90:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Land Rover.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 91:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Lotus Evora 410 Sport.

**RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 92:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Man TGX D38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 93:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mazzanti Evantra.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 94:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: McLaren 675LT 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 95:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz G500.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 96:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz AMG GT 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Benz AMG 52016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 98:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mercedes Unimog U 4023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 99:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Mosler GT3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 100:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Perlini 105F Red Tiger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 101:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Peugeot 208 T16 WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 102:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Polaris RZR 1000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 103</u>:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Polo WRC.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 103</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 104:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Predator X-18 Intimidator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 105:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: SMG Buggy Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 106:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Trion Nemesis.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 107:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: Volkswagen_XL_Sport_Concept_2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 108:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: VW Beetle GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 109:**

Admit that the following digital car model was incorporated into one or more the Asphalt games: VW Polo WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 110:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ariel Nomad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 111:**

Admit that players associated with California by residence, presenceor IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin DB11.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 112:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin DB9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 113:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Aston Martin One 77.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 114:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): BMW Z4 e 89.

**RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 115:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Cadillac Cien Concept 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 116:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 117:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro LT 2.0L Turbo 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 118:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro z11 50th Edition.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 118</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 119:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Camaro Z06.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 120:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Chevrolet Silverado 2500 HD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 121:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Citroen DS E-Tense.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 122:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Dodge Ram 1500 Rebel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 123:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ferrari 488 GTB.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 123</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 124:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ferrari fxxk 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 125:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Fiesta ST GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 126:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Mustang 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 127:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Ford Ranger Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 128:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Holden Coupe 60.

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 129:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Honda NSX 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 130:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Jaguar F Type SVR Coupe 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 131:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Jeep Wrangler Rubicon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 132:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Koenigsegg Regera 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 133:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Koenigsegg Agera R.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 133</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 134:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini Aventador 1p750-4 Supervolece.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that the Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 135:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini Egotista.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking

information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 136:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lamborghini_Centenaro.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production

of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 137:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Land Rover.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 138:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Lotus Evora 410 Sport.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 139:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Man TGX D38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 140:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mazzanti Evantra.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 141:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): McLaren 675LT 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 142:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz G500.

**RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 143:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz AMG GT 2016.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 143</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 144:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Benz AMG 52016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 145:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mercedes Unimog U 4023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 146:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Mosler GT3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 147:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Perlini 105F Red Tiger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 148:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Perlini 105F Red Tiger

**RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 149:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Polaris RZR 1000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 150:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Polo WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 151:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Predator X-18 Intimidator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 152:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): SMG Buggy Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 153:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Trion Nemesis.

**RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 154:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): Volkswagen_XL_Sport_Concept_2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 155:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): VW Beetle GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 156:**

Admit that players associated with California by residence, presence or IP address, downloaded the following digital car model (and/or associated accessories): VW Polo WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 157:**

Admit that players associated with California by residence, presence or IP address, paid a fee to download the In-Game Assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 158:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ariel Nomad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 159</u>:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin DB11.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 159</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 160:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin DB9.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 161:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Aston Martin One 77.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 162:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): BMW Z4 e 89.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 163:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Cadillac Cien Concept 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 164:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 165:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro LT 2.0L Turbo 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 166:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro z11 50th Edition.

**RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 167:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Camaro Z06.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 168:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Chevrolet Silverado 2500 HD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 169:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Citroen DS E-Tense.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 170:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Dodge Ram 1500 Rebel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 171:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ferrari 488 GTB.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 172:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ferrari fxxk 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 173:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Fiesta ST GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 174:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Mustang 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 175:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Ford Ranger Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 176:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Holden Coupe 60.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 177:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Honda NSX 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 178:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Jaguar F Type SVR Coupe 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 179:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Jeep Wrangler Rubicon.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 180:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Koenigsegg Regera 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 181:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Koenigsegg Agera R.

**RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 182:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini Aventador 1p750-4 Supervolece.

**RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 183:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini Egotista.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 184:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lamborghini_Centenaro.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 185:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Land Rover.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 186</u>:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Lotus Evora 410 Sport.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 186</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 187:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Man TGX D38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 188:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mazzanti Evantra.

**RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 189:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): McLaren 675LT 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 190:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz G500.

**RESPONSE TO REQUEST FOR ADMISSION NO. 190:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 191:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz AMG GT 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 192:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Benz AMG 52016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 193:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mercedes Unimog U 4023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 194:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Mosler GT3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 195:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Perlini 105F Red Tiger.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 196:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Peugeot 208 T16 WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent

it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 197:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Polaris RZR 1000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 198:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Polo WRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 199:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Predator X-18 Intimidator.

**RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 200:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): SMG Buggy Dakar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks

disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 201:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Trion Nemesis.

**RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 202:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): Volkswagen_XL_Sport_Concept_2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 203:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): VW Beetle GRC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**<u>REQUEST FOR ADMISSION NO. 204</u>:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car model (and/or associated accessories): VW Polo WRC.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 204</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would

constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 205:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the Asphalt games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 206:**

Admit that players associated with California by residence, presence or IP address, generated the most revenue in the USA through the purchase of digital assets sold in the Asphalt games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 207:**

Admit that players associated with California by residence, presence or IP address, generated the most revenue in the USA through the sale of in-game ads sold in the Asphalt games.

**RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or

more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 208:**

Admit that players associated with California by residence, presence or IP address, generated the most downloads in the USA of the following digital car models in the aggregate:

Ariel Nomad

Aston Martin DB11

Aston Martin DB9

Aston Martin One 77

BMW Z4 e 89

Cadillac Cien Concept 2002

Chevrolet Camaro 2016

Chevrolet Camaro LT 2.0L. Turbo 2016

Chevrolet Camaro z11 50th Edition

Chevrolet Camaro Z06

Chevrolet Silverado 2500 HD

Citroen DS E-Tense

Dodge Ram 1500 Rebel

Ferrari 488 GTB

Ferrari fxxk 2014

Ford Fiesta ST GRC

Ford Mustang 2015

Ford Ranger Dakar

Holden Coupe 60

Honda NSX 2017

Jaguar F Type SVR Coupe 2017

Jeep Wrangler Rubicon

Koenigsegg Regera 2016

Koenigsegg Agera R

Lamborghini Aventador 1p750-4 Supervolece

Lamborghini Egotista

Lamborghini_Centenaro

Land Rover

Lotus Evora 410 Sport

Man TGX D38

Mazzanti Evantra

McLaren 675LT 2015

Mercedes Benz G500

Mercedes Benz AMG. GT 2016

Mercedes Benz AMG, S2016

Mercedes Unimog U 4023

Mosier GT3

Perlini 105F Red Tiger

Peugeot 208 T16 WRC

Polaris RZR 1000

Polo WRC

Predator X-18 Intimidator

SMG Buggy Dakar

Trion Nemesis

Volkswagen XL_Sport_Concept_2016

VW Beetle GRC

VW Polo WRC

**RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production

of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 209:**

Admit that Defendant GL USA markets in-game advertising in the Asphalt games to advertisers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft

USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 210:**

Admit that Defendant GL USA sold advertising space to advertisers for ads to appear in the Asphalt games.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 210</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 211:**

Admit that the following company targeted players associated with California by residence, presence or IP address: AirBerlin or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 211:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 212:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Alienware or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 213:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Centennial College or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 214:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Chiquita or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that

it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 215:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Lego or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks

information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 216:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Kellogg or the legal entity that owns this brand.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 216</u>:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 217:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Simple Mobile or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including,

without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 218:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Hasbro or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 218:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 219:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Infiniti or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not

agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

**REQUEST FOR ADMISSION NO. 220:**

Admit that the following company targeted players associated with California by residence, presence or IP address: Warner Bros. or the legal entity that owns this brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

Gameloft USA incorporates into its response the General Objections identified above as if fully set forth herein. Gameloft USA objects that this Request is vague and ambiguous. Gameloft USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.

USA objects to this Request on the grounds that it is overbroad as to time and scope and seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case. Gameloft USA further objects to this Request to the extent that it is premised on or assumes facts not in evidence, and therefore lacks foundation. Gameloft USA objects to this Request to the extent that it calls for information—including confidential or trade secret information—belonging to one or more third parties. Gameloft USA objects to this Request to the extent that it seeks the production of confidential or trade secret information belonging to Gameloft USA; Gameloft USA will not agree to the discovery of any such information, if at all, until after a suitable stipulated protective order has been entered by the Court in this matter.

Gameloft USA objects to this Request on the grounds that it seeks information that is not related to its actions directed to the sale of mobile car games in California as a market, as seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome. Gameloft USA objects to this Request to the extent it seeks information before 2014 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Gameloft USA objects to this Request to the extent that it seeks disclosure of privileged, confidential, proprietary and/or trade secret information, including, without limitation, attorney-client and attorney work product privilege and protection. Gameloft USA objects to this Request to the extent it seeks information, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

In light of the foregoing Prefatory Statement, Reservation of Rights, General Objections, and specific objections set forth herein, Gameloft USA will not at this time admit or deny this Request.