UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA, <br> Plaintiff, <br> v. <br> GAMELOFT, INC., et al., <br> Defendants. | Case No. 17-cv-04165-MMC (RMI) <br><br> **ORDER** <br> Re: Dkt. No. 220 |

Currently pending before the court is a jointly filed letter brief (dkt. 220) setting forth a discovery dispute between Plaintiff Glass Egg Digital Media and Defendant Gameloft, Inc. ("GLI"), regarding a number of discovery requests propounded by Plaintiff. In turn, Plaintiff requests an order compelling GLI's responses and production of responsive documents within 14 days, as well as sanctions; and, GLI seeks a protective order due to the sheer volume of Plaintiff's discovery requests which it contends are "primarily designed to annoy, oppress, and cause undue burden and expense on GLI." *Id*. at 2, 4-7. As an attachment to the jointly filed letter brief, Plaintiff and GLI have included a 742-page attachment containing some 328 requests for admission ("RFA") and 256 requests for production ("RFP") that were served in early 2018. *See id*. at 2; *see also* Exh. (220-1) at 1-742.

Plaintiff submits that GLI should be compelled to respond because: more than 18 months have passed since these requests were first propounded; the material factual allegations have not changed despite dismissals of causes of action and amendments to the operative complaint; and Plaintiff and GLI have now conducted a Rule 26(f) conference and jointly filed the Rule 26(f) report, triggering discovery. *Letter Br*. (dkt. 220) at 4, 5 n.12. Plaintiff also submits that "GLI has

made no effort to bear its burden of persuasion to demonstrate how Plaintiff's discovery is not relevant on the [r]emaining [c]laims." *Id*. at 5. Speaking in broad terms, Plaintiff contends that each of its 328 requests for admission and its 256 requests for production are either relevant to the identity of the operator, owner, or publisher of GLI's website, or to sales and revenue received from digital assets which pertain to damages, or to GLI's defenses, or to the unfair competition claim, or to prove liability, industry standards, willfulness, or pattern and practice. *Id*. at 5-6. In short, Plaintiff submits that "[e]ach of the discovery requests are seeking to streamline discovery and eliminate unnecessary issues." *Id*. at 5. Accordingly, Plaintiff seeks an order compelling GLI's responses to 328 RFAs and 256 RFPs as well as certain unspecified sanctions. *Id*. at 4.

GLI submits that the discovery requests are unduly burdensome and not proportional to the needs of the case, based in part on their sheer volume, as well as arguing that the requests are overbroad and irrelevant to the claims or defenses still involved in the case. *Id*. at 2. GLI contends that "[d]espite the dismissal of causes of action . . . Glass Egg has steadfastly refused to withdraw, narrow, or otherwise limit a single request propounded on GLI . . ." *Id*. While also speaking in broad terms, GLI does point to a number of examples, such as RFA No. 316 ("Admit that players download some digital assets more than other digital assets") and RFA No. 318 ("Admit that certain digital car models generate more revenue than other digital car models"), in support of its argument that a substantial fraction of the RFAs serve no legitimate purpose. *Id*. at 3. GLI also notes that nearly 100 RFAs (Nos. 110-204), as well as over 100 RPFs, are subject to wholesale objection due to "being California-specific requests impermissibly geared toward jurisdictional discovery," which is not a relevant issue as to GLI. *Id*. Further, GLI argues that another 73 RFPs seek information pertaining to GLI's general corporate activities or its contractual and revenue relationships with "a wide range of third-party companies or brands that have no apparent relation to the *Asphalt* games or digital cars therein" that are the subject of this litigation. *Id*. at 4. Consequently, GLI requests an order forbidding the discovery requests in question; ordering Plaintiff to propound a reasonable number of requests, limited to 40 RFP and 25 RFA, that would be specifically relevant to claims against GLI in the operative complaint; providing GLI with 30 days to respond to the newly propounded requests; prohibiting Plaintiff from serving additional

2

requests without leave of court; and sanctioning Plaintiff for persisting in its demand of discovery requests that "are overbroad, unduly burdensome, and irrelevant on their face, all of which forced GLI to file this motion." *Id.*

Regarding discovery in general, and motions to compel in particular, Northern District Local Civil Rule 37-2 makes it incumbent on a party moving to compel discovery to "detail the basis for the party's contention that it is entitled to the requested discovery and show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." *See also* Fed. R. Civ. P. 26(b)(2) (providing that when determining the appropriateness of discovery requests, courts are to consider whether the discovery is duplicative or overly burdensome and whether the burden and expense of discovery outweighs the benefit). If a party contends that discovery requests are improper, the party can file a motion for a protective order pursuant to Rule 26(c). In ruling on a motion for protective order, a court may issue an order to protect a person from undue burden in various ways, including by forbidding the disclosure or discovery, prescribing a discovery method other than the one selected by the party seeking discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. *See* Fed. R. Civ. P. 26(c). Under Rule 26(c), district courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Vietnam Veterans of Am. v. CIA*, No. 09-cv-0037 CW (JSC), 2011 WL 4635139, at *2 (N.D. Cal. Oct. 5, 2011). While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 280-81 (N.D. Cal. 2015); *La. Pac. Corp. v. Money Mkt. 1 Inst'l Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012); *see also Oakes v. Halvorsen Mar. Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

As to requests for admissions, a party to litigation may serve on any other party a written request to admit the truth of any non-privileged matter that is relevant to any party's claim or defense relating to facts, the application of law to fact or opinions about either, or relating to the

3

genuineness of any described documents. Fed. R. Civ. P. 36(a)(1); *see also* Fed. R. Civ. P. 26(b)(1). That said, a "court may, for good cause, issue an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id*. Once again, in fashioning such an order, the court may forbid or limit the disclosure or discovery. *See* Fed. R. Civ. P. 26(c)(1)(A)-(H).

The Court of Appeals for the Ninth Circuit has recognized that requests for admissions "are sought, first, to facilitate proof with respect to issues that cannot be determined from the case, and second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). In this respect, Rule 36(a) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id*. The goal, when propounding requests for admissions, is to "eliminate from the trial matters as to which there is no genuine dispute." *Scott v. Keller*, No. 07-CV-00184-KJD-PA, 2010 WL 1267772 at *1 (E.D. Cal. Mar. 31, 2010) (quoting *People of the State of California v. The Jules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955)). Thus, "requests for admissions are not principally discovery devices . . . [and are] not to be used in an effort to harass the other side[,] or in the hope that a party's adversary will simply concede essential elements." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998); *see also Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) ("[W]hen a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party . . . however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.").

Here, a cursory review of Plaintiff's more than 300 requests for admission indicates that many of the requests are inappropriate for the specific reasons that GLI has raised. For example, Plaintiff requests GLI to admit or deny that players download some digital assets more than other

4

1  digital assets, or to admit or deny that some digital car models generate more revenue than other
2  digital car models. Further, nearly 100 RFAs, and over 100 RFPs, appear to be related only to
3  establishing jurisdiction, which is not an issue that exists between Plaintiff and GLI. Likewise, a
4  substantial number of the discovery requests appear to seek general information about GLI's
5  corporate activities and its contractual and revenue relationships with third parties and appear to
6  have no relation to the digital cars in the *Asphalt* games that are the subject of this litigation. It
7  should also be noted that due to the sheer volume of the discovery requests at issue, and Plaintiff's
8  generalized arguments about their propriety, the court finds that Plaintiff has not carried its burden
9  of establishing that its requests satisfy relevancy and proportionality requirements.

10  In the interest of judicial economy, this court declines Plaintiff's implicit invitation to
11  ferret through a 742-page attachment to a motion to compel in order to determine the propriety of
12  each of Plaintiff's nearly 600 discovery requests. Instead, the court finds that the sheer volume of
13  the requests for admission is in fact unduly burdensome and oppressive. This is a relatively
14  straightforward case that has been unnecessarily complicated at every turn; Plaintiff asserts only
15  five closely-related causes of action based on Defendant's alleged copyright infringement,
16  conversion, and unfair competition. *See Fourth Amended Compl.* (dkt. 144). This is not the type of
17  complex action that might warrant discovery of the type propounded by Plaintiff. *See e.g., Wigler
18  v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 205 (D. Md. 1985) (1,664 requests for admissions
19  served by former employer on former employee who brought employment discrimination action
20  were oppressive, considering that the case was not complex, involving a single plaintiff and
21  posing issues which were customary in employment discrimination actions); *see also Stokes v.
22  Interline Brands Inc.*, No. C-12-05527 JSW (DMR), 2013 WL 6056886, at *2 (N.D. Cal. Nov. 14,
23  2013).

24  Accordingly, for the reasons stated above, Plaintiff's motion to compel discovery is
25  **DENIED**. Plaintiff's motion for the imposition of sanctions is **DENIED**. Defendant GLI's motion
26  for a protective order is **GRANTED IN PART, DENIED IN PART**. There court herewith finds
27  that, at best, an overwhelming majority of the nearly 600 discovery requests propounded at the
28  outset of this case represent an indiscriminate and haphazard approach to the discovery process.

Thus, GLI is absolved of any obligation by way of response to those requests. Plaintiff is hereby **ORDERED** to limit discovery requests to a reasonable number, not to exceed 50 requests for admission (not including requests for admission that seek the authentication of documents or other evidence) and 80 requests for production. GLI shall have 30 days to respond to the newly propounded requests. It is **FURTHER ORDERED** that Plaintiff shall not exceed these limitations on discovery requests without prior leave of court.

Lastly, GLI has moved for an award of expenses under Fed. R. Civ. P. 26(c)(3) and 37(a)(5) for having to write its portion of the joint letter brief that is the subject of this order. *See Letter Br.* (dkt. 220) at 4. As GLI explains, payment of its expenses is justified under the circumstances because of Plaintiff's "continued refusal to withdraw or narrow the [discovery] requests," despite amendments to the operative complaint, GLI's prior protestations about undue burden and irrelevance, as well as "the fact that the [d]iscovery [r]equests are overbroad, unduly burdensome, and irrelevant on their face, all of which forced GLI to file this motion." *Id.*

Rule 37(a)(5)(B) provides that when a motion to compel discovery is denied, the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party who opposed the motion any reasonable expenses incurred in opposing the motion, including attorney's fees. However, sanctions may not issue if the motion to compel was substantially justified, or if other circumstances make an award of expenses unjust. *See e.g., Angel v. N. Coast Couriers*, No. C -11-01028 JSW (EDL), 2012 WL 380285, at *1 (N.D. Cal. Feb. 6, 2012); *see a1so Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 409694, at *7 (D. Nev. Feb. 2, 2016). Discovery conduct "is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006).

Without deciding whether Plaintiff's motion to compel was "substantially justified," the court notes that other circumstances would make the award of expenses unwarranted at this juncture. First, it should not go without mention that even a brief review of the docket reveals that neither Plaintiff nor GLI are entirely blameless when it comes to the many difficulties that have thus far arisen in the process of working with one another through discovery issues. More

importantly, as to GLI's current motion for sanctions, under Local Civil Rule 37-4, such a motion must be accompanied by competent declarations setting forth the facts and circumstances that support the motion. Additionally, GLI was required to describe in detail the efforts made to secure compliance without intervention by the court. Further, whenever attorney fees or other costs or expenses are requested, movants are required to itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and to set forth an appropriate justification for any attorney-fee hourly rate claimed. Not having substantially complied with any of these requirements, GLI's motion for sanctions is **DENIED**.

Additionally, the court feels compelled to remind the Parties that they should file discovery motions "only in extraordinary situations that implicate *truly significant interests*." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)) (emphasis added). This does not appear to be such a dispute, and, the court will also remind the Parties that overzealous filing of discovery motions can come at a cost. Going forward, the granting or denial of any motion to compel may also be attended, after an opportunity to be heard, with an award sanctions.

**IT IS SO ORDERED.**

Dated: November 5, 2019

ROBERT M. ILLMAN
United States Magistrate Judge