UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GLASS EGG DIGITAL MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>GAMELOFT, INC., et al.,<br><br>Defendants. | Case No. 17-cv-04165-MMC (RMI)<br><br>**ORDER**<br>Re: Dkt. No. 212 |

Currently pending before the court is Defendant Gameloft SE's ("GLSE") Motion for Sanctions (dkt. 212). Plaintiff has responded (dkt. 216) and GLSE has replied (dkt. 219). Pursuant to Local Civil Rule 7-1(b), the court finds that this matter is suitable for disposition without oral argument; accordingly, the hearing set for November 15, 2019, is **VACATED**.

GLSE seeks an order "[d]irecting Plaintiff to pay GLSE's reasonable expenses in the amount of $69,839.62 to oppose Plaintiff's motion to compel discovery responses from GLSE; and [i]mposing sanctions against Plaintiff or Plaintiff's counsel for GLSE's attorney's fees in the amount of $127,033.75 to defend against Plaintiff's third party [s]ubpoenas; and [d]irecting Plaintiff to pay GLSE's attorney's fees incurred to bring this Motion" in the amount of $19,216.25. *Def.'s Mot.* (dkt. 212 at 2, 11). Filed contemporaneously with GLSE's motion is a single-page Declaration which merely sets forth that three lump sums were expended in attorney's fees in connection with the motion practice described above. *See Def.'s Decl.* (dkt. 212-1) at 2. Thereafter, GLSE filed a second Declaration along with its Reply Brief (dkt. 219), and while it contains more substance than the first, the second Declaration likewise only presents the same lump sum amounts while also failing to state the hourly rate claimed or providing any substantial

justification or itemization for the claimed lump sum amounts. *See Def.'s Second Decl.* (dkt. 219-1) at 2-4.

Local Civil Rule 37-4(b)(3), which governs motions for sanctions in this court, requires the accompanying declaration to "itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed." Furthermore, it should be noted that when a sanction is appropriate, the amount awarded must be reasonable. *See Matter of Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986). "This is particularly so where, as here, the amount of the sanction is based upon the attorney's fees claimed by the other party." *Id*. Issuing a lump-sum sanctions award based on different sources of authority, as is the case here, and covering a host of alleged misconduct over a period of time is discouraged. *See id*. Instead, a sanctions award must be "quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." *Id*.

"When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees." *Id*. at 1184-85. This court, therefore, is tasked with "make[ing] some evaluation of the fee breakdown submitted by counsel" to determine not the actual fees and expenses incurred, but what amount of fees and expenses are reasonable under the circumstances. *Id*. at 1185. Additionally, the court will also consider the would-be sanctioned party's ability to pay in determining the reasonableness of any sum that is to be awarded. *Id*. However, "the sanctioned party has the burden to produce evidence of inability to pay." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). Failure to present such evidence or raise the issue waives any argument regarding inability to pay. *See Fed. Election Comm'n. v. Toledano*, 317 F.3d 939, 949 (9th Cir. 2002). Because GLSE's Motion fails to set forth a particularized itemization of the allegedly unnecessary expenses it has incurred, or a statement of the hourly rate(s) claimed, or an appropriate justification for such rate(s), the Motion is both non-compliant with Local Rule 37-4(b)(3), and the Motion is such that this court is unable to determine whether the lump sums claimed are reasonable under the circumstances.

Accordingly, GLSE's Motion for Sanctions (dkt. 212) is **DENIED** without prejudice to refiling. If GLSE elects to refile its motion, it must be accompanied with a compliant declaration that sets forth any hourly rates for attorneys and support staff, as well as an appropriate justification for those rates, and most importantly, the declaration must contain a particularized itemization of hours spent on each and every task which GLSE identifies and contends was unnecessary but for Plaintiff's allegedly unwarranted conduct.

**IT IS SO ORDERED.**

Dated: November 13, 2019

ROBERT M. ILLMAN
United States Magistrate Judge